UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KANWARPREET THIND, on behalf of himself
and all others similarly-situated,

                          Plaintiff,

           -against-

HF MANAGEMENT SERVICES, LLC, d/b/a
HEALTHFIRST,

                        Defendant.
------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**Docket No.:** 14-cv-9539

<u>Jury Trial Demanded</u>

      KANWARPREET THIND ("Plaintiff"), on behalf of himself and all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Amended Complaint against HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST, ("Defendant" or "Healthfirst"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

    1.    This is a civil action for damages and equitable relief based upon willful violations that the Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL, N.Y. Lab. Law § 652(1); 12 NYCCRR § 142-2.1; (v) the requirement that employers pay wages to employees in

accordance with the agreed terms of employment pursuant to NYLL §§ 190, 191, and 663(1); (vi) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL, N.Y. Lab. Law § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for the Defendant from August 24, 2009 through January 24, 2012 as a "Facilitated Enroller."  Then, from January 25, 2012 through August 21, 2014, Plaintiff worked for the Defendant in the position of "Manager for Sales," which was a managerial position in name only.  Throughout his employment with Defendant, in either position, the Defendant required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours per week.  However, as described below, for his work as a non-exempt "Facilitated Enroller," Defendant failed to pay Plaintiff for the overwhelming majority of his hours worked in excess of forty at any rate of pay.  Then, for his work in the position of Manager of Sales, the Defendant misclassified Plaintiff as an exempt employee, and as a result, failed to pay Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of one and one-half times his standard rate of pay, his agreed upon straight time rate of pay, or even the minimum wage rate, for all hours that Plaintiff worked per week in excess of forty.

3.      The Defendant also failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires.

4.      Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

5.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor's regulations.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

8.      At all relevant times herein, Plaintiff is a resident of Valley Stream, New York, and is an "employee" entitled to protection as defined by the FLSA and NYLL.

9.      At all relevant times herein, Defendant HF MANAGEMENT SERVICES, LLC d/b/a HEALTHFIRST was and is a limited liability company organized under the laws of the State of New York, with a principal place of business located at 100 Church Street, New York, New York.

10.     At all relevant times herein, Defendant, is an "employer" within the meaning of the FLSA and NYLL.  Additionally, Defendant's qualifying annual business exceeds $500,000, and Defendant is engaged in interstate commerce within the meaning of the FLSA as it operates a health plan organization sponsored by nationally recognized hospitals and medical centers, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendant's employees, including Plaintiff and FLSA Plaintiffs, are engaged

in interstate commerce, as they all frequently make phone calls between different states, service patients from states outside of New York, and work with supplies that originated in states other than New York. This independently subjects Defendant to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

11.     Plaintiff brings this suit to recover from Defendant unpaid minimum wages, overtime compensation, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as those in the following collective actions:

<u>Collective Action A</u>

Current and former employees of Defendant who, during the applicable FLSA limitations period, perform or performed any work for Defendant under the title of "Manager for Sales," or something similar, who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them for each hour worked ("FLSA Plaintiffs").

<u>Collective Action B</u>

Current and former employees of Defendant who, during the applicable FLSA limitations period, perform or performed any work for Defendant under the title "Facilitated Enroller," or something similar, who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them for each hour worked ("FLSA Plaintiffs").

12.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid the minimum wage for all hours worked; were required to work in excess of forty hours each workweek; and were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

13.     At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, and at the minimum wage rate for all hours worked, yet it purposefully and willfully chose not to do so.

14.     Thus, all FLSA Plaintiffs are victims of the Defendant's pervasive practice of willfully refusing to pay their employees overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked per workweek above forty, or at the minimum wage rate for each hour worked.

## RULE 23 CLASS ALLEGATIONS

15.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, Defendant's subjected to violations of the NYLL and NYCCRR.

16.     Under FRCP 23(b)(3), a plaintiff must plead that:

a.      The class is so numerous that joinder is impracticable;

b.      There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.      Claims or defenses of the representative are typical of the class;

d.      The representative will fairly and adequately protect the class; and

e.      A class action is superior to other methods of adjudication.

17.      The Rule 23 Classes that Plaintiff seeks to identify includes two classes, which are collectively referred to as the "Rule 23 Plaintiffs," and are defined as follows:

<u>Class A</u>

Current and former employees of Defendant who perform or performed any work for Defendant under the title "Manager for Sales," or something similar, during the statutory period within the State of New York who: (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation at the rate of one and one-half times their regular rates of pay for each hour worked in excess of forty per week; (3) were not paid at their respective straight-time rates of pay for each hour worked; and/or (4) were not issued accurate or complete paystubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3)("Rule 23 Plaintiffs").

<u>Class B</u>

Current and former employees of Defendant who perform or performed any work for Defendant under the title "Facilitated Enroller," or something similar, during the statutory period within the State of New York who: (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation at the rate of one and one-half times their regular rates of pay for each hour worked in excess of forty per week; (3) were not paid at their respective straight-time rates of pay for each hour worked; and/or (4) were not issued accurate or complete paystubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

<u>Numerosity</u>

18.     During the previous six years, Defendant has, in total, employed at least forty putative members of each class.

<u>Common Questions of Law and/or Fact</u>

19.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 classes, including but not limited to the following: the duties that Defendant required and requires each Rule 23 Plaintiff to perform; whether Defendant denied Rule 23 Plaintiffs compensable time for all hours worked; the manner of compensating each Rule 23 Plaintiff; whether Defendant required and requires each Rule 23 Plaintiff to work in excess of forty hours per week; whether Defendant compensated and compensates the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay, or even their straight-time rates or the minimum wage rate, for all hours worked per week in excess of forty; whether Defendant furnished and furnishes accurate wage statements to the Rule 23 Plaintiffs on each payday containing the information required by N.Y. Lab. Law § 195(3); whether Defendant kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether Defendant kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs; whether Defendant maintains any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendant's violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

20.     As described in the "Background Facts" section below, during the six-year period pre-dating the commencement of this action, Defendant employed Plaintiff both as a "Facilitated Enroller" and a "Manager for Sales." Plaintiff's duties, hours, pay rate, and pay structure were substantially similar to those of the Rule 23 Plaintiffs. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant, in excess of forty hours per week, as "Managers for Sales" and/or "Facilitated Enrollers," whom Defendant did not pay overtime compensation at the rate of time and one-half their regular rates of pay for all hours worked in excess of forty each workweek, or at the minimum wage or their straight time rates for all hours worked. The Defendant also did not furnish the Rule 23 Plaintiffs with accurate or complete wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid the minimum wage and their straight-time rates for all hours worked, time and one-half their straight-time rates of pay for all hours worked per week in excess of forty, and to be furnished with accurate and/or complete wage statements on each payday as the NYLL also requires. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defenses to those claims.

## Adequacy

21.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendant.  Defendant did not compensate Plaintiff at the required overtime rate for all hours worked in excess of forty each week, or at the minimum wage or straight-time rates for all hours worked, and did not provide Plaintiff with accurate and/or complete wage statements on each payday, which is substantially similar to how Defendant treated the Rule 23 Plaintiffs.  Plaintiff is no longer employed with the Defendant and thus has no fear or retribution for his testimony.  Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in the Defendant's Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

## Superiority

22.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

23.     Any lawsuit brought by a "Facilitated Enroller" or a "Manager for Sales" of the Defendant would be identical to a suit brought by any other employee working in one of those positions for the same violations.  Thus, separate litigation would risk inconsistent results.

24.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

25.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

26.     In March 2007, a Healthfirst employee named Gertrude Willix commenced a class and collective action in the United States District Court for the Eastern District of New York, *Willix v. Healthfirst, et al.*, Docket Number 07-cv-01143 (RER), against the Defendant named in this action, seeking unpaid overtime compensation. The plaintiffs in that case alleged that Healthfirst violated the FLSA and the NYLL by improperly classifying "Marketing Representatives" as exempt from overtime pay.

27.     As described in the pleadings of that lawsuit, the duties of "Marketing Representatives" are nearly identical to those of the "Facilitated Enrollers" identified in this Complaint.

28.     The class period in *Willix* spanned from March 16, 2004 until October 31, 2007, and 593 marketing representatives of Healthfirst were part of that class.

29.     In November 2010, Defendant agreed to pay nearly $7.7 million to settle that class action.

30.     After settling that action, rather than changing its unlawful payment practices, Defendant instead continues to grossly violate the law with respect to at least its Facilitated Enrollers and Managers for Sales. Those violations continue to date.

31.     In the instant case, Plaintiff's employment at Healthfirst spanned from August 24, 2009 until August 21, 2014.

32.     Plaintiff was first employed with Defendant as a "Facilitated Enroller" from August 24, 2009 until January 25, 2012. In that position, his duties included setting up tables

and displays in public facilities, which were often hospital lobbies, and providing information regarding the Healthfirst plan to inquiring members of the public.

33.     In this position, the Defendant required Plaintiff to work, and Plaintiff did in fact work, from 8:30 a.m. through 6:30 p.m., Monday through Friday of each and every week, without being permitted to take scheduled or uninterrupted breaks. Additionally, the Defendant required Plaintiff to work for four hours on Saturdays and also on Sundays each and every week, in addition to the ten hours that Plaintiff worked each and every weekday. Thus, throughout his employment, the Defendant required Plaintiff to work, and Plaintiff did in fact work, fifty-eight hours each week.

34.     In addition to those fifty-eight hours per week that the Defendant required Plaintiff to work, the Defendant also often required Plaintiff to work until as late as eleven in the evening on weeknights because he was traveling to applicants' homes after his regular work day. Additionally, on some weekends, the Defendant required Plaintiff to work in excess of his four hour shift.

35.     For his work, Defendant did not pay Plaintiff any wages for the hours that Plaintiff worked each week in excess of forty, telling Plaintiff that there was no budget for him to work overtime, yet simultaneously accepting the benefit of all of his hours worked.

36.     Instead, the Defendant required Plaintiff to punch out after eight hours of work on the weekdays, but then demanded that he continue working without receiving any compensation for the additional hours. On the weekends, Defendant required Plaintiff to work without punching in at all, meaning that the Plaintiff did not receive any compensation for those hours worked. Thus, for all hours worked in excess of forty during Plaintiff's time working as a Facilitated Enroller, with the "exception" of what is detailed in the next paragraph, the Defendant

failed to pay Plaintiff at the minimum wage rate, his straight-time rate, and certainly not at his overtime rate of time and one-half his straight-time rate of pay.

37.    Near the end of Plaintiff's tenure as a Facilitated Enroller, for a period of several months, the Defendants paid Plaintiff one weekend day of overtime compensation during those weeks when he was able meet certain performance expectations with respect to the number of applicants that he was able to enrole.  Defendant told Plaintiff that this was a "bonus" and was not overtime pay.

38.    Beginning on January 25, 2012 and continuing through the end of his employment, Defendant labeled Plaintiff as a "Manager for Sales."

39.    In this position, Plaintiff's duties included compiling weekly reports, reviewing applications from medical providers, and operating multiple events in the community to generate more business for Healthfirst.

40.    "Managers for Sales," such as Plaintiff, are and were divided into teams, and a vice president is assigned to each team to supervise the "managers'" work.

41.    To perform their job duties, Plaintiff and other "managers" do not exercise any independent authority, as they are and were required to report to their respective vice presidents, nor did these "managers" direct the work of any other employees.

42.    Instead, Plaintiff and the other "managers" were only permitted to readjust work assignments in accordance with their vice president's guidelines.

43.    Throughout Plaintiff's entire period of employment as a "Manager for Sales," the Defendant required Plaintiff to work, and Plaintiff did in fact work, between seventy and eighty hours per week, seven days a week, all for Defendant's benefit.

44.     For example, during the last full week prior to Plaintiff's termination, Plaintiff worked the following hours:

>Monday, August 11, 2014 - 8:30 a.m. through 7:00 p.m.

>Tuesday, August 12, 2014 - 8:30 a.m. through 7:00 p.m.

>Wednesday, August 13, 2014 - 8:30 a.m. through 7:30 p.m.

>Thursday, August 14, 2014 - 8:30 a.m. through 8:00 p.m.

>Friday, August 15, 2014-  8:30 a.m. through 7:00 p. m.

>Saturday, August 16, 2014 - 7:30 a.m. through 5:00 p.m.

>Sunday, August 17, 2014 - 8:30 a.m. through 2:30 p.m.

Thus, Plaintiff worked seventy and one-half hours during the week of August 11, 2014.

45.     Throughout Plaintiff's work as a "Manager for Sales," the Defendant intentionally misclassified Plaintiff as an exempt employee, and paid him a flat salary, which only covered Plaintiff's first forty hours worked per week.  Thus, during his time working for Defendant as a "Manager of Sales," the Defendant did not pay Plaintiff at any rate of pay for any hours the he worked each week in excess of forty.

46.     Regardless of the position he held, Defendant paid Plaintiff on a biweekly basis.

47.     From August 24, 2009 until January 25, 2012, as a Facilitated Enroller, the Defendant compensated Plaintiff with a rate of pay that was equivalent to a biweekly salary of $1,615.38, which only covered Plaintiff's first forty hours worked per week.  Thus, during this period, the Defendant paid Plaintiff at a rate that amounts to $20.19 per hour, making his overtime rate of compensation $30.29 per hour.

48.     From January 25, 2012 to in or around September 2013, as a Manager of Sales, the Defendant paid Plaintiff an annual salary of $65,000, which computes to a weekly salary of

$1,250.00 and only covered Plaintiff's first forty hours worked per week. Thus, during this period, the Defendant paid Plaintiff at a rate that amounts to $31.25 per hour, making his overtime rate of compensation $46.88 per hour.

49.     From in or around September 2013 until April 2014, while still working as a Manager of Sales, the Defendant paid Plaintiff at what would be an annual salary of $72,000, which computes to a weekly salary of $1,384.62, and only covered Plaintiff's first forty hours worked per week. Thus, during this period, the Defendant paid Plaintiff at a rate that amounts to $34.62 per hour, making his overtime rate of compensation $51.92 per hour.

50.     Then, still working in the same position, during the month of April 2014, the Defendant paid Plaintiff at what would be an annual salary of $75,000, which computes to a weekly salary of $1,442.31, and only covered Plaintiff's first forty hours worked per week. Thus, during this period, the Defendant paid Plaintiff at a rate that amounts to $36.06 per hour, making his overtime rate of compensation $54.09 per hour.

51.     Finally, from May 2014 through the end of his employment while still working in the same position, the Defendant paid Plaintiff at what would be an annual salary of $84,000, which computes to a weekly salary of $1,615.38, and only covered Plaintiff's first forty hours worked per week. Thus, during this period, the Defendant paid Plaintiff at a rate that amounts to $40.38 per hour, making his overtime rate of compensation $60.58 per hour.

52.     Defendant acted in this reckless manner in an effort to maximize its profits and minimize labor costs.

53.     On each biweekly occasion when the Defendant paid Plaintiff, the Defendant did not furnish him with a wage statement that accurately reflected Plaintiff's total hours worked per

week or pay period, his rate of pay, his overtime rate of pay, and the basis for computing his rate of pay.

54.     The Defendant treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described in this section of this Complaint.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the FLSA*

55.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

57.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

58.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours each week, yet Defendant failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

59.     The Defendant's actions were in willful violation of the FLSA.

60.     Plaintiff and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs for the Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Minimum Wage Violations of the FLSA*

62.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

64.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

65.     As also described above, Defendant did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate for each hour worked.

66.     The Defendant's actions were in willful violation of the FLSA.

67.     Plaintiff and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour they worked for Defendant pursuant to the FLSA's minimum wage provisions.

68.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs for the Defendant's violations of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the NYLL and NYCCRR*

69.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.     NYLL § 160 and the executing provisions of 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

71.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

72.     As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours each week, yet Defendant failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

73.     The Defendant's actions were in willful violation of the NYLL and NYCCRR.

74.     Plaintiff and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at one and one-half times their regular rates of pay.

75.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendant's violation of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Minimum Wage Violations of the NYLL and NYCCRR*

76.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.     NYLL § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

78.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

79.     As also described above, Defendant did not compensate Plaintiff and Rule 23 Plaintiffs at the minimum hourly rate for each hour worked.

80.     The Defendant's actions were in willful violation of the NYLL and NYCCRR.

81.     Plaintiff and Rule 23 Plaintiffs are entitled to payment at the minimum wage for every hour they worked for Defendant pursuant to the NYLL's and NYCCRR's minimum wage provisions.

82.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendant's violation of the NYLL's and NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay Wages in Violation of the NYLL*

83.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84.     NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

85.     Defendant failed to compensate Plaintiff and Rule 23 Plaintiffs at their regular rate of pay for each hour that they worked in accordance with their terms of employment.

86.     Defendant's actions were in willful violation of the NYLL.

87.     Plaintiff and Rule 23 Plaintiffs are entitled to recover, at their regular rate of pay, for all hours that they worked for Defendant but for which Defendant did not compensate them.

88.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendant's failure to pay wages in accordance with the agreed terms of employment.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

89.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

91.     As described above, Defendant willfully failed to furnish Plaintiff and Rule 23 Plaintiffs on each payday with accurate wage statements containing the criteria required under the NYLL.

92.     Pursuant to N.Y. Lab. Law § 198(1-d), Defendant is liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

93.     For their failures, besides the statutory penalties, Defendant is also liable to Plaintiff and Rule 23 Plaintiffs for liquidated damages, attorneys' fees, and costs.

## DEMAND FOR A JURY TRIAL

94.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

A.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

B.     Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.     An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

D.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

E.     Certification of the claims brought in this case under the NYLL as a class action pursuant to Federal Rule of Civil Procedure 23;

F.     Designation of Plaintiff Thind as representative of the Class, and counsel of record as Class Counsel;

G.     All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendant's unlawful payment practices;

H.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

I.     Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiff Thind;

J.     Pre-judgment and post-judgment interest, as provided by law; and

K.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated: Great Neck, New York
       February 20, 2015

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel.:    (516) 248 – 5550
Fax.:   (516) 248 – 6027

By:

KELLY A. MAGNUSON (KC 0234)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)