**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KANWARPREET THIND, on behalf of himself and all other similarly situated, <br><br>            Plaintiff, <br><br>     v. <br><br> HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST, <br><br>            Defendant. | Civil Docket No. 14-cv-09539-LGS <br><br> ECF Case <br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

**LEVINE LEE LLP**
Seth L. Levine
Scott B. Klugman
Aaron I. Karp
666 Fifth Avenue
New York, New York 10103
Telephone:  (212) 223-4400

*Attorneys for Defendant*
*HF Management Services, LLC*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 3

    A.   Healthfirst................................................................................................................. 3

    B.   Plaintiff's FLSA Claims............................................................................................ 3

    C.   Plaintiff's NYLL Claims........................................................................................... 4

    D.   The Amended Complaint's Allegations Concerning Plaintiff's Employment and Salary 4

LEGAL STANDARD.............................................................................................................. 6

ARGUMENT .......................................................................................................................... 6

   I.    PLAINTIFF'S FACILITATED ENROLLER COLLECTIVE ACTION CLAIMS
        SHOULD BE DISMISSED ................................................................................... 6

    A.   The Statute of Limitations Bars Plaintiff's Collective Action B Claims Because He Did
        Not File the Amended Complaint within the Statutory Period....................................... 7

        1.   Plaintiff Did Not Allege an Individual FLSA Claim Based on His Work as a
             Facilitated Enroller in the Original Complaint .............................................................. 8

        2.   Plaintiff Did Not Work as a Facilitated Enroller During the Three-year Period that
             Preceded the Filing of the Amended Complaint............................................................ 10

        3.   The Collective Action B FLSA Claims Do Not Relate Back to the Filing of the
             Original Complaint .................................................................................................... 11

    B.   The Statute of Limitations Bars Plaintiff's Collective Action B Claims Because He Did
        Not File a Timely Written Consent................................................................................ 13

  II.    PLAINTIFF'S SECOND AND FOURTH CLAIMS ALLEGING FLSA AND NYLL
        MINIMUM WAGE VIOLATIONS SHOULD BE DISMISSED.................................. 16

    A.   The FLSA Standard.................................................................................................. 16

    B.   The NYLL Standard.................................................................................................. 17

    C.   The Amended Complaint Does Not Allege that Plaintiff Was Paid Below the Federal or
        State Statutory Minimum............................................................................................ 17

  III.   PLAINTIFF'S FIFTH CLAIM ALLEGING A NYLL VIOLATION FOR THE
        FAILURE TO PAY WAGES IN ACCORDANCE WITH THE AGREED TERMS OF
        EMPLOYMENT SHOULD BE DISMISSED ................................................................ 18

    A.   NYLL §§ 190 and 663(1) Do Not Create Any Substantive Obligations ...................... 19

    B.   The Amended Complaint Fails to State a Violation of NYLL § 191 Because It Does
        Not Allege a Claim Based on the Frequency of Payments............................................ 19

C.   The Amended Complaint Fails to State a Claim under all Three Provisions Because It Does Not Allege that Healthfirst Breached its Employment Agreement with Plaintiff 20

CONCLUSION...................................................................................................................... 21

# TABLE OF AUTHORITIES

## Cases

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997) ...................... 11

*Albritton v. Cagles, Inc.*, 508 F.3d 1012 (11th Cir. 2007) ............................................................ 15

*American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974)..................................................... 12

*Arneil v. Ramsey*, 550 F.2d 774 (2d Cir. 1977) ............................................................................ 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................... 6

*Beach v. Citigroup Alternative Invs. LLC*, No. 12-CV-7717 (PKC), 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014) ................................................................................................................. 11, 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................... 6

*Bensinger v. Denbury Res. Inc.*, No. 10-CV-1917, 2013 WL 3353975 (E.D.N.Y. July 3, 2013) 12

*Berman v. Sugo, LLC*, 580 F. Supp. 2d 191 (S.D.N.Y. 2008) ...................................................... 20

*Deutsche Asset Mgmt., Inc. v. Callaghan*, No. 01-CV-4426 CBM, 2004 WL 758303 (S.D.N.Y. Apr. 7, 2004) ...................................................................................................................... 19

*Dumont v. Litton Loan Servicing, LP*, No. 12-CV-2677-ER-LMS, 2014 WL 815244 (S.D.N.Y. Mar. 3, 2014) ....................................................................................................................... 12

*Espinosa v. The Delgado Travel Agency, Inc.*, No. 05-CV-6917 (SAS), 2006 WL 2792689 (S.D.N.Y. Sept. 27, 2006) ..................................................................................................... 12

*Faust v. Comcast Cable Comms. Mgmt.*, No. WMN-10-CV-2336, 2013 WL 5587291 (D. Md. Oct. 9, 2013)............................................................................................................................. 9

*Frye v. Baptist Mem. Hosp., Inc.*, 495 Fed. App'x 669 (6th Cir. Aug. 21, 2012) ............... 8, 9, 13

*Frye v. Baptist Mem. Hosp., Inc.*, No. 07-CV-2708, 2011 WL 1595458 (W.D. Tenn. Apr. 27, 2011)........................................................................................................................................ 8, 9

*Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099 (7th Cir. 2004) ............................................... 13

*In re Food Lion, Inc.*, 151 F.3d 1029 (4th Cir. 1998).................................................................... 13

*In re Tyson Foods*, No. 4:07-MD-1854 (CDL), 2008 WL 4613654 (M.D. Ga. 2008)................. 15

*Jara v. Strong Steel Door, Inc.*, 20 Misc. 3d 1135(A), 2008 WL 3823769 (N.Y. Sup. 2008)19, 20

*Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313 (RMB)(JLC), 2014 WL 3058438 (S.D.N.Y. Jul. 2, 2014) ........................................................................................................................ 16, 18

*Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013) ...................... 16

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) .......................................................................... 20

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013) ............. 7

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, Nos. 10-CV-2661 (PAC), 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) ........................................................................................... 20

*Ochoa v. Pearson Edu., Inc.*, No. 11-CV-1382 (DMC-JAD), 2012 WL 95340 (D.N.J. Jan. 12, 2012) .............................................................................................................................. 9, 10

*Oram v. Soulcycle LLC*, 979 F. Supp. 2d 498 (S.D.N.Y. 2013) ........................................... 17, 18

*Prickett v. DeKalb County*, 349 F.3d 1294 (11th Cir. 2003) ....................................................... 15

*Smith v. Cent. Sec. Bureau, Inc.*, 231 F. Supp. 2d 455 (W.D. Va. 2002) ...................................... 9

*United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960) ................... 18

*Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445 (S.D.N.Y. 2011) .................... 13

**Statutes**

12 NYCRR § 142-2.1 ..................................................................................................................... 17

12 NYCRR § 142-2.16 ................................................................................................................... 17

29 C.F.R. § 778.109 ................................................................................................................. 16, 18

29 U.S.C. § 206 .............................................................................................................................. 16

29 U.S.C. § 216 ....................................................................................................................... passim

29 U.S.C. § 255 ................................................................................................................................ 7

29 U.S.C. § 256 .................................................................................................................... 7, 13, 14

Federal Rule of Civil Procedure 12 ............................................................................................ 1, 6

Federal Rule of Civil Procedure 15 .......................................................................................... 11, 12

Federal Rule of Civil Procedure 23 .............................................................................................. 4

NYLL § 190 ............................................................................................................................. 18, 19

NYLL § 191 ................................................................................................................. 18, 19

NYLL § 652 ..................................................................................................................... 17

NYLL § 663 ................................................................................................................. 18, 19

Defendant HF Management Services, LLC ("Healthfirst" or "Defendant")[1] respectfully submits this memorandum of law in support of its partial motion to dismiss Plaintiff Kanwarpreet Thind's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

## PRELIMINARY STATEMENT

The Court should grant Healthfirst's partial motion to dismiss the Amended Complaint because (1) several of Plaintiff's Fair Labor Standards Act ("FLSA") claims were filed after the expiration of the applicable statute of limitations; (2) the Amended Complaint's factual allegations affirmatively refute Plaintiff's minimum wage claims by establishing that he was paid more than the federal and state statutory minimum; and (3) the Amended Complaint fails plausibly to allege facts supporting a claim for a violation of the agreed terms of employment.

In the original Complaint, Plaintiff brought FLSA collective action claims on behalf of *one* group of Healthfirst employees:  those with title of "Manager for Sales."  That Complaint also alleged putative class action claims under the New York Labor Law ("NYLL") on behalf of *two* classes of Healthfirst employees:  Managers for Sales, which the Complaint defined as "Class A," and "Facilitated Enrollers," which the Complaint defined as "Class B."

While the Amended Complaint re-alleges the FLSA collective claims brought on behalf of Managers for Sales, it also adds a second, new FLSA collective action on behalf of Facilitated

---

[1]  The original Complaint also named Healthfirst, Inc. and Healthfirst PHSP, Inc. as additional defendants.  Plaintiff did not name either of these entities as defendants in the Amended Complaint.  These two entities should therefore be dismissed from this action.

[2]  Pursuant to Rule III.A.3 of the Court's Individual Rules and Procedures, Defendant sent Plaintiff letters on January 30, 2015, and March 9, 2015, citing the controlling authorities upon which it contends would warrant the granting of the instant motion on each of the grounds set forth herein.  Plaintiff's counsel responded by email on March 16, 2015, indicating that Plaintiff does not believe that there is any basis for Healthfirst's motion and intends to oppose it.  Plaintiff's counsel's email, however, did not cite a single controlling authority in support of Plaintiff's position.  In addition, with one exception discussed *infra* at note 6, Plaintiff's counsel's email did not set forth any bases on which Plaintiff intends to oppose the motion.

Enrollers.  The Amended Complaint now defines the Managers for Sales as "Collective Action A" and defines the newly added group of Facilitated Enrollers as "Collective Action B."

The Court should dismiss the FLSA Collective Action B claims because they are barred by the statute of limitations for two independent reasons.  First, Plaintiff did not commence his action on behalf of Collective Action B in the Amended Complaint within three years of the accrual of his FLSA claims as a Facilitated Enroller.  Second, Plaintiff has not filed a written consent to opt into Collective Action B.  As the statute of limitations for FLSA collective actions is, at most, three years, these claims are time-barred and must be dismissed.

In addition, the Court should dismiss three of the Amended Complaint's Claims for Relief in their entirety.  The Court should dismiss the Second and Fourth Claims, which allege that Healthfirst violated the minimum wage requirements of the FLSA and NYLL, respectively, because the Amended Complaint's factual allegations refute these claims.  Specifically, these factual allegations establish that Plaintiff was paid well in excess of the federal and state statutory minimums during the entirety of his employment.  The Court should dismiss Plaintiff's minimum wage claims as a matter of law.

Finally, the Court should dismiss the Amended Complaint's Fifth Claim, which alleges a NYLL violation based on the assertion that Healthfirst violated the "agreed terms of employment."  The Court should dismiss this claim because the NYLL provisions under which Plaintiff brings this claim do not provide relief for the alleged violation, and the Complaint does not plausibly allege facts showing that Healthfirst breached its employment agreement with Plaintiff.

## STATEMENT OF FACTS[3]

### A. Healthfirst

Healthfirst is a management services company responsible for the administration of a not-for-profit, managed care organization that provides Medicaid plans to Medicaid beneficiaries under a contract with the State of New York.  Founded in 1993, Healthfirst is managed by some of the most prestigious hospitals and medical centers in New York.  Its mission is to provide affordable quality care for the communities it serves.

### B. Plaintiff's FLSA Claims

The Complaint and Amended Complaint each allege two FLSA claims "pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of [Plaintiff] and all other persons similarly-situated[.]"  (Am. Compl. ¶ 4; Compl. ¶ 4.)  The First and Second Claims allege that Healthfirst violated the overtime and minimum wage provisions of the FLSA, respectively.  (Am. Compl. ¶¶ 55-68.)

The original Complaint, filed on December 3, 2014, brought these claims collectively on behalf of one group of individuals:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, perform or performed any work for Defendants under the title of "Manager for Sales," or something similar.

(Compl. ¶ 13.)  Filed with the Complaint was Plaintiff's written consent to join the collective action (the "Consent").  (ECF No. 1 at 23 ("CONSENT TO JOIN COLLECTIVE ACTION").)  In that Consent, Plaintiff stated the following:

> I hereby consent to join the lawsuit, entitled KANWARPREET THIND, on behalf of himself and all those similarly situated, v. HEALTHFIRST, et al, [sic] Docket

---

[3] As this motion does not seek dismissal of all claims, the Statement of Facts summarizes only the portion of the Amended Complaint's factual allegations that are relevant to the issues raised herein.  Despite the fact that Defendant disputes many of these allegations, all of the Amended Complaint's factual allegations are assumed to be true for purposes of this motion.

No.: [blank] brought pursuant to the Fair Labor Standards Act, the New York
State Labor Law, and the New York Code of Rules and Regulations.

(*Id.*)

In a departure from the Complaint, the Amended Complaint, filed on February 20, 2015,

defined the collective class identified in the Complaint as "Collective Action A" and further

alleged the same FLSA claims on behalf of a second group of individuals, which it defined as

"Collective Action B."  (Am. Compl. ¶ 11.)  The Amended Complaint defined Collective Action

B as:

> Current and former employees of Defendant who, during the applicable FLSA
> limitations period, perform or performed any work for Defendant under the title
> "Facilitated Enroller," or something similar.

(*Id.*)  Plaintiff did not file a written consent with the Amended Complaint and, to date, has not

filed a written consent opting into Collective Action B.

**C. <u>Plaintiff's NYLL Claims</u>**

The Amended Complaint's Third through Sixth Claims assert claims under the NYLL.

Specifically, the Third Claim alleges that Healthfirst did not pay Plaintiff overtime compensation

in violation of the NYLL; the Fourth Claim alleges that Healthfirst violated the minimum wage

provisions of the NYLL; the Fifth Claim alleges that Healthfirst violated the NYLL by failing to

pay Plaintiff in accordance with the "agreed terms of employment;" and the Sixth Claim alleges

that Healthfirst failed to furnish Plaintiff with proper wage statements in violation of the NYLL.

(*Id.* ¶¶ 69-93.)  Plaintiff alleged the NYLL claims as class action claims pursuant to Federal Rule

of Civil Procedure 23.  (*Id.* ¶ 5.)

**D. <u>The Amended Complaint's Allegations Concerning Plaintiff's Employment and
Salary</u>**

The Amended Complaint alleges that Plaintiff was employed at Healthfirst from August

24, 2009 to August 21, 2014.  (*Id.* ¶ 31.)  Plaintiff worked as a Facilitated Enroller from the start

4

of his employment until January 25, 2012, and as a Manager for Sales from that date until the end of his employment with Healthfirst.  (*Id.* ¶¶ 32, 38.)  The Amended Complaint alleges that Plaintiff was paid on a biweekly basis throughout his employment at Healthfirst.  (*Id.* ¶ 46.)

The Amended Complaint further alleges that, during his time as a Facilitated Enroller, Plaintiff worked at least 58 hours each week, (*id.* ¶ 33), and that in some unspecified weeks he worked an unspecified number of additional hours.  (*Id.* ¶ 34.)  The Amended Complaint alleges that Plaintiff was compensated during the entirety of his time as a Facilitated Enroller at a biweekly salary of $1,615.38, or $807.69 weekly.  (*Id.* ¶ 47.)  Based on these allegations, the Amended Complaint plausibly alleges that Plaintiff's average hourly rate of pay for his work as a Facilitated Enroller was $13.93 per hour ($807.69/58 hours).

As to the number of hours that Plaintiff worked while he was employed as a Manager for Sales, the Amended Complaint alleges that Plaintiff worked between 70 and 80 hours per week. (*Id.* ¶¶ 43-44.)  As to Plaintiff's compensation in this position, the Amended Complaint alleges that (1) from January 25, 2012 to September 2013, Plaintiff was paid an annual salary of $65,000 (which amounts to a weekly salary of $1,250); (2) from September 2013 until April 2014, Plaintiff was paid an annual salary of $72,000 (which amounts to a weekly salary of $1,384.62); (3) in April 2014, Plaintiff was paid an annual salary of $75,000 (which amounts to a weekly salary of $1,442.31); and (4) from May 2014 through the end of his employment, Plaintiff was paid an annual salary of $84,000 (which amounts to a weekly salary of $1,615.38).  (*Id.* ¶¶ 48-51.)  Thus, based on the Amended Complaint's allegations, Plaintiff's average hourly rate as a Manager for Sales never fell below $15.63 per hour ($1,250/80 hours) in any week.

The Amended Complaint contains no allegations concerning whether Plaintiff had an employment agreement with Healthfirst or the terms of that agreement.

## LEGAL STANDARD

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) unless it "contain[s] sufficient factual matter" to state a claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard requires showing more than "a sheer possibility that a defendant has acted unlawfully." *Id.*  It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.  In addition, while the Court must accept as true the complaint's well-pleaded factual allegations and draw all reasonable inferences in favor of the non-movant, the Court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law. *Id.*

## ARGUMENT

### I.   PLAINTIFF'S FACILITATED ENROLLER COLLECTIVE ACTION CLAIMS SHOULD BE DISMISSED

The Court should dismiss Plaintiff's "Collective Action B" FLSA claims brought on behalf of himself and others working under the title of Facilitated Enroller because they are barred by the statute of limitations.  Plaintiff last worked as a Facilitated Enroller on January 25, 2012.  Plaintiff, however, first raised these claims more than three years after that date—in the Amended Complaint filed on February 20, 2015—and has yet to file a written consent opting

6

into Collective Action B.  For both of these reasons, Plaintiff's Collective Action B FLSA claims are barred by the statute of limitations and should be dismissed.

The FLSA's statute of limitations requires claims for unpaid overtime and minimum wages to be "commenced" within two years of the accrual of the cause of action or within three years in the case of willful violations.  29 U.S.C. § 255(a); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 n.4 (2d Cir. 2013) ("*Nakahata II*").  FLSA claims "accrue[] on the next regular payday following the work period when services are rendered." *Nakahata II*, 723 F.3d at 198.

The FLSA specifies the date upon which collective actions "commence" for statute of limitations purposes.  *See* 29 U.S.C. § 256.  FLSA Section 256 provides:

> [I]n the case of a collective or class action instituted under the [FLSA], it shall be considered to be commenced in the case of any individual claimant—
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

As detailed below, Plaintiff's Collective Action B claims are barred by the statute of limitations because (1) Plaintiff did not work as a Facilitated Enroller during the three-year period that preceded the filing of the Amended Complaint; and (2) Plaintiff has not filed a written consent to opt into Collective Action B.

### A.  The Statute of Limitations Bars Plaintiff's Collective Action B Claims Because He Did Not File the Amended Complaint within the Statutory Period

Even if the FLSA's extended three-year statute of limitations applies in this case, Plaintiff's Collective Action B claims fail as a matter of law because Plaintiff did not file a timely complaint.  Plaintiff's original Complaint did not allege the FLSA collective action claims

on behalf of the Facilitated Enrollers and did not allege any of the FLSA claims in an individual capacity.  While Plaintiff's Amended Complaint added FLSA Collective Action B claims on behalf of the Facilitated Enrollers, Plaintiff did not work as a Facilitated Enroller during the three-year period that preceded the filing of the Amended Complaint.  In addition, the Court should conclude that the Amended Complaint's newly added FLSA claims do not relate back to the original Complaint.  Accordingly, the Court should conclude that Plaintiff's Collective Action B FLSA claims fail as a matter of law because they are barred by the statute of limitations.

> 1.  *Plaintiff Did Not Allege an Individual FLSA Claim Based on His Work as a Facilitated Enroller in the Original Complaint*

The Court should conclude that the original Complaint did not assert any of the FLSA claims based on Plaintiff's work as a Facilitated Enroller either collectively or in an individual capacity.  Unlike the NYLL claims which were alleged on behalf of two distinct classes of employees (*see* Compl. ¶ 17), the original Complaint alleged the FLSA claims on behalf of only one group of employees—those employed as "Manager[s] for Sales."  (Compl. ¶ 13.)  Indeed, Plaintiff's counsel admitted at the Initial Pretrial Conference that the Complaint did not allege FLSA claims collectively on behalf of Facilitated Enrollers.  The Court should also conclude that the Complaint did not allege any of the FLSA claims in Plaintiff's individual capacity because the Complaint did not clearly indicate that these claims were brought "individually."

The law is unsettled as to whether the FLSA even permits "dual capacity" claims, *i.e.*, claims filed both individually and as a collective action.  *See, e.g.*, *Frye v. Baptist Mem. Hosp., Inc.*, No. 07-CV-2708, 2011 WL 1595458, at *5 (W.D. Tenn. Apr. 27, 2011) ("*Frye I*"), *aff'd* 495 Fed. App'x 669 (6th Cir. Aug. 21, 2012) ("*Frye II*").  Indeed, the "plain text" of the relevant FLSA provision, Section 216(b), "demonstrates that a plaintiff may file a FLSA claim

individually or collectively, but ***does not suggest that a plaintiff may file a claim in a 'dual capacity***.'" *Id.* (emphasis added) (citing 29 U.S.C. § 216(b)).

Assuming that a "dual capacity" FLSA suit is permitted, courts do not construe FLSA claims to be brought in such capacity unless the complaint "'clearly put[s] the employer and the court on notice of [plaintiff's] intent to file in that capacity." *Id.* (quoting *Smith v. Cent. Sec. Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002); *see also, e.g.*, *Faust v. Comcast Cable Comms. Mgmt.*, No. WMN-10-CV-2336, 2013 WL 5587291, at *7 (D. Md. Oct. 9, 2013) (same); *Ochoa v. Pearson Edu., Inc.*, No. 11-CV-1382 (DMC-JAD), 2012 WL 95340, at *3-4 (D.N.J. Jan. 12, 2012) (following *Frye I*). Where there is no express allegation anywhere in a collective action complaint that plaintiff is suing "individually," a complaint will not be found to include an individual claim. *See, e.g.*, *Frye II*, 495 Fed. App'x at 676-77; *Ochoa*, 2012 WL 95340 at *4, *Frye I*, 2011 WL 1595458 at *5; *Smith*, 231 F. Supp. 2d at 461. As one such court stated:

> [Plaintiff] did not put [defendant] on notice that he was filing in a dual capacity. Unlike the named plaintiff in *Smith* [*v. Cent. Sec. Bureau, Inc.*], [the named plaintiffs] filed this action "on behalf of themselves and all other similarly situated hourly employees," not "individually and on behalf of others." Nothing in the complaint evidences an intent on the part of [plaintiff] to file an individual claim. There is no reason to treat [plaintiff's] claim as an individual action when, on the face of his complaint, he asserted a representative action on behalf of himself and all similarly situated hourly employees. Because [plaintiff's] action was asserted collectively, not individually or in a dual capacity, [plaintiff's] argument that his suit may be treated as if it had remained an individual action is not well-taken.

*Frye I*, 2011 WL 1595458 at *5.

In the present case, the Court should conclude that Plaintiff did not bring dual capacity FLSA claims for the same reason. At no point did the Complaint allege that Plaintiff's FLSA claims were brought individually. To the contrary, the Complaint in both the caption and throughout its allegations consistently stated that Plaintiff brought the FLSA claims collectively. *See Ochoa*, 2012 WL 95340 at *4. For example, the Complaint's caption and allegations

indicated that Plaintiff brought this case "on behalf of himself and all others similarly-situated," which tracks the statutory language of the FLSA's collective action provision in Section 216(b). (Compl. at 1); *see* 29 U.S.C. § 216(b) (allowing one or more employees to sue collectively "for and in behalf of himself *or* themselves and other employees similarly situated.") (emphasis added); *see, e.g.*, *Ochoa*, 2012 WL 95340, at *4 (finding that action brought by plaintiff "on behalf of himself and others similarly situated" evidences an intent to sue collectively).   In addition, the Complaint specifically asserted that the FLSA claims were brought collectively, alleging:

> Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly-situated during the applicable FLSA limitation period who suffered damages as a result of Defendants' willful violations of the FLSA.

(Compl. ¶ 4.)  The Complaint's Prayer for Relief also evidences Plaintiff's intent to bring this case as a collective action.  The Prayer for Relief requests that the Court "designat[e] this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs."  (Compl. at 20.) Accordingly, because the Complaint does not clearly indicate that Plaintiff was suing in a dual capacity, the Court should conclude that it did not contain any individual FLSA claims.  As a result, the Complaint did not assert any FLSA claims based on Plaintiff's work as a Facilitated Enroller.

### 2. *Plaintiff Did Not Work as a Facilitated Enroller During the Three-year Period that Preceded the Filing of the Amended Complaint*

The Amended Complaint's allegations make clear that Plaintiff did not work as a Facilitated Enroller during the three-year period that preceded its filing.  Specifically, the Amended Complaint alleges that Plaintiff worked as a Facilitated Enroller from August 24, 2009 to January 25, 2012.  (Am. Compl. ¶ 32.)  Plaintiff did not, however, file the Amended Complaint until February 20, 2015, more than three years after Plaintiff last worked as a

10

Facilitated Enroller.  Accordingly, Plaintiff's Collective Action B claims are barred by the FLSA's statute of limitations and should be dismissed with prejudice.

### 3. The Collective Action B FLSA Claims Do Not Relate Back to the Filing of the Original Complaint

The Collective Action B FLSA claims do not relate back to the filing of the original Complaint because the original Complaint did not provide Healthfirst with any notice that Plaintiff sought to bring FLSA claims on behalf of two distinct classes of employees. Recognizing that the claims of Managers for Sales and the claims of Facilitated Enrollers are distinct under both federal and state law, the Amended Complaint divides these employees into Collective Actions A and B and Classes A and B, respectively.  (Am. Compl. ¶¶ 11, 17.)  But while the original Complaint brought NYLL claims on behalf of both classes, it limited the collective action claims under the FLSA to only the Managers for Sales.  (Compl. ¶¶ 13, 17.) Based on this distinction, the Complaint did not provide Healthfirst with notice that Plaintiff intended to assert FLSA claims on behalf of the Facilitated Enrollers, *i.e.*, "Collective Action B." As a result, the Collective Action B FLSA claims in the amended pleading do not relate back to the Complaint.

Federal Rule of Civil Procedure 15(c)(1)(C) provides the relation back rules that apply to amended pleadings that purport to add new parties to a litigation.  While this Rule on its face addresses only the addition of new defendants, the Second Circuit has held that claims seeking to add new plaintiffs should be evaluated in the same manner as those seeking to add new defendants.  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997);[4] *see also Beach v. Citigroup Alternative Invs. LLC*, No. 12-CV-7717 (PKC), 2014 WL 904650, at *19 (S.D.N.Y. Mar. 7, 2014) ("[t]hough [Rule 15(c)(1)(C)] does not explicitly deal

---

[4]  The Court in *Advanced Magnetics* construed the predecessor to the current version of Rule 15(c).  *Id.*  The relevant provision in the prior version of the statute is Rule 15(c)(3).  *Id.*

with the situation of joining an additional plaintiff, the 1966 Advisory Committee's Note states

that claims of additional plaintiffs should be treated in a manner analogous to those of additional

defendants."). Courts have similarly held that Rule 15(c)(1)(C) governs the proposed addition or

expansion of a class of plaintiffs. *Dumont v. Litton Loan Servicing, LP*, No. 12-CV-2677-ER-

LMS, 2014 WL 815244, at *14 (S.D.N.Y. Mar. 3, 2014); *Bensinger v. Denbury Res. Inc.*, No.

10-CV-1917, 2013 WL 3353975, at *4-5 (E.D.N.Y. July 3, 2013); *Espinosa v. The Delgado

Travel Agency, Inc.*, No. 05-CV-6917 (SAS), 2006 WL 2792689, at *2 (S.D.N.Y. Sept. 27,

2006).

In the class action context, courts have not permitted the relation back of an amended

pleading that expands a class action unless the original pleading put the defendant on notice as to

the scope of the expanded litigation. *See, e.g.*, *Arneil v. Ramsey*, 550 F.2d 774, 782 (2d Cir.

1977), *overruled on other grounds*, *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983);

*Beach*, 2014 WL 904650, at *19-20. The Second Circuit has stated that an amended pleading

seeking to expand a class of plaintiffs will not relate back unless the original pleading

"adequately notifies the defendants 'not only of the substantive claims being brought against

them, but also of that number and generic identities of the potential plaintiffs who may

participate in the judgment.'" *Arneil*, 550 F.2d at 782 (quoting *American Pipe Construction Co.

v. Utah*, 414 U.S. 538, 554-55 (1974)); *see also Espinosa*, 2006 WL 2792689 at *3. For

example, where the original pleading provided no notice of an intent to bring claims on behalf of

"dozens of employees" not originally named, an amended pleading seeking to add those

employees to the litigation will not relate back for statute of limitations purposes. *Espinosa*,

2006 WL 2792689, at *4; *see also Beach*, 2014 WL 904650, at *20 (stating that the claims of

12

newly named plaintiffs in a class action relate back only if "they are identical to the claims already asserted" and "would not unduly surprise or prejudice the defendants.")

Here, Plaintiff's Collective Action B FLSA claims do not relate back for the same reason. Whereas the Complaint included the Facilitated Enrollers as a separate class on whose behalf the NYLL claims were alleged, it omitted them from the collective action on whose behalf the FLSA claims were alleged.  As such, the Complaint did not put Healthfirst on notice that the Facilitated Enrollers' FLSA claims were or would be part of this litigation.  Accordingly, these claims do not relate back to the filing of the original Complaint, and Plaintiff's FLSA claims are barred by the statute of limitations.

**B.  The Statute of Limitations Bars Plaintiff's Collective Action B Claims Because He Did Not File a Timely Written Consent**

Plaintiff has yet to "commence" Collective Action B for statute of limitations purposes because he has not filed a written consent opting into that collective action.  It is settled law that, under FLSA Section 256, the statute of limitations continues to run on each putative plaintiff's collective action claim until he or she files a written consent affirmatively opting into the collective action.  29 U.S.C. § 256; *see Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011).  The written consent requirement applies to all putative plaintiffs, even those specifically named in a complaint.  *See, e.g.*, 29 U.S.C. § 216(b); *see Frye II*, 495 Fed. App'x at 675 ("[C]ourts construe the above language [in § 216(b)] to do what it says: require a named plaintiff in a collective action to file a written consent to join the collective action."); *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) ("The statute is unambiguous:  if you haven't given your written consent to join the suit, . . . you're not a party. It makes no difference that you are named in the complaint."); *In re Food Lion, Inc.*, 151 F.3d 1029 (4th Cir. 1998).  At no point has Plaintiff filed a written consent notifying the Court and

13

Defendant that he was opting into Collective Action B.  Plaintiff's failure to do so prior to the expiration of the statute of limitations on Plaintiff's Collective Action B FLSA claims should result in the dismissal of these claims with prejudice.

To date, Plaintiff has only filed one written consent with the Court, which was attached to the Complaint and joined the lawsuit as it existed on that date.  (ECF No. 1 at 23.)  Plaintiff, however, did not assert any FLSA claims on behalf of Collective Action B in the original Complaint; rather, Collective Action B was first identified in the Amended Complaint.  (*Compare* Am. Compl. ¶ 11 *with* Compl. ¶ 13.)  Plaintiff, however, did not file a second written consent agreeing to join Collective Action B either with the Amended Complaint or thereafter.  Based on the FLSA's statutory language and the plain meaning of the narrow language used in the Consent, the Court should conclude that Plaintiff has yet to join Collective Action B or opt into the FLSA claims asserted on its behalf.

Section 216(b), which authorizes employees to assert claims in a collective action, makes clear that a plaintiff must affirmatively opt into each collective action brought against an employer.  That provision provides:

> An ***action*** to recover the liability prescribed [in the FLSA] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any ***such action*** unless he gives his consent in writing to become such a party and such consent is filed in the court in which ***such action*** is brought.

29 U.S.C. § 216(b) (emphasis added).  Thus, the FLSA requires Plaintiff to opt into each collective action that he alleges against Healthfirst.  As the Amended Complaint alleges two collective actions, Plaintiff must affirmatively opt into each of them under Section 216(b), and each such action is not commenced for statute of limitations purposes unless and until Plaintiff files "his written consent to become a party plaintiff" to that action.  29 U.S.C. § 256(a).

14

The Consent form unambiguously reflects that Plaintiff agreed to join only the collective action set forth in the original Complaint.  In determining the scope of a plaintiff's consent to join a collective action, a court "must interpret consent forms according to the plain meaning of their language," and a court should not "rewrite those forms to broaden their scope."  *Albritton v. Cagles, Inc.*, 508 F.3d 1012, 1018-19 (11th Cir. 2007); *see Prickett v. DeKalb County*, 349 F.3d 1294, 1297-98 (11th Cir. 2003); *see also In re Tyson Foods*, No. 4:07-MD-1854 (CDL), 2008 WL 4613654, at *4 (M.D. Ga. 2008).  Here, there is nothing in the Plaintiff's Consent that provides any suggestion that he was consenting to join a second collective action not identified in the original Complaint.

The title of the Consent form, "CONSENT TO JOIN COLLECTIVE ACTION" (as opposed to "ACTIONS"), evidences Plaintiff's intent to join only the specific collective action alleged.  (ECF No. 1 at 23.)  Similarly, the Consent uses narrow language to describe the litigation that it authorized; it states that Plaintiff "hereby consent[s] to join the lawsuit" identified in the original Complaint.  (*Id.*); *cf. Albritton*, 508 F.3d at 1018 (construing the same "narrow language").  At that time, the "lawsuit" did not include Collective Action B; rather, the "lawsuit" included only what Plaintiff later designated as Collective Action A—employees who held the "Manager for Sales" position.  (Compl. ¶ 13.)

Significantly, the Consent does not authorize Plaintiffs' counsel to file a second collective action or indicate that Plaintiff consented to join any such separate action should one be filed in the future.  (ECF No. 1 at 23.)  To the contrary, the Consent designates Plaintiff as the "class representative" for the collective action included in the lawsuit and authorizes Plaintiff to make decisions with respect to that class.  (*Id.*)  The Consent, however, does not contain a

provision designating Plaintiff or anyone else as the class representative for any separate class of employees that may be added to the lawsuit in the future.  (*Id.*)

Accordingly, the Court should conclude that, based on the plain meaning of the Consent, Plaintiff did not file a written consent to join Collective Action B, or any FLSA claims brought on its behalf.  As Plaintiff has yet to file a written consent opting into this second collective action, the Court should conclude Plaintiff's Collective Action B claims are barred by the statute of limitations.  The Court should therefore dismiss these claims with prejudice.

## II.  PLAINTIFF'S SECOND AND FOURTH CLAIMS ALLEGING FLSA AND NYLL MINIMUM WAGE VIOLATIONS SHOULD BE DISMISSED

Plaintiff's Second and Fourth Claims alleging FLSA and NYLL minimum wage violations, respectively, should be dismissed because the Amended Complaint fails to allege that Plaintiff was paid an hourly wage that is less than the federal or state statutory minimum.

### A.  The FLSA Standard

An employee's minimum wage claim fails as a matter of law "'unless [his] average hourly wage falls below the federal minimum wage.'"  *Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313 (RMB)(JLC), 2014 WL 3058438, at *3 (S.D.N.Y. Jul. 2, 2014) (quoting *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)).  Under Department of Labor regulations, "[a] plaintiff's average hourly wage is determined 'by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that work week for which such compensation was paid.'"  *Id.* at *3 (alteration in original) (quoting 29 C.F.R. § 778.109).  The FLSA's minimum wage throughout Plaintiff's employment was $7.25 per hour.  29 U.S.C. § 206(a).

### B.  The NYLL Standard

Like an FLSA minimum wage claim, a NYLL minimum wage claim fails where the employee's average hourly wage exceeds the statutory minimum.  *Oram v. Soulcycle LLC*, 979 F. Supp. 2d 498, 505-06 (S.D.N.Y. 2013) ("The NYLL does not require that employees be paid by the hour, only that the total wages paid to the employee are equal or greater to the total sum of the applicable minimum wage rate times the number of hours worked by the employee."); *see* 12 NYCRR § 142-2.16 ("The term *regular rate* shall mean the amount that the employee is regularly paid for each hour of work.  When an employee is paid on a piece-work basis, salary, or any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings.") (emphasis in original).  From the start of Plaintiff's employment until December 31, 2013, New York's statutory minimum wage was $7.25 per hour, rising on that date to $8.00 per hour, where it remained until Plaintiff's termination.  NYLL § 652(1); 12 NYCRR § 142-2.1(a)(2-3).

### C.  The Amended Complaint Does Not Allege that Plaintiff Was Paid Below the Federal or State Statutory Minimum

The Amended Complaint's allegations make clear that Plaintiff was paid well in excess of the federal and state minimum wage rates.  The Amended Complaint makes the following allegations concerning the maximum number of hours Plaintiff worked in any given week, his rate of pay and average hourly rate:

- From August 2009 to January 2012, Plaintiff worked as a Facilitated Enroller and was paid a biweekly salary of $1,615.38 ($807.69 weekly), except in certain unidentified weeks when he received an unspecified amount of overtime pay (Am. Compl. ¶¶ 32, 47.)  The Amended Complaint further alleges that Plaintiff worked 58 hours per week during each week that he worked as a Facilitated Employer.  (*Id.* ¶ 33.)  Based on

these allegations, Plaintiff's average hourly rate as a Facilitated Enroller was $13.93 per hour ($807.69/58 hours).[5]

- From January 2012 to August 2014, Plaintiff worked as a Manager of Sales and was paid a weekly salary that ranged between $1,250 to $1,615.38 per week. (*Id.* ¶¶ 38, 48-51.) The Amended Complaint further alleges that Plaintiff worked a maximum of 80 hours per week in this position. (*Id.* ¶ 43.) Based on these allegations, Plaintiff's average hourly rate in this position was at least $15.63 per hour ($1,250/80 hours) or greater in every week.

Accordingly, the Amended Complaint makes clear that Plaintiff's average hourly rate was well in excess of the federal and state minimum during the entirety of his employment at Healthfirst. Plaintiff's FLSA and NYLL minimum wage claims should therefore be dismissed with prejudice.[6]

## III. PLAINTIFF'S FIFTH CLAIM ALLEGING A NYLL VIOLATION FOR THE FAILURE TO PAY WAGES IN ACCORDANCE WITH THE AGREED TERMS OF EMPLOYMENT SHOULD BE DISMISSED

In the Amended Complaint's Fifth Claim for Relief, Plaintiff alleges that Healthfirst violated NYLL §§ 190, 191 and 663(1) because it failed to pay Plaintiff at his regular rate of pay for each hour worked "in accordance with the agreed terms of employment." (Am. Compl.

---

[5] The Amended Complaint asserts that in certain unidentified weeks Plaintiff worked an unspecified number of hours in addition to the alleged 58 hours. (Am. Compl. ¶ 34.) This conclusory allegation is insufficient plausibly to state a minimum wage violation because a minimum wage claim cannot survive a motion to dismiss unless it is "supported by ***factual allegations*** sufficient to establish that [his average hourly salary] fell under that of the applicable minimum wage for specified workweeks." *Oram*, 979 F. Supp. 2d at 506 (emphasis added). Even if the Court accepts such allegations, Plaintiff would have needed to work over 111 hours a week for his average hourly wage to have fallen below the federal and state minimum of $7.25 per hour ($807.69/$7.25 = 111.41 hours). Plaintiff's allegations that he "often" worked "as late as eleven in the evening on weeknights" or "in excess of his four hour shift" on weekends do not plausibly establish that Plaintiff worked more than 50 additional hours each week beyond the 58 hours per week he alleges. (Am. Compl. ¶34.)

[6] Plaintiff's response to Healthfirst's pre-motion letter asserts that the Complaint contains ample evidence of Plaintiff's minimum wage claims based on the allegations that Plaintiff was paid no hourly rate for any hours that he worked over forty. As noted above, Plaintiff did not cite any authority in support of that position. *See supra* n.2. Plaintiff's position is contrary to long-established law in this circuit that bases the minimum wage determination on Plaintiff's average hourly rate. *See, e.g., United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960) ("If the total wage paid to each [employee] in this case during any given week is divided by the total time he worked that week, the resulting average hourly wage exceeds [the minimum] for every week . . . We believe this is all that is necessary to meet the requirements of 206(a)"); *Johnson*, 2014 WL 3058438, at *3. In addition, Plaintiff's position would effectively prohibit any employees from being paid on a salaried basis, which is in direct contradiction of Department of Labor regulations. *See* 29 C.F.R. § 778.109 (stating that the FLSA "does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis . . . .").

¶ 84.)  The Court should dismiss this claim because (1) NYLL §§ 190 and 663(1) do not create any substantive obligations, (2) the Amended Complaint fails to state a violation of NYLL § 191 because it does not allege a claim based on the frequency of payments and (3) the Amended Complaint fails to state a claim under all three provisions because it does not allege that Healthfirst breached its employment agreement with Plaintiff.

### A.   NYLL §§ 190 and 663(1) Do Not Create Any Substantive Obligations

The Amended Complaint fails to state a claim under NYLL § 190 because that section contains only definitions for use in other sections and creates no substantive obligations.  *See, e.g.*, *Deutsche Asset Mgmt., Inc. v. Callaghan*, No. 01-CV-4426 CBM, 2004 WL 758303, at *9 (S.D.N.Y. Apr. 7, 2004), *Jara v. Strong Steel Door, Inc.*, 20 Misc. 3d 1135(A), 2008 WL 3823769, at *11 (N.Y. Sup. 2008).  The Amended Complaint fails to state a claim under NYLL § 663(1) because that section contains only a remedial/enforcement scheme and does not set forth any substantive obligations giving rise to a cause of action.  Specifically, that section permits a Plaintiff to bring a civil action for a violation of the Minimum Wage Act.  *Id.*  It does not create or permit the cause of action alleged here, a statutory claim based on a violation of the terms of Plaintiff's employment agreement.  Thus, Plaintiff does not have a cause of action under either of those sections.

### B.   The Amended Complaint Fails to State a Violation of NYLL § 191 Because It Does Not Allege a Claim Based on the Frequency of Payments

NYLL § 191, entitled "Frequency of payments," provides that employees not falling into one of the specific categories set forth in that section "shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."  *Id.* § 191(d).  NYLL § 191 "by its terms only involves the timeliness of wage payments, and does not appear to afford to plaintiffs

any substantive entitlement to a particular wage." *Myers v. Hertz Corp.*, 624 F.3d 537, 545 (2d Cir. 2010); *see Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, Nos. 10-CV-2661 (PAC), 2011 WL 321186, at *3 (S.D.N.Y. Jan. 28, 2011) ("Section 191 deals only with the timing, not the amount, of payment."), *rev'd on other grounds*, 723 F.3d 192 (2d Cir. 2013).  As the Amended Complaint here not only fails to allege a claim based on the frequency of payments but also makes clear that Healthfirst complied with NYLL § 191's timing requirements (*see* Am. Compl. ¶ 46 ("Regardless of the position he held, Defendant paid Plaintiff on a biweekly basis.")), the Amended Complaint fails to allege a violation of NYLL § 191.  *See Jara*, 2008 WL 3823769, at *11 (cited in *Myers*, 624 F.3d at 545 n.1).

### C.  The Amended Complaint Fails to State a Claim under all Three Provisions Because It Does Not Allege that Healthfirst Breached its Employment Agreement with Plaintiff

Plaintiff's claim alleging that Healthfirst failed to pay him "in accordance with agreed terms of employment" also fails because the Amended Complaint does not allege that Healthfirst breached the terms of Plaintiff's employment agreement.  In fact, the Amended Complaint does not contain any allegations identifying what the terms of Plaintiff's employment agreement were. In the absence of any such allegations, Plaintiff fails to plausibly allege a claim based on the failure to pay him "in accordance with the terms of employment."  *Cf. Berman v. Sugo, LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) ("Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract.").

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's FLSA Collective Action B

claims; dismiss the Second, Fourth and Fifth Claims in the Amended Complaint in their entirety;

and grant any and all further relief as may be just and proper.

Dated:  New York, New York
        March 20, 2015

LEVINE LEE LLP

By:   ___s/ Seth L. Levine_____
      Seth L. Levine
      Scott B. Klugman
      Aaron I. Karp
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
slevine@levinelee.com
sklugman@levinelee.com
akarp@levinelee.com

*Attorneys for Defendant*
*HF Management Services, LLC*

21