UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KANWARPREET THIND, on behalf of himself
and all others similarly-situated,

                              Plaintiff,

                                                          **Docket No.**: 14-cv-9539

              -against-

HF MANAGEMENT SERVICES, LLC, d/b/a
HEALTHFIRST,

                              Defendant.
-------------------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

                                        Kelly A. Magnuson, Esq.
                                        Michael J. Borrelli, Esq.
                                        Alexander T. Coleman, Esq.
                                        BORRELLI & ASSOCIATES, P.L.L.C
                                        1010 Northern Boulevard, Suite 328
                                        Great Neck, New York 11021
                                        (516) 248-5550
                                        (516) 248-6027

                                        *Attorneys for Plaintiff*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 3

STANDARD OF REVIEW .......................................................................................... 4

ARGUMENT .............................................................................................................. 5

I. PLAINTIFF'S FACILITATED ENROLLER COLLECTIVE ACTION CLAIMS
   ARE TIMELY ........................................................................................................ 5

   A. The Statute of Limitations Does Not Bar Plaintiff's Collective Action B claims ...... 5

      1. Plaintiff Has Alleged an Individual Claim Based on His Work as a Faciliated
         Enroller in the Original Complaint ........................................................... 5

      2. Plaintiff's Collective Action B Claims Relate Back to the Original
         Complaint ................................................................................................. 7

   B. Plaintiff's Original Written Consent Filed with the Court Applies to the Amended
      Complaint ....................................................................................................... 9

II. PLAINTIFF HAS ADEQUATELY PLEADED FLSA AND NYLL MINIMUM
    WAGE VIOLATIONS ......................................................................................... 10

III. PLAINTIFF'S FIFTH CLAIM BASED ON NYLL ¶¶ 663(1), 190, 191
     ADEQUATELY ALLEGES NYLL VIOLATIONS FOR THE FAILURE TO PAY
     WAGES IN ACCORDANCE WITH THE AGREED TERMS OF EMPLOYMENT .. 12

   A. NYLL ¶ 663(1) Provides Redress for a Claim of Failure to Pay Wages in
      Accordance with the Agreed Terms of Employment .................................... 12

   B. The Amended Complaint Alleges a Violation of NYLL Section 191 Because it
      Alleges that Defendant Failed to Pay Plaintiff as Agreed Pursuant to a Verbal
      Employment Agreement ............................................................................... 13

   C. Plaintiff has Adequately Alleged Facts Related to Defendant's Failure to Pay
      Pursuant to the Terms of his Employment ................................................... 13

CONCLUSION ......................................................................................................... 14

## TABLE OF AUTHORITIES

### Cases

*Amaya v. Superior Tile & Granite Corp.*,
2012 WL 130425 (S.D.N.Y. Jan. 17, 2012) .................................................................. 12

*Arneil v. Ramsey*,
550 F.2d 774 (2d Cir. 1977).......................................................................................... 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................... 4

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007)............................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................... 4, 5

*Berman v. Sugo, LLC*,
580 F. Supp. 2d 191 (S.D.N.Y. 2008)........................................................................ 14

*Berrios v. Nicholas Zito Racing Stable, Inc.*,
849 F. Supp. 2d 372 (E.D.N.Y. 2012) ....................................................................... 12

*Dove v. Apple-Metro Inc.*,
13-cv-1417 (E.D.N.Y. Dec. 18. 2014) ....................................................................... 10

*Faust v. Comcast Cable Comms. Mgmnt*,
2013 WL 5587291 (D.Md. Oct. 9, 2013) .................................................................. 6, 7

*Frye v. Baptist Memorial Hospital, Inc.*,
2011 WL 159548 (W.D. Tenn., 2011)....................................................................... 6, 7

*Giles v. City of New York*,
41 F. Supp. 2d 308 (S.D.N.Y. 1999).......................................................................... 12

*Global Network Commc'ns, Inc. v. City of New York*,
458 F.3d 150 (2d Cir. 2006)......................................................................................... 5

*Guallpa v. N.Y. Pro Signs, Inc.*,
2014 WL 2200393 (S.D.N.Y. May 27, 2014) ........................................................... 12

*Lundy v. Catholic Health Systems of Long Island, Inc.*,
711 F.3d 106 (2d Cir. 2013)................................................................................... 5, 10

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,
723 F.3d 192 (2d Cir. 2006)................................................................................. 5

*Norceide v. Cambridge Heath Alliance*,
814 F. Supp. 2d 17 (D. Mass. 2011) ................................................................... 12

*Ochoa v. Pearson*,
2012 WL 95340 (D.N.J. Jan. 13, 2012)............................................................. 6, 7

*Willix v. Healthfirst, Inc.*,
2011 WL 754862 (E.D.N.Y. Feb. 18, 2011)......................................................... 9

## **Statutes**

29 U.S.C. § 206(a) ............................................................................................... 1

29 U.S.C. § 207(a) ............................................................................................... 1

29 U.S.C. § 216(b) ............................................................................................... 1

29 U.S.C. § 255 .................................................................................................... 9

NYLL § 160 .......................................................................................................... 1

NYLL § 190 ............................................................................................... 1, 12, 13

NYLL § 191 .......................................................................................... 1, 12, 13, 14

NYLL § 195(1)(a) ................................................................................................. 1

NYLL § 195(3) ...................................................................................................... 1

NYLL § 652(1) ...................................................................................................... 1

NYLL § 663(1) ...................................................................................... 1, 12, 13, 14

NYLL § 663(3) ...................................................................................................... 9

## **Regulations**

N.Y. COMP. CODES R. & REGS. ("NYCCRR") tit. 12, § 142–2.1 ................................ 1

N.Y. COMP. CODES R. & REGS. ("NYCCRR") tit. 12, § 142–2.2 ................................ 1

**<u>Rules and Other Authorities</u>**

FED. R. CIV. P. 8(a)(2) ...................................................................................................... 4

FED. R. CIV. P. 12(b)(6) .................................................................................................... 4

FED. R. CIV. P. 15(c)(1)(C) ............................................................................................... 8

FED. R. CIV. P. 23 .............................................................................................................. 4

## PRELIMINARY STATEMENT

Plaintiff, Kanwarpreet Thind, submits this Memorandum of Law in opposition to the Motion to Dismiss by Defendant, HF Management Services, LLC, d/b/a Healthfirst, filed March 20, 2015.   On December 3, 2014, Plaintiff, on behalf of both himself and others similarly situated, commenced this action by filing a Complaint alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Healthfirst, Inc., D/B/A Healthfirst, HF Management Services, LLC, D/B/A Healthfirst, and Healthfirst PHSP, Inc., D/B/A Healthfirst.   Specifically, Plaintiff brought claims for violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL, N.Y. Lab. Law § 652(1); 12 NYCCRR § 142-2.1; (v) the requirement that employers pay wages to employees in accordance with the agreed terms of employment pursuant to NYLL §§ 190, 191, and 663(1); (vi) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL, N.Y. Lab. Law § 195(3); (vii) the requirement that employers furnish employees with wage notices annually and at the time of hire containing specific categories of accurate information under the NYLL, N.Y. Lab. Law § 195(1)(a); and (viii) any other claim(s) that can be inferred from the facts set forth herein.   Plaintiff brought the FLSA claims on behalf of himself and a putative collective under Section 216(b) consisting of current and former employees who, during the applicable three-year FLSA period, held the title "Managers of Sales." Moreover, he brought the NYLL claims on behalf of himself and putative

1

classes pursuant to Fed. R. Pro. 23, consisting of both "Managers of Sales" and "Facilitated Enrollers" who worked in New York during the relevant six-year NYLL period.

On February 20, 2015, Plaintiff, as of right, filed an Amended Complaint removing all claims against two Defendants, Healthfirst, Inc., d/b/a Healthfirst and Healthfirst PHSP, Inc., d/b/a, removing the seventh claim for relief for failure to furnish wage notices in violation of the NYLL against the remaining Defendant, HF Management Services, LLC, d/b/a Healthfirst (referred to simply as "Defendant" for the remainder of this document), and adding a specifically labeled FLSA Collective action claim, defined as "Collective Action B," for individuals employed and formerly employed as "Facilitated Enrollers" with Defendant during the applicable three-year limitations period  While this Amended Complaint specifically labeled the second collective at the time of the amendment, Defendant had been put on notice of the facts related to the size and generic makeup of the class of Facilitated Enrollers both by the facts of the original complaint and by the New York Labor Law class brought in the original complaint on behalf of all Facilitated Enrollers, which fully encompasses the newly added FLSA collective, as the NYLL Facilitated Enrollers claims is for a six-year period, while the narrower FLSA claims for the same group is for a smaller period with that same larger period.

Transparently taking the opportunity to delay these proceedings for as long as possible, which enables them to evaporate time off of the putative opt-ins claims, Defendant has yet to answer the Amended Complaint or the original Complaint filed in this matter.  Rather, Defendant filed this instant motion to dismiss on the last day of its time to answer, March 20, 2015.  It does not purport to be anything close to dispositive.

In its motion, Defendant asks the Court to dismiss, for failure to state a claim: (1) Plaintiff's claims related to Collective Action B; (2) Plaintiff's second and forth claims alleging

FLSA and NYLL minimum wage violations; and (3) Plaintiff's fifth claim alleging NYLL violations for failure to pay wages in accordance with the terms of employment.  As described fully below, Plaintiff has indeed pleaded facts sufficient to support the above-mentioned claims and the Court should deny Defendant's motion and end this delay charade.

## STATEMENT OF FACTS

The complete factual allegations are set forth in the Amended Complaint ("AC"), which is annexed to Plaintiff's Opposition as Exhibit "A."  Plaintiff's Original Complaint ("Complaint") is annexed to Plaintiff's Opposition as Exhibit "B."  However, for the Court's convenience, Plaintiff provides a brief summary of the pertinent factual allegations herein.[1]

From approximately August 2009 through January 25, 2012, Plaintiff, Kanwarpreet Thind, was employed by the Defendant as a "Facilitated Enroller".  AC ¶¶ 2, 32.  Between January 25, 2012 and August 2014, the Defendant employed Plaintiff in the title of "Manager of Sales."  Plaintiff filed the original Complaint December 3, 2014.

Throughout his employment in either position, Defendant required Plaintiff to work, and Plaintiff did in fact work, greater than forty hours each and every week without overtime pay as required by the FLSA and NYLL. *Id.* ¶¶ 2, 33-35. [2]

The individuals who make up the FLSA and NYLL putative classes are similarly situated individuals who worked days and hours comparable to Plaintiff. *Id.* 12, 20-21.

Accordingly, Plaintiff alleges that Defendant failed to pay Plaintiff, and those similarly situated, any pay for any hours worked beyond the first forty each week, and thus not overtime

---

[1] The Defendants have not moved to dismiss Plaintiff's first, third or sixth claims and therefore not all relevant facts related to these claims will be discussed herein.

[2] As noted in Plaintiff's Amended Complaint, in 2010, Healthfirst settled a lawsuit for greater than Seven Million Dollars that was brought in the United States District Court for the Eastern District of New York, *Willix v. Healthfirst, et al.*, Docket Number 07-cv-01143 (RER), against the Defendant named in this action, seeking unpaid overtime compensation for a similar class of workers to the Facilitated Enrollers.

pay, his/her/their straight time rates of pay, or even minimum wage rate of pay for any of those hours worked. *Id.* ¶ 12, 20, 35, 45, 54.  Plaintiff has alleged that, as just one example, he worked seventy and one-half hours during the week of August 11, 2014 through August 17, 2014 and was paid for only the first forty hours.  Thus, he is owed compensation for the additional thirty and one-half hours worked that week. *Id.*¶ 44.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) states that a claim will be dismissed only if it "fail[s] to state a claim upon which relief can be granted." In order to state a claim for relief, Fed. R. Civ. Pro. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, Rule 8 does not require "detailed factual allegations," but only that the statements in the complaint make the claimed violation of law "plausible on its face." *Id.* at 570.  This "plausibility" standard is satisfied by a complaint that contains enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Indeed, Rule 8 requires only that pleadings contain factual allegations that are sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Of course, on a motion to dismiss, the Court must also accept all factual allegations in the complaint as true (even if doubtful in fact), and draw all reasonable inferences in favor of the non-moving party. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Twombly*, 550 U.S. at 555.  Moreover, on a motion to dismiss, the court's review is limited to the pleading itself, and the court does not consider matters outside the pleadings. *Nakahata v. New*

4

*York-Presbyterian Healthcare System, Inc.,* 723 F.3d 192, 202-03 (2d Cir. 2006); *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 154–55 (2d Cir. 2006). As the Second Circuit has explained in FLSA cases such as this one, to plead a claim for unpaid overtime, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 114 (2d Cir. 2013)

## ARGUMENT

## I.   PLAINTIFF'S FACILITATED ENROLLER COLLECTIVE ACTION CLAIMS ARE TIMELY.

### A.   The statute of limitations does not bar Plaintiff's Collective Action B claims.

As will be discussed below, Plaintiff both filed a timely individual claim as relates to his work as a "Facilitated Enroller" and a timely claim for the putative collective of "Facilitated Enrollers".

#### 1.   Plaintiff has alleged an individual claim based on his work as a facilitated enroller in the original Complaint.

First, Defendants argue that Plaintiff has failed, in both his original and amended complaints, to bring any FLSA claims as in individual relative to the work he performed from August 24, 2009 through January 25, 2012. And, that based on this theory that Plaintiff had no individual claims, the claims brought for the collective in the amended complaint must be dismissed as untimely. Defendant must not have read either complaint.

To be sure, as both the original and amended pleading make plain, Plaintiff brought this action "on behalf of himself and all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs")." AC ¶ 1; Complaint at ¶ 1. This language, including the parenthetical which

defines and amplifies the "others similarly situated," appears in the very first introductory paragraph of Plaintiff's complaint. The plain language of Plaintiff's complaint is clear. Plaintiff sought to bring the action on behalf of himself **and** "all others similarly situated," whom he defined as the FLSA Plaintiff and/or the Rule 23 Plaintiffs

Defendant's citations to a district court case from the Western District of Tennessee, *Frye v. Baptist Memorial Hospital, Inc.*, 2011 WL 159548 (W.D. Tenn., 2011), a case from the District of Maryland, *Faust v. Comcast Cable Comms. Mgmnt*, No. WMN-10-CV-2336, 2013 WL 5587291 (D.Md. Oct. 9, 2013), and a case from the District of New Jersey. *Ochoa v. Pearson*, 2012 WL 95340 (D.N.J. Jan. 13, 2012), for the proposition that a Plaintiff bringing FLSA claims both as an individual and as a member of a collective action must strictly use the word "individually" to do so, are far from compelling. First, no court in the Second Circuit has *ever* held that an individual Plaintiff must specifically use the words "individual" or individually" in addition to the words "on behalf of himself" in order to plead an individual claim. Second, even were the Court persuaded by the reasoning in those cases, this case is easily distinguishable as here Plaintiff has clearly indicated an intent to bring this action individually, as Plaintiff clearly distinguished the difference between his claim as an individual and his claim as a class/collective member and class representative by annunciating the difference in his specifically defining the collective/class as the "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs". Indeed, a review of the cases cited by Defendant reveals that in none of the complaints[3] did the Ochoa, Faust, or Frye plaintiffs include language such as was included herein distinguishing the "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs" from the individual claims of the Plaintiff. In fact, the plaintiff in Frye, although stating in the caption that he is bringing the

---

[3] Attached hereto as Exhibit C are the complaints filed in the matters of Faust v. Comcast Cable Comms. Mgment, 2013 WL 5587291 (D.Md. Oct. 9, 2013), Frye v. Baptist Memorial Hospital, Inc., 2011 WL 159548 (W.D. Tenn. 2011), Ochoa v. Pearson, 2012 WL 95340 (D.N.J. Jan. 13, 2012) for the convenience of the Court.

complaint on behalf of himself and all others similarly situated, labeled his complaint as "A Representative Action Complaint," thus inferring that his claim on behalf of himself was only that of a member of the FLSA collective action. *Frye*, 2011 WL 159548 (Dkt. No. 1).  Similarly, the plaintiff in Faust referred to himself throughout the complaint as "The Representative Plaintiff," thus leaving no other inference other than that his use of the words "on behalf of himself" referred to his membership in the collective. *Faust*, 2013 WL 5587291 (Dkt. No. 1). Finally, in Ochoa, as to the FLSA claims made in the case, Plaintiff stated: "The named Plaintiff brings this First Claim for Relief as a Collective Action." *Ochoa*, 2012 WL 95340 (Dkt. No. 1).

Furthermore, Plaintiff repeatedly clarifies throughout his complaint that he is bringing individual claims both for his work as a "Facilitated Enroller" and a "Manager of Sales" when Plaintiff uses the language, "Plaintiff **and** FLSA Plaintiffs" throughout the allegations contained in Plaintiff's "First Claim for Relief against Defendants: Unpaid overtime under the FLSA," Complaint at ¶¶ 56-69, AC at ¶¶ 55-61.

Thus, Plaintiff clearly identified his claims as an individual plaintiff in this action. Defendant's arguments to the contrary, which rely on cases that did not contain such specific language are from places other than within this Circuit, are unavailing based on the specific way in which Plaintiff pleaded his claims here.

### 2.   Plaintiff's Collective Action B claims relate back to the original Complaint.

Plaintiff's claims brought in the amended complaint relate back to the original complaint filed on December 3, 2014, which Defendant admits had a timely FLSA claim relative to the Facilitated Enroller claims because the three year statute of limitations on those claims would have ran for Plaintiff on January 25, 2015, three years after the Plaintiff last worked in the position of "Facilitated Enroller."  Defendant acknowledges that the relation back rule pursuant

to Rule 15(c)(1)(C) applies to a case in which a party seeks to add additional plaintiffs to the original complaint. Def. MOL (Dkt. No. 23).

The standard in the Second Circuit for determining whether an amended pleading seeking to expand a class of plaintiffs will relate back to the original complaint is annunciated in *Arneil v. Ramsey*, 550 F.2d 774, 782 (2d Cir. 1977), *overruled on other grounds*. The *Arneil* court held that the original pleading must "adequately notify the defendants not only of the substantive claims being brought against them, but also of that number and generic identities of the potential plaintiffs who may participate in the judgement." *Id at* 782. In the case at bar, all original Defendants, including the remaining one, were clearly notified of both the substantive claims being brought, as well as the number and generic identities of the potential plaintiffs.

Throughout both Plaintiff's original and amended complaints, Plaintiff details the substantive claims via the facts that make up both his individual claims and the FLSA Plaintiffs' claims. For example, at paragraphs 33-38 of the original complaint, Plaintiff details all of the facts that make up the claims with respect to his job duties, pay, and hours worked as a facilitated enroller.

Additionally, Defendant was clearly on notice of the "number and generic identities of the potential plaintiffs" who compromise Collective Action B. *Arneil*, 550 F.2d 782. In this case, as compared to the cases to which Defendant cites, the Plaintiff brought, in his original complaint, NYLL claims as a Facilitated Enroller. Complaint ¶¶ 2-3, 5, 17-18, 21. Those claims clearly put Defendant on notice of the "number and generic identities of the potential plaintiffs," as the NYLL class is identical to the FLSA collective in terms of the generic identities of the potential class plaintiffs, only broader. Furthermore, based on that, Defendants were aware that the potential plaintiffs were a "number" obviously equal to or less than the number of NYLL

class members, as the statute of limitations is significantly longer for the NYLL claims than for the FLSA collective. NYLL ¶ 663(3); 29 U.S.C. ¶ 255.   Thus, Defendant was aware of the generic identities of the potential plaintiffs in collective action B and was well aware of the maximum number of potential plaintiffs.  The amendment only carved out a narrower group of the originally-plead plaintiffs.

### B.   Plaintiff's original written consent filed with the Court applies to the Amended Complaint

Defendant fails to cite a single case for its proposition that the written consent filed by Plaintiff on December 3, 2014 (Dkt. No. 1) does not apply to the Amended Complaint.  They simply make the rule up. [4]

To quite the contrary, the written consent in this matter, Docket No. 1, states Plaintiff's "consent to join the lawsuit, entitled KANWARPREET THIND, on behalf of himself and all those similarly situated, v. HEALTHFIRST, et al, Docket No.: [5]brought pursuant to the Fair Labor Standards Act, the New York State Labor Law, and the New York Code of Rules and Regulations."  Thus, Plaintiff was consenting to join any collective or class action brought against the Defendant in that action, not to joining claims raised in a specific complaint.  This would make entire sense, as both complaints contain claims brought pursuant to statutes other than the FLSA, and these individuals did not opt-in to those particular claims.

---

[4] Of note, a review of the Court's docket in the case of Willix v. Healthfirst, 2011 WL 754862 (E.D.N.Y. Feb. 18, 2011), a case filed against the same Defendant in 2007 for the same type of wage and hour claims in the case at bar which settled for greater than Seven Million dollars in 2011, evidences that in that matter the Complaint was amended **four** times and that at no time were second written consents filed for any of the one-hundred and twenty-one opt-in Plaintiffs even though the complaint was amended four times.  In fact, as Docket numbers 5 and 160 confirm, the exact same written consent was used for an opt in who joined the action on Sept. 1, 2009 as was filed by the first opt-in plaintiff on March 29, 2007.

[5] It should be noted that Defendant seeks to dismiss the class of Facilitated Enrollers even though on March 27, 2015 date, Bin Yang filed a consent to join this lawsuit (Dkt. No. 25) and has timely claims since she is a current employee.

Accordingly, Plaintiff's consent to join the action is a consent for the action even as amended.

## II.   PLAINTIFF HAS ADEQUATELY PLEADED FLSA AND NYLL MINIMUM WAGE VIOLATIONS.

Defendant also argues that Plaintiff has failed to allege any facts that would permit claims for violation of the minimum wage provisions of the FLSA and NYLL to proceed.  However, it is clear that Defendant fails to acknowledge (or at a minimum, understand) the fact that Plaintiff's complaint is ripe with facts that allege minimum wage violations for the hours that Plaintiff worked in excess of forty each week. Complaint ¶¶ 2, 13-14, 16, 21-22, 36-37, 46, 63-69, 77-83.

Indeed, the Amended Complaint is clear that Plaintiff's minimum wages claim is based on the fact that Defendants required him to work past the forty-hour overtime threshold but failed to pay him at any rate of pay, much less the minimum wage rate of pay, for this time worked.  Thus, Plaintiff has adequately pleaded a claim for unpaid minimum wages under the FLSA for the hours that he worked each week *in excess of forty*.

It is certainly true that under the FLSA, an employee does not have a minimum wage claim for uncompensated hours worked **below the forty-hour overtime threshold** unless the average hourly wage falls below the federal minimum wage. *Lundy*, 711 F.3d at 115 (emphasis added). This is because an employee who works additional hours **up to forty** without additional pay has essentially agreed to a reduction in pay for that time worked. *See id.* at 116 (citing *Klinghoffer*, 285 F.2d at 494 (2d Cir. 1960)) (emphasis added).

However, in those cases where an employee works past this forty-hour threshold, no such presumption is available and no such agreement can be inferred. *Cf. Dove v. Apple-Metro, Inc.*, 13-cv-1417 (Docket No. 59), at 6-7 (E.D.N.Y. Dec. 18, 2014) (rejecting the defendants'

argument that the plaintiffs failed to properly plead her minimum wage claims, noting that the plaintiffs sufficiently alleged "that defendants failed to compensate each of them for work he or she completed before and after their shifts on a daily basis")[6] (citing *Perry v. City of New York*, 2013 WL 6641893, at *3-4 (S.D.N.Y. June 19, 2013)); *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999) (noting that a weekly salary is presumed to cover forty hours). And indeed, "[t]here is a rebuttable presumption that an employer's payment of a weekly salary represents compensation for the first 40 hours of an employee's work-week; the burden is on the employer to rebut this presumption with evidence that the employer and employee had an agreement that the employee's weekly compensation would cover a different number of hours." *Berrios*, 849 F. Supp. 2d at 385; *see also Guallpa v. N.Y. Pro Signs, Inc.*, 2014 WL 2200393, at *3 (S.D.N.Y. May 27, 2014); *Amaya*, 2012 WL 130425, at *6-9 (agreement regarding weekly salary for more than forty-hour work week does not comply with statutes without explicit agreement as to inclusion of overtime premium); *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999). "Courts have made clear that unless the contracting parties intend and understand the weekly salary to include overtime hours at the premium rate, courts do not deem weekly salaries to include the overtime premium for workers regularly logging overtime, but instead hold that the weekly salary covers only the first 40 hours." *Id.* Such a contract cannot be inferred, as there must be evidence that the plaintiff understands that his weekly wages included a premium for time and one half for the hours worked over forty. *Id.* at 387; *see also Norceide v. Cambridge Health Alliance*, 814 F. Supp. 2d 17, 24 (D. Mass. 2011) (allowing minimum wage claim to proceed based on argument that flat salary covered only first forty hours).

---

[6] For the Court's convenience, a copy of the relevant Memorandum & Order for this case is attached as Exhibit D.

Here, the pleadings are plain that Plaintiff did not bring a minimum wage claim, or any claim, predicated on how the Defendant paid him for *the first forty hours* of work per week. Rather, Plaintiff claims that his salary covered only the first forty hours that he worked per week, he worked far in excess of forty hours, and the Defendant paid him nothing, and thus not the minimum wage rate for his time. This is a valid minimum wage theory and Defendant's motion to dismiss these claims should be denied.

### III.   PLAINTIFF'S FIFTH CLAIM BASED ON NYLL ¶ ¶ 663 (1), 190[7], 191 ADEQUATELY ALLEGES NYLL VIOLATIONS FOR THE FAILURE TO PAY WAGES IN ACCORDANCE WITH THE AGREED TERMS OF EMPLOYMENT.

#### A.   NYLL ¶ 663(1) provides redress for a claim of failure to pay wages in accordance with the agreed terms of employment.

First, Defendant argues that Plaintiff's amended complaint fails to state a claim under NYLL 663(1) because the section is only a remedial/enforcement scheme and does not set forth any substantive obligations giving rise to a cause of action. However, a plain reading of NYLL 663(1) reveals Defendant is clearly mistaken. Defendant cites to no case law that supports such an argument, and relies instead on its own *ipse dixit* and how the Court buys it whole.

Section 663(1) reads as follows:

> § 663. Civil action. 1. By employee. If any employee is paid by his
> or her employer less than the wage to which he or she is entitled
> under the provisions of this article, he or she shall recover in a
> civil action the amount of any such underpayments, together with

---

[7]  While Defendant points out that NYLL ¶190 is a "definition section for use in other sections", Plaintiff's reference to Section 190 is just that – a reference to the definitions of an employee to be read in conjunction with NYLL 663(1).

> costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action.

Thus, it is clear that Plaintiff can directly recover from the Defendant for violations of this section.

### B.   The Amended Complaint alleges a violation of NYLL section 191 because it alleges that Defendant failed to pay Plaintiff as agreed pursuant to a verbal employment agreement.

Defendant also argues that NYLL ¶ 191 does not support a claim for relief unless it is based on a claim relative to the frequency of payments. Again, Defendant is clearly mistaken. Defendant is improperly citing to only a part of the language of the statute. Section 191 provides that employees "shall be paid wages earned in accordance with the terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer." NYLL § 191(1)(d); Def. MOL at 19.

Even if the Court were to agree that this section of the NYLL applies only to claims regarding frequency of payment, Plaintiff clearly makes such a claim. Plaintiff alleges that he was not paid his full and duly owed wages on each and every pay day. Complaint ¶¶ 34-35, 44-45.

### C.   Plaintiff has adequately alleged facts related to Defendant's failure to pay pursuant to the terms of his employment.

Defendant argues, without any basis in the law or the statutory language of the NYLL, that, in order to set forth a claim under NYLL ¶¶663(1), 190, and 191, Plaintiff must allege that

Defendant breached a contract with the Plaintiff. Nowhere does the NYLL support an argument that a claim for failing to pay pursuant to the terms of employment should be analyzed under the standards of a state law breach of contract claim. Defendant further argues that Plaintiff did not even make any allegations as to what his agreed terms of employment were. This is wholly untrue even if the breach of contract standard were the requisite standard to be applied.

First, Defendant's citation to *Berman v. Sugo, LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) is clearly inappropriate here. Plaintiff has not brought an action for breach of contract as did the Plaintiff in *Berman*, a case in which there were no allegations pursuant to the NYLL. Rather, Plaintiff's claims here relate to the failure of Defendant to pay Plaintiff in accordance with the financial terms of employment which are actionable under the NYLL.

Furthermore, Plaintiff clearly alleges, in both his original and amended complaint, as is related to both the positions of "Facilitated Enroller" and "Manager of Sales" specific facts related to the duties he was required to perform of each job, the hours that he was *required* to work, and the agreed to salary that Plaintiff received for the first forty hours worked each week for each position he held. Complaint ¶¶ 34-36, 44-46, 48-52,; AC ¶¶ 33-35, 43-44, 47-51. Plaintiff, thereafter, alleged that he was not properly compensated for all the hours that he worked. Complaint ¶¶ 36, 46; AC ¶¶ 35, 44. Thus, Plaintiff clearly has sufficiently pleaded allegations and facts that the terms of employment agreed to between the parties was violated.

## CONCLUSION

In the event that the Court finds that the addition of language to the caption would be helpful or necessary, Plaintiff requests permission to do so.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss, and grant Plaintiff any additional further relief that the Court deems just and proper.

Dated: Great Neck, New York
      April 3, 2015

<div style="margin-left: 40%;">

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Blvd. Suite 328
Great Neck, New York 11021
Tel. (516) 248 - 5550
Fax. (516) 248 - 6027

</div>

By: *Kelly A. Magnuson*
            KELLY A. MAGNUSON, ESQ. (KM0234)
            ALEXANDER T. COLEMAN (AC1717)
            MICHAEL J. BORRELLI (MB8533)