**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KANWARPREET THIND, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>      v.<br><br>HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST,<br><br>                Defendant. | Civil Docket No. 14-cv-09539-LGS<br><br>ECF Case<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

**LEVINE LEE LLP**
Seth L. Levine
Scott B. Klugman
Aaron I. Karp
666 Fifth Avenue
New York, New York 10103
Telephone:  (212) 223-4400

*Attorneys for Defendant*
*HF Management Services, LLC*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ..................................................................................................................... 2

  I.    PLAINTIFF'S FACILITATED ENROLLER COLLECTIVE ACTION CLAIMS
SHOULD BE DISMISSED ........................................................................................ 2

    A.  The Statute of Limitations Bars Plaintiff's Collective Action B Claims Because He Did
Not File the Amended Complaint within the Statutory Period ...................................... 2

      1.  Plaintiff Did Not Allege an Individual FLSA Claim Based on His Work as a
Facilitated Enroller in the Original Complaint ................................................... 2

      2.  The Collective Action B FLSA Claims Do Not Relate Back to the Filing of the
Original Complaint ............................................................................................ 5

    B.  The Statute of Limitations Bars Plaintiff's Collective Action B Claims Because He Did
Not File a Timely Written Consent .............................................................................. 5

  II.   PLAINTIFF'S SECOND AND FOURTH CLAIMS ALLEGING FLSA AND NYLL
MINIMUM WAGE VIOLATIONS SHOULD BE DISMISSED ............................... 7

  III.  PLAINTIFF'S FIFTH CLAIM ALLEGING AN NYLL VIOLATION FOR THE
FAILURE TO PAY WAGES IN ACCORDANCE WITH THE AGREED TERMS OF
EMPLOYMENT SHOULD BE DISMISSED ......................................................... 9

CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Albritton v. Cagle's, Inc.*, 508 F.3d 1012 (11th Cir. 2007)............................................................ 6

*Amaya v. Superior Tile and Granite Corp.*, 10-CV-4525 (PGG), 2012 WL 130425
    (S.D.N.Y. Jan. 17, 2012) ........................................................................................................ 8

*Beach v. Citigroup Alt. Invs. LLC*, No. 12-CV-7717 (PKC), 2014 WL 904650
    (S.D.N.Y. Mar. 7, 2014)......................................................................................................... 5

*Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372 (E.D.N.Y. 2012) .................. 8

*Frye v. Baptist Mem. Hosp., Inc.*, No. 07-CV-2708, 2011 WL 1595458 (W.D. Tenn. Apr. 27,
    2011), *aff'd*, 2012 WL 3570657 (6th Cir. Aug. 21, 2012) ...................................................... 3

*Giles v. City of New York,* 41 F. Supp. 2d 308 (S.D.N.Y. 1999)................................................. 8

*Guallpa v. NY Pro Signs Inc.,* No. 11 Civ. 3133 (LGS), 2014 WL 2200393
    (S.D.N.Y. May 27, 2014), *report and recommendation adopted by* 2014 WL 4105948
    (S.D.N.Y. Aug. 18, 2014) .................................................................................................. 7, 8

*Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313 (RMB)(JLC), 2014 WL 3058438
    (S.D.N.Y. Jul. 2, 2014)........................................................................................................... 8

*Marin v. Apple-Metro*, 13-cv-1417 (E.D.N.Y. Dec. 18, 2014)..................................................... 8

*Norceide v. Cambridge Health Alliance,* 814 F. Supp. 2d 17 (D. Mass. 2011) ........................... 8

*Ochoa v. Pearson Educ., Inc.*, No. 11-CV-1382 DMC-JAD, 2012 WL 95340
    (D.N.J. Jan. 12, 2012)........................................................................................................ 3, 4

*Oram v. Soulcycle LLC*, 979 F. Supp. 2d 498 (S.D.N.Y. 2013) ................................................... 8

*United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487 (2d Cir. 1960)......................... 7, 8

**Statutes**

29 U.S.C. 206(a)……………………………………………………………… ........................... 7

NYLL § 190 .................................................................................................................................. 9

NYLL § 191 .................................................................................................................................. 9

NYLL § 663(1) .............................................................................................................................. 9

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................. 1

Federal Rule of Civil Procedure 15(c)(1)(C) ........................................................... 5

Healthfirst respectfully submits this reply memorandum of law in further support of its partial motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## PRELIMINARY STATEMENT

As demonstrated in Healthfirst's opening brief, the Court should dismiss Plaintiff's Collective Action B FLSA claims, as well as his minimum wage claims and employment agreement claim in their entirety.

Plaintiff's assertion that his Collective Action B FLSA claims are not time-barred is without merit.  As Plaintiff concedes, a representative-capacity FLSA claim will not be construed to separately allege an individual claim unless the complaint clearly puts the employer on notice of an intent to file a dual-capacity claim.  The original Complaint merely tracked the statutory language of the FLSA provision authorizing collective action claims and provided no indication that Plaintiff intended to bring an FLSA claim that was distinct from the putative collective action.  Thus, the Court should conclude that the original Complaint did not allege an individual FLSA claim.  As a result, Plaintiff's Collective Action B FLSA claims are time-barred because these new claims, first alleged in the Amended Complaint after the expiration of the relevant statute of limitations, do not relate back to the filing of the original Complaint.

In addition, Plaintiff's Collective Action B FLSA claims are time-barred because he has not filed a written consent opting into Collective Action B.  Plaintiff does not dispute that this Court should interpret his written consent according to its plain meaning and should not rewrite it to broaden its scope.  The plain meaning of Plaintiff's written consent demonstrates that he only consented to opt into the single collective action identified in the Complaint and did not

---

[1]  Capitalized terms used and not defined herein have the same meaning as in Healthfirst's Memorandum of Law in Support of Defendant's Partial Motion to Dismiss the Amended Complaint ("Def. Mem.") (ECF No. 23).

agree to opt into any distinct collective actions later added to the case, such as Collective

Action B.  Plaintiff's Collective Action B FLSA claims are therefore barred by the statute of

limitations.

The Court should also reject Plaintiff's assertion that he has alleged plausible minimum

wage claims because it is contrary to controlling authority.  Under binding Second Circuit

precedent, the weekly-average method applies to minimum wage claims, and Plaintiff does not

dispute that, under that method, both of his minimum wage claims fail as a matter of law.

Finally, Plaintiff fails to rebut Healthfirst's showing that his NYLL employment

agreement claim fails because the NYLL provisions underlying this claim do not provide relief

for such a claim and the Amended Complaint does not plausibly allege facts showing that

Healthfirst breached any agreement concerning the terms of Plaintiff's employment.

## ARGUMENT

### I.    PLAINTIFF'S FACILITATED ENROLLER COLLECTIVE ACTION CLAIMS SHOULD BE DISMISSED

As demonstrated in Healthfirst's opening brief, Plaintiff's putative Collective Action B

FLSA claims brought on behalf of himself and others working under the title of Facilitated

Enroller are barred by the statute of limitations for two reasons:  (1) Plaintiff did not work as a

Facilitated Enroller during the three-year period that preceded the filing of the Amended

Complaint; and (2) Plaintiff has not filed a written consent to opt into Collective Action B.

### A.  The Statute of Limitations Bars Plaintiff's Collective Action B Claims Because He Did Not File the Amended Complaint within the Statutory Period

#### 1.  Plaintiff Did Not Allege an Individual FLSA Claim Based on His Work as a Facilitated Enroller in the Original Complaint

Plaintiff's assertion that the Court should conclude that his original Complaint alleged

dual-capacity FLSA claims, *i.e.*, claims filed both individually and in a representative capacity,

should be rejected.  Indeed, the law is unsettled as to whether the FLSA even permits dual-capacity FLSA claims.  *See Frye v. Baptist Mem. Hosp., Inc.*, No. 07-CV-2708, 2011 WL 1595458, at *5 (W.D. Tenn. Apr. 27, 2011) ("*Frye I*"), *aff'd*, 2012 WL 3570657 (6th Cir. Aug. 21, 2012) ("*Frye II*").  To the extent that courts have suggested that such claims may be permissible, they have uniformly held that an FLSA collective action claim will not be construed to be a dual-capacity claim unless the complaint "'***clearly*** put[s] the employer and the court on notice of' [plaintiff's intent to file in that capacity." *Id.* (internal quotation omitted) (emphasis added); (*see also* Def. Mem. at 9 (collecting cases)).  Plaintiff fails to cite any authority that suggests a different legal standard should apply.  (*See* Pl. Mem.[2] at 10-12.)  As the original Complaint nowhere ***clearly*** provides notice of an intent to file a dual-capacity claim, the Court should conclude that none of Plaintiff's FLSA collective action claims is also alleged in an individual capacity.

Plaintiff asserts that the Court should find that he alleged individual FLSA claims for two reasons, both of which fail.  First, Plaintiff points to the fact that the Complaint was brought "on behalf of himself and all others similarly-situated."  (Pl. Mem. at 5.)  As Healthfirst demonstrated in its opening brief, however, this language merely tracks the statutory language of the FLSA's collective action provision, and courts have uniformly concluded that such language evidences only an intent to sue collectively.  *See, e.g.*, *Ochoa v. Pearson Educ., Inc.*, No. 11-CV-1382 DMC-JAD, 2012 WL 95340, at *4 (D.N.J. Jan. 12, 2012); *Frye I*, 2011 WL 1595458 at *5.  In fact, Plaintiff attaches three complaints to his opposition papers that were found not to have alleged an individual FLSA claim, and all three complaints include the language in the Complaint or language that is substantively identical.  (*See* Pl. Mem. at 6 & Ex. C (ECF No.

---

[2] As used herein, "Pl. Mem." shall refer to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (ECF No. 29).

29-1) at 48 (alleging claims "on behalf of themselves and all others similarly situated"), 57

(alleging claims "on behalf of themselves and all other persons similarly situated"), 71 (alleging

claims "on behalf of himself and others similarly situated").)

Second, Plaintiff asserts that the Complaint clearly provides notice of a dual-capacity suit

because he defined the "others similarly situated" as "FLSA Plaintiffs" and alleged the FLSA

claims on behalf of "Plaintiff and FLSA Plaintiffs."  (Pl. Mem. at 5-7.)  But the Complaint's

grouping of "Plaintiff and FLSA Plaintiffs" together only reinforces the conclusion that there is

no clear evidence in the Complaint that Plaintiff intended to allege individual FLSA claims

distinct from the Collective Action claims.  In the paragraphs contained under the First and

Second Claims in the Complaint, each allegation is alleged on behalf of "Plaintiff and FLSA

Plaintiffs" together without any indication that Plaintiff intended to bring an FLSA claim that

was distinct from the collective action.  (*See* Compl. ¶¶ 56, 58-59, 61-63, 65-66, 68-69.)  Indeed,

one of the complaints attached to Plaintiff's opposition papers separately alleged certain of the

FLSA-claim related allegations on behalf of only the named plaintiff (Pl. Mem., Ex. C (ECF No.

29-1) at 74-75) but the court nevertheless found that it did not allege an individual-capacity

claim.  *Ochoa*, 2012 WL 95340 at *4.  In addition, the attached *Frye* complaint alleged the

FLSA claims in the same manner as here—setting forth allegations on behalf of "Plaintiff and

the putative members of the FLSA representative action"—despite not having defined the

"similarly situated" individuals as "FLSA Plaintiffs."  (Pl. Mem., Ex. C (ECF No. 29-1) at 53-

54.)

Because the Court should conclude that the Complaint did not put Healthfirst on notice

that Plaintiff intended to bring his FLSA claims in a dual capacity, the Court should conclude

that the Complaint did not assert any FLSA claims in an individual capacity.

4

2.  *The Collective Action B FLSA Claims Do Not Relate Back to the Filing of the Original Complaint*

Plaintiff does not dispute that Federal Rule of Civil Procedure 15(c)(1)(C) applies here because the Amended Complaint seeks to add new parties to the proceeding.  (Pl. Mem. at 7-8.) Plaintiff likewise acknowledges that an amended pleading does not relate back unless the original pleading provides notice of, *inter alia*, "'the substantive claims being brought.'"  (Pl. Mem. at 8 (citation omitted)); *see also Beach v. Citigroup Alt. Invs. LLC*, No. 12-CV-7717 (PKC), 2014 WL 904650, at *20 (S.D.N.Y. Mar. 7, 2014) (stating that the claims of newly named plaintiffs in a class action relate back only if "they are identical to the claims already asserted" and "would not unduly surprise or prejudice the defendants.").  Thus, Plaintiff's Collective Action B claims do not relate back because the original Complaint provided Healthfirst with no notice of the FLSA ***claims*** that Plaintiff sought to bring on behalf of the Facilitated Enrollers.

Whereas the original Complaint asserted NYLL claims on behalf of Class A (Managers for Sales) and Class B (Facilitated Enrollers), it asserted FLSA claims only on behalf of Managers for Sales.  (Compl. ¶ 13.)  As a result, the original Complaint provided Healthfirst with no notice that Plaintiff intended to bring a new collective action on behalf of a distinct group of employees.  Thus, the Collective Action B FLSA claims do not relate back to the original Complaint and are therefore barred by the statute of limitations.

## B.  The Statute of Limitations Bars Plaintiff's Collective Action B Claims Because He Did Not File a Timely Written Consent

Plaintiff's unsupported assertion that the Court should construe his Consent form as opting into a new, distinct collective action that was later added to the litigation is without merit. Plaintiff does not dispute Healthfirst's argument that this Court should interpret his written consent according to its "plain meaning" and should not "rewrite [it] to broaden [its] scope."

5

(Def. Mem at 15 (citing *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1018-19 (11th Cir. 2007).)

Plaintiff's concession should result in the dismissal of his Collective Action B FLSA claims

because there is nothing in the Consent form that suggests it applies to any new collective actions

later added to the case.  (*See* Def. Mem. at 15-16.)

      Plaintiff asserts that the Court should find the Consent form applies to Collective

Action B because it states that Plaintiff "consent[ed] to join the lawsuit."  (Pl. Mem. at 9.)  There

is no dispute, however, that Collective Action B was not part of the lawsuit when Plaintiff

consented to join it, and the plain language of the Consent form ("CONSENT TO JOIN

COLLECTIVE ACTION" as opposed to "ACTIONS") makes clear that Plaintiff opted into only

the single collective action identified in the original Complaint.  (Def. Mem. at 15-16.)  In

addition, Plaintiff does not dispute that the Consent form does not contain any language

authorizing Plaintiff's counsel to file a separate collective action or indicate that Plaintiff

consented to join any such separate action should one be filed in the future.  (*See id.*)  In the

absence of any such language, the Court should not rewrite Plaintiff's Consent form to broaden

its plain language to make it apply to any new collective actions later added to this case, such as

Collective Action B.  Accordingly, the Court should conclude that Plaintiff's Collective Action

B claim is barred by the statute of limitations because he has yet to opt into that collective action

and more than three years has elapsed since he last worked as a Facilitated Enroller.[3]

---

[3]  In a footnote, Plaintiff points to the fact that in a prior FLSA case filed against Healthfirst the opt-in plaintiffs did not file supplemental written consents after the complaint was amended.  (*See* Pl. Mem. at 9 n.4.)  This issue, however, was not litigated in that case, and Plaintiff does not suggest that the amended complaints added a new, distinct collective action.  Thus, this prior lawsuit is not relevant to the issues presented here.  Nor is it relevant that a current Healthfirst employee filed a written consent (*see id*. at 9 n.5) because it has no impact on the timeliness of Plaintiff's FLSA claims, which are the only claims presently in this case.

## II.   PLAINTIFF'S SECOND AND FOURTH CLAIMS ALLEGING FLSA AND NYLL MINIMUM WAGE VIOLATIONS SHOULD BE DISMISSED

Plaintiff's assertion that the Court should use the hour-by-hour method, as opposed to the weekly-average method, for determining whether there is a minimum wage violation is directly contrary to in the law of this Circuit.  Plaintiff contends that, in determining whether there is a minimum wage violation, the Court should allocate the entirety of Plaintiff's salary to the first forty hours that he worked each week and conclude (assuming the truth of the Amended Complaint's allegations) that Plaintiff was paid $0.00 per hour for any overtime he worked.  The Second Circuit expressly rejected this construction of the minimum wage laws in *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487 (2d Cir. 1960).

In that case, defendants were convicted of violating the FLSA's minimum wage provision because they required certain employees to perform additional overtime work without compensation.  *Id.* at 489.  On appeal from that conviction, the government made the same argument that Plaintiff raises here:  that the court should conclude that the employees were paid $0.00 for overtime work because the defendants allocated the weekly wage to the other work performed by these employees.  *Id.* at 490.  The Second Circuit rejected this argument, stating:

> If the total wage paid to each guard in this case during any given week is divided by the total time he worked that week, the resulting average hourly wage exceeds $1.00 [the then-existing minimum wage] for every week and every guard involved.  We believe this is all that is necessary to meet the requirements of 206(a). . . . [S]o long as this weekly requirement is met, 206(a) is not violated if the parties by agreement treat all of that wage as being paid for part of the work and regard certain other work as done for nothing.

*Id.*  Here, Plaintiff's minimum wage claim fails for the same reason.

Notably, the cases cited by Plaintiff actually refute his argument.  In *Guallpa v. NY Pro Signs Inc.,* No. 11 Civ. 3133 (LGS), 2014 WL 2200393 (S.D.N.Y. May 27, 2014), *report and recommendation adopted by* 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014), Magistrate Judge

Maas, at Your Honor's direction, conducted an inquest on damages for FLSA and NYLL overtime and minimum wage claims based on the defendant's default. *Id.* at *1. Despite the fact that the defendant did not oppose the plaintiff's inquest submission, the Court recommended that Your Honor conclude that "the weekly wage [plaintiff] received throughout his employment complied with the then-existing minimum wage requirements" and that the plaintiff was "not entitled to any unpaid minimum wages even though his complaint sought such damages." *Id.* at *4. In reaching this recommendation, the Court applied the weekly-average method, and further held that the plaintiff's pay should be measured against a 40-hour week even though the complaint alleged that plaintiff worked overtime. *Id.* at *4 & n.3. Your Honor adopted Magistrate Judge Maas's report and recommendation in its entirety. *Guallpa*, 2014 WL 4105948, at *1.

The only other case that Plaintiff cites addressing the standard applicable to a minimum wage claim is *Norceide v. Cambridge Health Alliance,* 814 F. Supp. 2d 17 (D. Mass. 2011). In that case, while the District of Massachusetts adopted the hour-by-hour method, it expressly stated that this standard has been rejected by the Second Circuit in *Klinghoffer*. *Id.* at 22-25.[4]

Plaintiff offers no basis for this Court to reject the well-settled *Klinghoffer* rule adopting the weekly-average method as applicable to minimum wage claims in this Circuit. *See, e.g.*, *Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313 (RMB)(JLC), 2014 WL 3058438, at *3 (S.D.N.Y. Jul. 2, 2014); *Oram v. Soulcycle LLC*, 979 F. Supp. 2d 498, 505-06 (S.D.N.Y. 2013). Plaintiff's FLSA and NYLL minimum wage claims should therefore be dismissed.

---

[4] The other cases cited by Plaintiff, all of which are district court decisions, did not involve minimum wage claims, *Amaya v. Superior Tile and Granite Corp.*, 10-CV-4525 (PGG), 2012 WL 130425, at *6-9 (S.D.N.Y. Jan. 17, 2012); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 385 (E.D.N.Y. 2012); *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999), or did not apply the hour-by-hour standard, (Pl. Mem. Ex. D at 84 (ECF No. 29-1) (*Marin v. Apple-Metro*, 13-cv-1417, slip op. at 6 (E.D.N.Y. Dec. 18, 2014)) (distinguishing that case from those involving unpaid overtime claims on the ground that the plaintiff asserted that she "was underpaid for *all* of the hours she worked").)

### III.   PLAINTIFF'S FIFTH CLAIM ALLEGING AN NYLL VIOLATION FOR THE FAILURE TO PAY WAGES IN ACCORDANCE WITH THE AGREED TERMS OF EMPLOYMENT SHOULD BE DISMISSED

The Court should dismiss Plaintiff's Fifth Claim alleging a violation of NYLL §§ 190, 191 and 663(1) based on Healthfirst's alleged failure to comply with the agreed terms of employment for the reasons set forth in Healthfirst's opening brief.  Plaintiff does not oppose Healthfirst's position that he has no claim under NYLL § 190.  (Pl. Mem. at 12 n.7.)  In addition, Plaintiff's arguments that he has stated a claim under NYLL §§ 191 and 663(1) are without merit for the following reasons.

First, as Plaintiff's opposition demonstrates, NYLL § 663(1), by its plain terms, only creates a cause of action based on the violation of another provision of the New York Minimum Wage Act.  (Pl. Mem. at 12-13 (providing for a civil action for an employee paid "less than the wage to which he or she is entitled under the provisions of this article [Article 19 of Chapter 31 of New York's Consolidated Laws, which is titled the 'Minimum Wage Act']") (quoting NYLL § 663(1)).)  As Plaintiff has failed to identify any provision of the Minimum Wage Act that provides a statutory cause of action for failure to comply with the terms of an employment agreement, the Amended Complaint does not plausibly state a claim under NYLL § 663(1).

Second, Plaintiff offers no support for his assertion that he can bring a claim under NYLL § 191 based on the alleged failure to pay the full amount of wages owed.  It is settled law that a Section 191 claim must be based on the timing of payments, not their amounts.  (*See* Def. Mem. at 19-20 (collecting cases).)  As Plaintiff does not dispute that the Amended Complaint fails to allege a violation of the NYLL based on the timing or frequency of the payments made to Plaintiff, the Amended Complaint does not allege a violation of NYLL § 191.

Third, the Amended Complaint does not plausibly allege facts supporting any assertion that Healthfirst violated the agreed terms of employment.  Plaintiff's opposition papers reinforce

the complete absence of allegations identifying the agreed-upon terms of Plaintiff's employment because they do not identify any allegation in the Amended Complaint setting forth such terms. (*See* Pl. Mem. at 13-14.)  As Plaintiff appears to concede in opposition, the Amended Complaint alleges only that Plaintiff was not properly compensated for all of the hours that he worked, but fails to include allegations that would plausibly support a claim that Healthfirst's failure to do so violated an agreement between the parties.  (*See id.*)

## CONCLUSION

The Court should dismiss Plaintiff's FLSA Collective Action B claims; dismiss the Second, Fourth and Fifth Claims in the Amended Complaint in their entirety; and grant any and all further relief as may be just and proper.

Dated:  New York, New York
        April 10, 2015

LEVINE LEE LLP

By:    s/ Seth L. Levine
       Seth L. Levine
       Scott B. Klugman
       Aaron I. Karp
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
slevine@levinelee.com
sklugman@levinelee.com
akarp@levinelee.com

*Attorneys for Defendant*
*HF Management Services, LLC*

10