**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KANWARPREET THIND, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST,<br><br>     Defendant. | Civil Docket No. 14-cv-09539-LGS<br><br>ECF Case<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT HF MANAGEMENT SERVICES, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE PURSUANT TO 29 U.S.C. § 216(B)**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ................................................................................................................... 2

    A.    Healthfirst ................................................................................................... 2

    B.    Plaintiff Kanwarpreet Thind ....................................................................... 3

    C.    Plaintiff's "Collective Action B" FLSA Claims ........................................ 3

            1.    Healthfirst's Policy Required Facilitated Enrollers to Be Paid for All
                 Overtime Work ................................................................................ 4

            2.    Plaintiff Admitted that the Amended Complaint's Allegations Concerning
                 His Overtime Work as a Facilitated Enroller Are False ............................ 4

            3.    Plaintiff's Sworn Statements During Discovery Establish that He Has No
                 Knowledge that Other Facilitated Enrollers Were Not Paid for their
                 Overtime Work ................................................................................ 6

    D.    Plaintiff's "Collective Action A" FLSA Claims ....................................... 6

            1.    Healthfirst's Written Job Description Directly Contradicts the Amended
                 Complaint's Allegations Concerning a Manager's Job Duties ................... 7

            2.    Plaintiff's Deposition Testimony Establishes that the Amended
                 Complaint's Allegations Concerning His Job Duties as a Manager Are
                 False ................................................................................................ 8

            3.    Plaintiff's Deposition Testimony Establishes that He Has No Knowledge
                 Concerning the Actual Duties of Other Managers .................................... 9

LEGAL STANDARD ............................................................................................................ 9

ARGUMENT ........................................................................................................................ 10

I.    THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR CONDITIONAL
    CERTIFICATION ...................................................................................................... 10

    A.    The Court Should Not Conditionally Certify a Collective Action Because Plaintiff
         Has Admitted that the Factual Allegations in His Complaint Are False .............. 12

    B.    Plaintiff Has Not Demonstrated that He Is Similarly Situated to Other Facilitated
         Enrollers ............................................................................................................ 13

1. Plaintiff's Motion to Certify a Class of Facilitated Enrollers Is Moot Because the Complaint's Collection Action B FLSA Claims Fail as a Matter of Law ........................................................................................... 13

2. The Court Should Deny Plaintiff's Motion to Certify Collective Action B Because He Has Made No Showing that Any Other Facilitated Enroller Was Subject to a Common Policy that Violated the FLSA ...................... 14

C. Plaintiff Has Not Demonstrated that He Is Similarly Situated to Other Managers ................................................................................................ 16

1. The Testimony of Healthfirst's Corporate Representative Refutes Plaintiff's Assertion that Other Managers Performed Primarily Non-Managerial Duties .................................................................................. 18

2. Plaintiff's Declaration Provides No Evidence that Other Managers Performed Primarily Non-Managerial Job Duties in Contravention of the Formal Job Description ............................................................................. 19

D. The Cases Relied on by Plaintiff Do Not Support Granting Conditional Certification on the Record before the Court ......................................... 21

II. ALTERNATIVELY, TO THE EXTENT THE COURT DOES NOT DENY PLAINTIFF'S MOTION IN ITS ENTIRETY, IT SHOULD PROVIDE A MORE LIMITED NOTICE THAN THAT REQUESTED BY PLAINTIFF .............................. 22

A. Notice and Contact Information Should Be Limited to Facilitated Enrollers on Plaintiff's Team and Managers in the Interboro Division ................................... 22

B. Plaintiff's Requests to Post Notice Should Be Denied ......................................... 23

C. The Proposed Consent Form Should Be Revised ................................................. 23

CONCLUSION ................................................................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Benitez v. Demco of Riverdale, LLC*,
No. 14-CV-7074 (CM), 2015 WL 3780019 (S.D.N.Y. Jun. 15, 2015)....................................21

*Clarke v. JP Morgan Chase Bank, N.A.*,
No. 08-CV-2400 (CM) (DCF), 2010 WL 1379778 (S.D.N.Y. Mar. 26, 2010).................13, 14

*Costello v. Kohl's Illinois, Inc.*,
No. 13-CV-1359 (GHW), 2014 WL 4377931 (S.D.N.Y. Sept. 4, 2014).................................11

*Cuzco v. Orion Builders, Inc.*,
477 F. Supp. 2d 628 (S.D.N.Y. 2007) .....................................................................................21

*Guaman v. 5 "M" Corp.*,
No. 13-CV-03820 (LGS), 2013 WL 5745905 (S.D.N.Y. Oct. 23, 2013) ....................10, 11, 23

*Guillen v. Marshalls of MA, Inc.*,
750 F. Supp. 2d 469 (S.D.N.Y. 2010) .....................................................................................17

*Hernandez v. Merrill Lynch & Co.*,
No. 11-CV-8472 (KBF), 2012 WL 1193836 (S.D.N.Y. Apr. 6, 2012) ...................................23

*Keller v. Axa Equitable Life Ins. Co.*,
No. 12-CV-4565 (LTS)(RLE), 2013 WL 6506259 (S.D.N.Y. Dec. 12, 2013).........................14

*Khan v. Airport Mgmt. Servs., LLC*,
No. 10-CV-7735 (NRB), 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) .................................17

*Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff*,
638 F. Supp. 714, (S.D.N.Y. 1986) .........................................................................................12

*LeGrand v. Educ. Mgmt. Corp.*,
No. 03-CV-9798 (HB)(HBP), 2004 WL 1962076 (S.D.N.Y. Sept. 2, 2004) ..........................21

*Mugno v. Societe Internationale De Telecommunications Aeronautiques, Ltd.*,
No. 05-CV-2037 (DRH)(ARL), 2007 WL 316573 (E.D.N.Y. Jan. 30, 2007).........................15

*Myers v. Hertz Corp.*,
624 F.3d 537 (2d Cir. 2010)..............................................................................................10, 11

*Postiglione v. Crossmark, Inc.*,
No. 11-CV-960, 2012 WL 5829793 (E.D. Pa. Nov. 15, 2012)...............................................20

*Salzmann v. Prudential Secs. Inc.*,
   No. 91-CV-4253 (KTD), 1994 WL 191855 (S.D.N.Y. May 16, 1994) ................................... 12

*Santana v. Fishlegs, LLC*,
   No. 13-CV-1628 (LGS), 2013 WL 5951438 (S.D.N.Y. Nov. 7, 2013) ................. 10, 11, 15, 22

*Shajan v. Barolo, Ltd.*,
   No. 10-CV-1385 (CM), 2010 WL 2218095 (S.D.N.Y. Jun. 2, 2010) ..................................... 23

*Zivali v. AT&T Mobility, LLC*,
   784 F. Supp. 2d 456 (S.D.N.Y. 2011) ................................................................................ 14

**Statutes**

28 U.S.C. § 1746 .......................................................................................................................... 15

29 U.S.C. § 216(b) ...................................................................................................................... 1, 9

**Rules**

Fed. R. Civ. P. 12(f) ..................................................................................................................... 12

Defendant HF Management Services, LLC ("Healthfirst") respectfully submits this memorandum of law in opposition to Plaintiff Kanwarpreet Thind's ("Plaintiff") Motion for Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b).

## PRELIMINARY STATEMENT

This is not a typical Fair Labor Standards Act ("FLSA") conditional certification motion. In the typical case, the plaintiff relies upon the allegations of the complaint, bolstered by one or more sworn affidavits based on personal knowledge attesting that there are similarly-situated employees who were subject to a common policy that violated the FLSA. Here, by contrast, the only named Plaintiff has admitted under oath that (1) material allegations in his complaint are false; and (2) he actually has no knowledge that any other Healthfirst employee was subjected to a FLSA violation. Indeed, the only "evidence" that he submits in support of this motion—his own unsworn declaration—simply names a few co-workers whom Plaintiff vaguely declares "informed [him] that they performed similar job functions and were paid in a similar manner, as [he] was." Plaintiff does not, however, specify that any of the named co-workers were subject to a FLSA violation. Thus, his declaration appears artfully-worded so as to give the appearance of stating a common FLSA violation without contradicting Plaintiff's prior sworn statements disclaiming any knowledge that such a violation exists. Plaintiff's motion is further undermined by the fact that he does not dispute that Healthfirst's formal, written policies complied with the FLSA. For these reasons and others, the Court should deny Plaintiff's motion in its entirety.

Plaintiff seeks to bring FLSA claims on behalf of two distinct groups of Healthfirst employees: Facilitated Enrollers and their Managers in the Prepaid Health Service Plan ("PHSP") Department. As to the Facilitated Enrollers, Plaintiff concedes that Healthfirst classified them as non-exempt under the FLSA and required that they be paid at the FLSA rate

for all of their overtime work.  The Amended Complaint instead alleged that Healthfirst had an unwritten policy of requiring Facilitated Enrollers to work fixed, off-the-clock, hours every week for which they did not receive overtime pay.  Plaintiff, however, admitted during his deposition that these allegations were false, and his sworn interrogatory responses demonstrate that he has no knowledge that any other Facilitated Enroller was directed to work off-the-clock or not compensated for overtime work.  Given these admissions, Plaintiff, not surprisingly, has failed to present any evidence in support of his motion that any other Facilitated Enroller was not paid for overtime work.  Plaintiff has therefore not met his burden with respect to the Facilitated Enroller collective action, and he should not be permitted to go on a fishing expedition for other plaintiffs through a Court-sponsored solicitation.

Plaintiff's motion for conditional certification of a Manager class fares no better.  Here too, Plaintiff does not dispute that Healthfirst's written job description requires Managers to primarily perform FLSA-exempt duties.  His complaint instead alleged that he did not perform those duties, was a manager "in name only" and did not "direct the work of any employees."  But as with the Facilitated Enroller-related allegations, Plaintiff's own deposition testimony demonstrates that these allegations are false.  Moreover, even assuming *arguendo* that Plaintiff chose not to exercise the authority he was granted by Healthfirst, he admitted that he has no knowledge that any other Manager performed primarily non-managerial work.  Accordingly, the Court should deny Plaintiff's motion for conditional certification of the Managers' collective action.

## BACKGROUND

### A.  <u>Healthfirst</u>

Healthfirst is a management services company responsible for the administration of a not-for-profit, managed care organization which provides Medicaid plans to Medicaid beneficiaries

under a contract with the New York State Department of Health, the New York State agency that administers and regulates New York Medicaid.

**B.      Plaintiff Kanwarpreet Thind**

Plaintiff was employed with Healthfirst from August 24, 2009 to August 21, 2014. (Am. Comp. ¶ 31.) From August 24, 2009 until January 25, 2012, Plaintiff worked as a Facilitated Enroller. (*Id*. ¶ 32.) Plaintiff was then promoted to Manager of Sales and remained in that position until his employment was terminated in August 2014. (*Id*. ¶ 38; Declaration of Scott B. Klugman ("Klugman Decl.") Ex. A (Excerpts from Deposition of Plaintiff Kanwarpreet Thind ("Pl. Dep.")) 13:7-12.) At all relevant times hereto, Plaintiff was assigned to a team of employees (the "Team") in the Interboro Division in the PHSP Department. (Declaration of Kanwarpreet Thind in Support of Motion for Conditional Certification (ECF No. 40-3) ("Pl. Decl.") ¶ 1); Klugman Decl. Ex. A (Pl. Dep.) 12:15-21; 13:13-15, 14:16-20.)

**C.      Plaintiff's "Collective Action B" FLSA Claims**

On December 3, 2014, Plaintiff filed a complaint purporting to state Collective Action FLSA claims only on behalf of Managers in the PHSP Department, who he claimed were improperly classified as exempt from overtime. (*See generally* Compl. (ECF No. 1.)) On February 20, 2015, Plaintiff filed the Amended Complaint adding a "Collective Action B," defined as Healthfirst's former and current Facilitated Enrollers. (Am. Compl. ¶ 11.) As discussed below, there is no dispute that Healthfirst's written policy was FLSA-compliant in that Healthfirst classified Facilitated Enrollers as non-exempt and required that they be paid for their overtime work. Rather, the Amended Complaint alleged that Healthfirst had an informal, unwritten policy of requiring Facilitated Enrollers to work fixed hours off-the-clock every day of the week. Plaintiff, however, admitted that the Amended Complaint's factual allegations concerning his off-the-clock overtime work were false, and his sworn statements during

discovery demonstrate that he has no knowledge that any other Facilitated Enroller was not paid

for overtime work.  (Klugman Decl. Ex. D (Pl. Dep.) 296:5-302:12; *id.* Ex. E (Plaintiff's

Response to Interrogatory No. 7 and Attestation) at 8, 12.)

1. ***Healthfirst's Policy Required Facilitated Enrollers to Be Paid for All Overtime Work***

Healthfirst's formal, written policy classified Facilitated Enrollers as non-exempt under

the FLSA and, as such, required that they be paid a premium for any hours worked in excess of

40 per week.  (*See* Klugman Decl. Ex. F (Excerpts from Deposition of Healthfirst Corporate

Representative Stephanie Kelly pursuant to Fed. R. Civ. P. 30(b)(6) ("Kelly Dep.") 93:25-94:4;

*see also* Am. Compl. ¶ 2 (conceding that Facilitated Enrollers were classified as non-exempt);

Klugman Decl. Ex. B (Pl. Dep.) 186:2-4 (same).)  Healthfirst also required Facilitated Enrollers

to use an automated timekeeping system to accurately record the time that they worked and

specifically prohibited them from working at a time that they were not clocked in.  (Klugman

Decl. Ex. F (Kelly Dep.) 94:5-19; *id.* Ex. G (Healthfirst 2014 Employee Manual) at 28; *see also*

*id.* Ex. B (Pl. Dep.) 186:2-9.)  Healthfirst's policy also required Facilitated Enrollers, as non-

exempt employees, to be paid "one and one-half (1½) their regular pay for time worked in excess

of 40 hours per workweek."  (*Id.* Ex. G (Healthfirst 2014 Employee Manual) at 27.)

2. ***Plaintiff Admitted that the Amended Complaint's Allegations Concerning His Overtime Work as a Facilitated Enroller Are False***

The Amended Complaint alleged that, as a Facilitated Enroller, Plaintiff was required to

work a fixed schedule seven days of the week that included at least 18 hours of off-the-clock,

unpaid overtime work.  (Am. Compl. ¶¶ 33-36 (alleging that Plaintiff was required to work at

least 58 hours each week and work at times that he was "punch[ed] out" from Healthfirst's

timekeeping system for all hours worked over 40).)  Specifically, Plaintiff alleged that he was

required to work from 8:30 a.m. to 6:30 p.m. on weekdays "each and every week, without being

4

permitted to take scheduled or uninterrupted breaks." (*Id*. ¶ 33.)  The Amended Complaint also alleged that Plaintiff was required to work four hours on both Saturday and Sunday "each and every week." (*Id*.)

The Amended Complaint further alleged that Plaintiff did not receive any "overtime" compensation for his overtime work. (*Id*. ¶¶ 36-37.)  Specifically, the Amended Complaint alleged that Plaintiff did not receive any compensation for his overtime hours during most of the time that he worked as a Facilitated Enroller. (*Id*. ¶ 37.)  The Amended Complaint also alleged that during the "last several months" that Plaintiff worked as a Facilitated Enroller, Plaintiff was paid a "bonus" that "was not overtime pay" for some of his overtime work in certain weeks. (*Id*.)

During his deposition, Plaintiff testified that, despite having read the Amended Complaint prior to the time it was filed with the Court (Klugman Decl. Ex. D (Pl. Dep.) 304:12-19), each of the aforementioned allegations was false.  Plaintiff specifically admitted that:

- the allegation that he worked seven days per week every week was false (*id.* 296:5-297:8);

- the allegation that he worked a fixed, off-the-clock schedule was false (*id.* 297:9-298:19);

- the allegation that he was not permitted to take breaks was false (*id.* 298:20-300:6); and

- the allegations that he did not receive any "overtime" pay during his employment as a Facilitated Enroller were false (*id.* 300:7-302:12).[1]

In addition, documentary evidence, including evidence that was produced by Plaintiff, refutes Plaintiff's allegation that he did not receive any "overtime" pay as a Facilitated Enroller.

---

[1]  In the excerpted portion of the testimony, Plaintiff specifically admitted that paragraphs 34, 37 and 38 of the Complaint are "false."  The Amended Complaint repeats these same allegations. (*Compare* Compl. ¶¶ 34, 37 and 38 *with* Am. Compl. ¶¶ 33, 36 and 37.)  In addition, Plaintiff's testimony that he was paid for at least some of his overtime work also establishes that paragraph 35 of the Amended Complaint is false. (Am. Compl. ¶ 35 (alleging that Healthfirst "did not pay Plaintiff any wages for the hours that Plaintiff worked each week in excess of 40").)

For example, Plaintiff's bi-weekly pay records reflect that he received "Overtime" pay during multiple weeks throughout his employment as a Facilitated Enroller.  (Klugman Decl. Ex. H (excerpts of Plaintiff's bi-weekly pay records).)  Plaintiff also produced pay summaries for his last two full years as a Facilitated Enroller that reflect that he was paid for a total of 51.41 "Overtime" hours in 2010 and 63.3 "Overtime" hours in 2011.  (Klugman Decl. Ex I (Plaintiff's annual pay summaries for 2010 and 2011).)

> **3.**     ***Plaintiff's Sworn Statements During Discovery Establish that He Has No Knowledge that Other Facilitated Enrollers Were Not Paid for their Overtime Work***

Not only are Plaintiff's allegations concerning his work as a Facilitated Enroller contradicted by documents and his own testimony, Plaintiff also conceded that he has no knowledge that any other Facilitated Enroller was not paid for all of his or her overtime work. Specifically, Plaintiff attested that he "is ***unaware at this time which specific employees did not receive compensation for overtime and/or were directed to work at a time that they were not punched in***."   (Klugman Decl. Ex. E (Plaintiff's Response to Interrogatory No. 7 and Attestation) at 8, 12 (emphasis added); *see also* Klugman Decl. Ex. B (Pl. Dep.) 211:16-212:18 (testifying that he had no knowledge that Facilitated Enrollers ("reps") on other Teams worked off-the-clock).)

> **D.**     **Plaintiff's "Collective Action A" FLSA Claims**

The Amended Complaint defined "Collective Action A" as Healthfirst former and current Managers in the PHSP Department.  (Am. Compl. ¶ 11; *see also* Klugman Decl. Ex. C (Pl. Dep.) 291:16-292:13 (identifying Managers in the PHSP Department as the second employee group that Plaintiff is seeking to represent).)  As discussed in more detail below, Healthfirst had a written job description that set forth the duties of PHSP Department Managers.  Plaintiff does not dispute that this written job description, which provided that Managers perform primarily (if not

exclusively) managerial duties, described a position that was properly classified as exempt under the FLSA.  Indeed, Plaintiff makes no reference to the written job description in his motion. Rather, the Amended Complaint alleges that Healthfirst misclassified Plaintiff as FLSA-exempt because his actual duties did not conform to the written job description.   The Amended Complaint alleges that Plaintiff was a manager "in name only" and did not direct the work of any Healthfirst employees.  (Am. Compl. ¶¶ 2, 40-42.)   Once again, Plaintiff's sworn deposition testimony contradicts the allegations in the Amended Complaint and establishes that he has no knowledge that other Managers performed primarily non-managerial job duties.

   1.   ***Healthfirst's Written Job Description Directly Contradicts the Amended Complaint's Allegations Concerning a Manager's Job Duties***

   As Healthfirst's corporate representative testified, Healthfirst had a written "Job Description Questionnaire" that accurately listed the general duties of PHSP Managers and how much time they generally spent on each of the listed duties.  (Klugman Decl. Ex. F (Kelly Dep.) 22:24-23:19; 33:13-21; Klugman Decl. Ex. J (Manager Job Description Questionnaire) at 1-2.) This Job Description Questionnaire directly contradicts the Amended Complaint's allegations concerning the duties of PHSP Department Managers.

   Specifically, the Job Description Questionnaire identified the "primary purpose" of the Manager position as "be[ing] responsible for managing the day-to-day activities of the Facilitated Enroller (FE) and Retention Specialist (RS) staff while identifying best practices for sales and maintaining the highest standard of quality."  (Klugman Decl. Ex. J (Manager Job Description Questionnaire) at 1.)   The Job Description Questionnaire further provided, in substance, that Managers had the following "Primary Duties and Responsibilities:"

   • managing the sales and retention efforts of the Facilitated Enrollment and Retention Specialist staff  ("20% of [the] time");

7

- maintaining accepted productivity and rejection levels of the individual representatives and overall team  ("20% of [the] time");

- developing and maintaining relationships with various external partners, including hospitals and providers  ("20% of [the] time");

- coaching, training and motivating Facilitated Enroller and Retention Specialist staff  ("15% of [the] time");

- conducting weekly, bi-weekly and monthly team meetings, including training exercises ("10% of [the] time");

- conducting site visits to make sure sites have all necessary marketing collateral and visiting providers, community organizations and business partners twice a week to keep a strong referral network ("10% of [the] time");

- taking ownership of daily assignments and systematic completion of routine and special projects ("5% of [the] time").

(*Id.* at 1-2.)

### 2. *Plaintiff's Deposition Testimony Establishes that the Amended Complaint's Allegations Concerning His Job Duties as a Manager Are False*

Plaintiff's deposition testimony establishes the falsity of his allegations in the Amended Complaint that he was a Manager "in name only" who did not direct the work of any other employees.  Specifically, Plaintiff testified that, as a Manager, he supervised between eight and seventeen Facilitated Enrollers and Retention Specialists who directly reported to him. (Klugman Decl. Ex. A (Pl. Dep.) 16:4-25.)   Plaintiff was also shown his resume during his deposition which, as he testified, accurately described his primary duty as Manager as being "[r]esponsible for *managing the day-to-day activities* of the Facilitated Enrollers and Retention Specialist, CAC for Health Insurance Exchange (HIX) while identifying best practices for sales and maintaining the highest standard of quality."  *(Id.* 18:12-25; 19:18-20:13; Klugman Decl. Ex. K (Plaintiff's Resume) at 1 (emphasis added).)   Plaintiff further testified that his duties as Manager included the managerial tasks of, *inter alia*, preparing business plans (Klugman Decl.

8

Ex. A (Pl. Dep.) 82:3-20); interviewing and recommending candidates for Facilitated Enroller positions (*id.* Ex. B (Pl. Dep.) 237:10-25, 246:9-17); disciplining employees on a "regular basis" (*id.* Ex. B (Pl. Dep.) 128:18-130:21); training his supervisees (*id.* Ex. A (Pl. Dep.) 46:17-47:6); and reviewing his supervisees' job performance (*id.* Ex. B (Pl. Dep.) 246:20-247:4).   In fact, Plaintiff prepared a presentation touting that he "led a successful team" for two years at Healthfirst and even won an award in 2013 for "outstanding leadership."  (*Id*. Ex. A (Pl. Dep.) 99:3-20.)[2]

### 3.   *Plaintiff's Deposition Testimony Establishes that He Has No Knowledge Concerning the Actual Duties of Other Managers*

Because Plaintiff worked in the field, he had limited interactions with other Managers. (*See, e.g.*, Klugman Decl. Ex. A (Pl. Dep.) 35:7-16; *see also id*. Ex. F (Kelly Dep.) 15:2-11 (testifying that Managers are "field-based employees" who "might move amongst several locations in a specific day").)  While initially testifying that he was familiar with the duties of some Managers in his own Division, he was unable to provide specifics concerning their duties, and admitted that he did not know if they had the same duties as he did other than performing the managerial task of supervising Facilitated Enrollers.  (*Id*. Ex. C (Pl. Dep.) 252:18-256:9.) Plaintiff further testified that he had no knowledge concerning the day-to-day responsibilities of other Managers who were not in the Interboro Division.  (*Id.* 251:12-252:17.)

### LEGAL STANDARD

FLSA Section 216(b) authorizes a plaintiff to bring an action collectively if he establishes that other employees are "similarly situated."  29 U.S.C. § 216(b).  While neither the FLSA nor

---

[2]   In addition to testifying that his duties as a Manager were inconsistent with the allegations in the Amended Complaint, Plaintiff admitted that the Amended Complaint overstated the number of hours he worked as a Manager.  (Klugman Decl. Ex. D (Pl. Dep.) 303:3-7 (admitting that the paragraph in the Complaint setting forth the number of hours that he worked as a Manager was false).)

its implementing regulations define the term "similarly situated," *Guaman v. 5 "M" Corp.*, No. 13-CV-03820 (LGS), 2013 WL 5745905, at *2 (S.D.N.Y. Oct. 23, 2013), the district courts in this Circuit typically use a two-step approach to determine whether potential opt-in plaintiffs are "similarly situated." *See, e.g.*, *Santana v. Fishlegs, LLC*, No. 13-CV-1628 (LGS), 2013 WL 5951438, at *2 (S.D.N.Y. Nov. 7, 2013) (setting forth the two-step approach).

As Plaintiff's motion concerns the first step of the process, often referred to as conditional certification, the Court is required to "'mak[e] an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiff[] with respect to whether a FLSA violation has occurred.'" *Id.* (internal quotation marks omitted) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).  The named plaintiff bears the burden at the conditional certification stage of making a "'modest factual showing'" that he and potential opt-in plaintiffs "'together were victims of ***a common policy or plan that violated the law***.'"  *Id.* (emphasis added) (internal quotation marks omitted) (quoting *Myers*, at 624 F.3d at 555).  While the "modest factual showing" is a low standard of proof, it is not satisfied by false and "'unsupported assertions'" in an unverified complaint.  *Id.* at **2, 5 (quoting *Myers*, 624 F.3d at 555).  Because that is all that Plaintiff offers here, his motion should be denied.

## ARGUMENT

## I.  THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

The Court should deny Plaintiff's motion for conditional certification as to both proposed Collective Actions.  As an initial matter, Plaintiff's sworn admissions establish that the factual allegations in his Amended Complaint are false.  Given that he has filed a sham complaint, the Court should not permit Plaintiff to expand this litigation.

The Court should also deny Plaintiff's motion because he has not made the requisite factual showing, *i.e.*, that he and others were "'victims of a common policy or plan that violated the law.'"  *See Santana,* 2013 WL 5951438, at *2; *Guaman,* 2013 WL 5745905, at *2; *see also Costello v. Kohl's Illinois, Inc.*, No. 13-CV-1359 (GHW), 2014 WL 4377931, at *4 (S.D.N.Y. Sept. 4, 2014) ("The question presented is not simply whether or not Plaintiffs were subject to a common plan or policy, but, rather, whether or not they were victims 'of a common policy or plan *that violated the law.'*") (quoting *Myers*, 624 F.3d at 555) (emphasis in original).  As to Collective Action B brought on behalf of Facilitated Enrollers, not only has Plaintiff failed to present any evidence that he and other employees were subject to a common unlawful policy, his prior sworn statements demonstrate that he has no personal knowledge that any other Facilitated Enroller was directed to work off-the-clock or not paid for overtime work.  As to Collective Action A brought on behalf of Managers, Plaintiff primarily relies on Healthfirst's corporate representative's testimony as to the job duties of other Managers.  Contrary to Plaintiff's assertions, however, Healthfirst's corporate representative testified that Healthfirst's written job description was representative of the duties generally performed by Managers.  The written job description directly conflicts with the allegations in the Amended Complaint and makes clear that Managers' job duties were primarily (if not exclusively) managerial in nature.  Plaintiff has presented no evidence that any other Manager was required to perform the non-managerial job duties that he claims he primarily performed.  Plaintiff has therefore failed to make any factual showing that other employees in either Collective Action were victims of a common policy to assign Managers primary duties that departed from the written job description, and the Court should deny Plaintiff's motion in its entirety.

A.   **The Court Should Not Conditionally Certify a Collective Action Because Plaintiff Has Admitted that the Factual Allegations in His Complaint Are False**

The Court should deny Plaintiff's motion for conditional certification because he has admitted in sworn deposition testimony that his Amended Complaint is a sham in that the factual allegations underlying the alleged FLSA violations are false.  *See, e.g.*, *Salzmann v. Prudential Secs. Inc.*, No. 91-CV-4253 (KTD), 1994 WL 191855, at *13 (S.D.N.Y. May 16, 1994) (stating that a court may strike a pleading under Fed. R. Civ. P. 12(f) "'when it appears beyond peradventure that it is a sham and false and that its allegations are devoid of factual basis'") (quoting *Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff*, 638 F. Supp. 714, 725 (S.D.N.Y. 1986)).  Based on these admissions, the Court should not permit Plaintiff to expand the litigation through conditional certification of collective actions.

Specifically, the Amended Complaint premised the Facilitated Enroller Collective Action claims on allegations that Healthfirst required Facilitated Enrollers to work seven days a week, that they worked at least 58 hours per week and that they did not receive any "overtime" compensation.  (Am. Compl. ¶¶ 33-37.)  Plaintiff, however, admitted under oath that each of these allegations was "false."  (Klugman Decl. Ex. D (Pl. Dep.) 296:5-302:12.)[3]  Plaintiff's deposition testimony also demonstrates the falsity of the Amended Complaint's factual allegations concerning his duties as a Manager.  Whereas the Amended Complaint alleges that Plaintiff was a Manager "in name only" (Am. Compl. ¶ 2) and that he did not "direct the work of any other employees" (*id.* ¶ 41), Plaintiff testified that as a Manager he supervised between eight and seventeen employees and was primarily responsible for "***managing*** [their] day-to-day

---

[3]  Plaintiff's wage records also refute the Amended Complaint's allegations that he did not receive any "overtime" pay as a Facilitated Enroller because they demonstrate that he was paid for more than 100 hours of overtime work during only a portion of his employment as a Facilitated Enroller.  (*See* Klugman Decl. Ex. I (Plaintiff's pay records) 1-2.)

activities." (*See, e.g.*, Klugman Decl. Ex. A (Pl. Dep.) at 16:4-20, 19:24-20:13 (emphasis added).) Plaintiff's admissions therefore establish that the Amended Complaint's factual allegations underlying both portions of his collective action claims are false.

Accordingly, the Court should not permit Plaintiff to expand this litigation through conditional certification. In addition, Plaintiff's admittedly false Amended Compliant does not provide any basis on which the Court can make the assessment required at the conditional certification stage of determining whether other employers were victims of the common FLSA violation alleged in the Amended Complaint. The Court should therefore deny Plaintiff's motion for conditional certification.

**B.**  **Plaintiff Has Not Demonstrated that He Is Similarly Situated to Other Facilitated Enrollers**

The Court should deny Plaintiff's motion to conditionally certify the Facilitated Enroller Collective Action for two additional reasons. *First*, as demonstrated in Healthfirst's pending motion to dismiss, Plaintiff was not employed as a Facilitated Enroller during the three-year period that preceded the filing of the Amended Complaint, when these claims were first alleged. As a result, Plaintiff was not a victim of a policy that violated the FLSA. *Second*, Plaintiff has made no showing that any other Facilitated Enroller was subject to such a policy.

**1.**  ***Plaintiff's Motion to Certify a Class of Facilitated Enrollers Is Moot Because the Complaint's Collection Action B FLSA Claims Fail as a Matter of Law***

The Court should deny Plaintiff's motion to conditionally certify Collective Action B because his Collective Action B FLSA claims fail as a matter of law. As detailed in Healthfirst's motion to dismiss, Plaintiff's Collective Action B FLSA claims are barred by the statute of limitations. (*See* ECF No. 23 at 7-16.) Plaintiff's motion to certify Collective Action B should therefore be dismissed as moot. *See Clarke v. JP Morgan Chase Bank, N.A.*, No. 08-CV-2400

(CM) (DCF), 2010 WL 1379778, at *25 (S.D.N.Y. Mar. 26, 2010) (denying as moot plaintiff's motion for conditional certification based on the dismissal of the FLSA claims on summary judgment).[4]

> **2.**    ***The Court Should Deny Plaintiff's Motion to Certify Collective Action B Because He Has Made No Showing that Any Other Facilitated Enroller Was Subject to a Common Policy that Violated the FLSA***

The Court should deny Plaintiff's motion to certify Collective Action B because Plaintiff has made no showing that any other Facilitated Enroller was not paid for his or her overtime work.  Plaintiff does not dispute that Healthfirst's policy concerning the payment of Facilitated Enrollers was FLSA-compliant in that Healthfirst's formal written policies required that they be paid at the overtime rate for any overtime that they worked.  (Klugman Decl. Ex. F (Kelly Dep.) 93:25-94:4; *id.* Ex. G (2014 Employee Manual) at 27-28 (requiring non-exempt employees to be paid for their overtime work at the overtime rate.); *see also* Am. Compl. ¶ 2 (alleging that Healthfirst classified Facilitated Enrollers as non-exempt under the FLSA); Klugman Decl. Ex. B (Pl. Dep.) 186:2-4 (testifying that Healthfirst classified Facilitated Enrollers as non-exempt).)

As a result, Plaintiff bears the burden of showing that "the informal practices of which [he] 'complain[s] are sufficiently uniform and pervasive as to warrant class treatment.'"  *Keller v. Axa Equitable Life Ins. Co.*, No. 12-CV-4565 (LTS)(RLE), 2013 WL 6506259, at *4 (S.D.N.Y. Dec. 12, 2013) (quoting *Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456, 463 (S.D.N.Y. 2011)).  Plaintiff, however, has made no showing here that any other Facilitated Enroller was not compensated for overtime work.  Plaintiff has not submitted a Declaration of

---

[4]  For this same reason, Plaintiff's minimum wage FLSA claim does not provide a basis for certification of either the Facilitated Enroller or Manager collective actions.  As shown in Healthfirst's Motion to Dismiss, Plaintiff's minimum wage FLSA claim fails as a matter of law because the Amended Complaint's factual allegations establish that he was paid more than the statutory minimum.  (*See* ECF No. 23 at 16-18.)

any other Facilitated Enroller, and Plaintiff's own Declaration fails to meet the "modest factual showing" burden for multiple reasons.

*First*, Plaintiff's unsworn Declaration does not overcome his prior sworn statement that he has no knowledge that any other Facilitated Enroller was not paid for overtime work. Specifically, in a sworn interrogatory response, Plaintiff attested that he "***is unaware at this time which specific employees did not receive compensation for overtime and/or were directed to work at a time that they were not punched in***." (Klugman Decl. Ex. E (Plaintiff's Response to Interrogatory No. 7 and Attestation) at 8, 12 (emphasis added); *see also* Klugman Decl. Ex. B (Pl. Dep.) 211:16-212:18 (testifying that he had no knowledge that Facilitated Enrollers ("reps") on other Teams worked off-the-clock).) Based on this sworn admission, Plaintiff may not meet his burden on this motion based on his Declaration alone. *See Santana*, 2013 WL 5951438, at *5 (holding that plaintiffs failed to meet the conditional certification burden as to employees for whom they did not have personal or even second-knowledge as to the compensation practice at issue).

*Second*, the Court should disregard Plaintiff's Declaration because it does not conform to 28 U.S.C. § 1746. Under that provision, to ensure the trustworthiness of a declaration, federal law requires a declarant to subscribe his statement "under penalty of perjury" such that it is subject to the risk of criminal penalty. *Id.; see also Mugno v. Societe Internationale De Telecommunications Aeronautiques, Ltd.*, No. 05-CV-2037 (DRH)(ARL), 2007 WL 316573, at *9 (E.D.N.Y. Jan. 30, 2007). As Plaintiff's Declaration bears no such attestation, it should be disregarded. *See Mugno*, 2007 WL 316573, at *9 (striking a declaration that was filed without the necessary "'under-penalty-of-perjury' proclamation'").

*Third*, even if the Court were to consider the Declaration, it provides no evidence that any other Facilitated Enroller did not receive overtime compensation.  Plaintiff artfully worded his unsworn Declaration so as not to expressly declare that he has any knowledge that other Facilitated Enrollers were not paid for their overtime work.  (*See* Pl. Decl. ¶ 19 (declaring only that five identified Facilitated Enrollers "performed similar job functions and were paid in the same manner, as [Plaintiff] was" without elaboration).)  Indeed, Plaintiff effectively concedes in his motion that his Declaration provides no evidence concerning the unpaid overtime work of other Facilitated Enrollers because his motion notably does not rely on the portion of his Declaration relating to other Facilitated Enrollers.  (Plaintiff's Memorandum of Law in Support of Motion for Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 39) ("Pl. Br.") at 4-5, 12.)  Rather, his argument that there was a common policy not to pay other Facilitated Enrollers for all overtime hours worked cites only to the portions of Plaintiff's Declaration about **his own** alleged off-the-clock work (*see id.* (citing Pl. Decl. ¶¶ 6-9)), or to a non-existing paragraph of Plaintiff's Declaration (*see id.* at 11 (citing Pl. Decl. ¶ 25 even though Plaintiff's Declaration contains only 22 numbered paragraphs)).  Thus, Plaintiff's Declaration provides no evidence that any other Facilitated Enroller was not paid for his or her overtime work in violation of Healthfirst's policy.

Accordingly, Plaintiff has failed to meet his evidentiary burden of making a modest factual showing that other Facilitated Enrollers were subject to a common policy that violated the FLSA.  The Court should therefore deny Plaintiff's motion to certify Collective Action B.

### C. Plaintiff Has Not Demonstrated that He Is Similarly Situated to Other Managers

The Court should deny Plaintiff's motion to conditionally certify Collective Action A consisting of Healthfirst Managers because Plaintiff has presented no evidence that Managers

were similarly situated with respect to the Amended Complaint's allegation that they were required to perform primarily non-managerial job duties.  As noted above, Healthfirst had a written Job Description Questionnaire that generally set forth the primary job duties of PHSP Department Managers.  Plaintiff does not dispute that the written Job Description Questionnaire describes a position that was properly classified as exempt under the FLSA.

As a result, Plaintiff cannot prevail on this motion by showing that he and other Managers operated under the same job description.  *See Khan v. Airport Mgmt. Servs., LLC*, No. 10-CV-7735 (NRB), 2011 WL 5597371, at *4 (S.D.N.Y. Nov. 16, 2011) (stating that to proceed on a collective action when the company's formal job description conflicts with plaintiff's alleged duties, "'it is not sufficient for [plaintiff] to show that he and the proposed class operated under the same job description'") (alteration in original) (quoting *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 476 (S.D.N.Y. 2010)).  Plaintiff instead "'must show that he and the other [employees] were similarly situated with respect to the claim that they were required to perform non-managerial duties in contravention of the formal job description.'"  *Id.* (alteration in original) (quoting *Guillen*, 750 F. Supp. 2d at 476).

Plaintiff, however, has made no such showing here.  While Plaintiff primarily relies on the testimony of Healthfirst's corporate representative, he completely misrepresents her testimony in asserting that it supports his motion.  Contrary to his assertion, Healthfirst's corporate representative testified that Managers generally performed the primarily managerial duties set forth in the Job Description Questionnaire, and she provided no testimony that Managers performed the non-managerial duties identified by Plaintiff, let alone that these were the primary duties of Managers.  In addition, Plaintiff's sworn testimony establishes that he has no knowledge that other Managers performed primarily non-managerial duties.  Given his sworn

17

testimony, his unsworn Declaration—which makes no assertions regarding the primary duties of other Managers in any event—does not meet his burden on this motion.

        1.      ***The Testimony of Healthfirst's Corporate Representative Refutes Plaintiff's Assertion that Other Managers Performed Primarily Non-Managerial Duties***

Healthfirst's corporate representative's testimony directly refutes Plaintiff's assertion that Managers had the "primary job duties of compiling weekly reports, reviewing applications completed by Facilitated Enrollers and operating community events." (Pl. Br. at 12; *see also* Am. Compl. ¶ 39.) Specifically, Healthfirst's corporate representative testified that the Job Description Questionnaire was generally representative of the duties performed by PHSP Department Managers. (Klugman Decl. Ex. F (Kelly Dep.) 22:24-23:19, 33:13-21.) Contrary to Plaintiff's argument, the Job Description Questionnaire identified the "primary purpose" of the Manager position as "be[ing] responsible for managing the day-to-day activities of the Facilitated Enroller (FE) and Retention Specialist (RS) staff while identifying best practices for sales and maintaining the highest standard of quality." (Klugman Decl. Ex. J (Manager Job Description Questionnaire) at 1.) And the Job Description Questionnaire did not list any of the tasks identified by Plaintiff in his motion or in the Amended Complaint as even one of the primary duties of the Manager position. (*Id.* at 1-2.)

Moreover, at no point did Healthfirst's corporate representative testify that Managers' primary duties consisted of the ministerial tasks suggested by Plaintiff. Indeed, in the portion of testimony cited by Plaintiff (*see* Pl. Br. at 3), Healthfirst's corporate representative testified that one of the "Primary Duties and Responsibilities" listed in the Job Description Questionnaire of "meeting corporate goals and [sic] production and rejections both by individual representatives, and their overall team goals" involved:

> directly observ[ing] and . . . go[ing] out into field and do[ing] observations, . . .
> hav[ing] conversations, . . . requir[ing] people to report to them where they were
> going be, . . . maintain[ing] schedules, there are reports available to them,
> applications that they can review.  And, so there's a variety of materials that
> would be available to them, and they would directly communicate with their team,
> either one on one or in meetings that they hold.

(Klugman Decl. Ex. F (Kelly Dep.) 37:13-38:9.)

Accordingly, Healthfirst's corporate representative's testimony refutes Plaintiff's assertion that other Managers were required to perform tasks in contravention of the written job description.  This testimony therefore provides no support for Plaintiff's motion for conditional certification as to Collective Action A.

### 2. *Plaintiff's Declaration Provides No Evidence that Other Managers Performed Primarily Non-Managerial Job Duties in Contravention of the Formal Job Description*

Given that the testimony of Healthfirst's corporate representative refutes his argument that other Managers were similarly situated with respect to the FLSA violation, Plaintiff has made no showing that other Managers performed primarily non-managerial duties.  As with the Facilitated Enrollers, Plaintiff's prior sworn statements make clear that he has no knowledge that other Managers performed primarily non-managerial duties, and Plaintiff's Declaration provides no evidence that any other Manager had primarily non-managerial duties in contravention of Healthfirst's written job description.

During his deposition, Plaintiff admitted that he had no knowledge concerning the responsibilities of any Managers who were not in his Division.  (Klugman Decl. Ex. C (Pl. Dep.) 251:12-252:17 (testifying that he had no knowledge of the job duties of any Manager who did not report up to Vice President Stephanie Wu.))  In addition, while initially testifying that he was familiar with the duties of some Managers in his Division, he was unable to testify as to the specifics of their day-to-day duties and ultimately conceded that he did not know if they had the

same duties as he did other than performing the managerial task of supervising Facilitated Enrollers (or "FE's").  (*Id.* 252:18-256:9.)   Given this testimony, as well as his testimony concerning his own primarily managerial work (*see supra* Background § D.2), Plaintiff's unsworn Declaration is insufficient to meet his burden here.  *See, e.g.*, *Postiglione v. Crossmark, Inc.*, No. 11-CV-960, 2012 WL 5829793, at *6 (E.D. Pa. Nov. 15, 2012) (rejecting as "patently unreliable" affidavits submitted in support of a motion for conditional certification that were contradicted by the affiants' deposition testimony).

In any event, Plaintiff's Declaration makes no representation concerning his primary duties as Manager, let alone those of other Managers.  Rather, it merely states that his own Manager duties "***included***" some non-managerial tasks and that five other Managers "informed [him] that they performed similar job function [sic]."  (Pl. Decl. ¶¶ 10, 20 (emphasis added).) Moreover, the Declaration's statements concerning Usha Rani, the Manager to whom Plaintiff reported when he was a Facilitated Enroller, further undermine any claim that other Managers performed primarily non-managerial tasks.  (*See* Klugman. Decl. Ex. A (Pl. Dep.) 14:16-22 (testifying that he replaced Ms. Rani as Manager of the Team when she left Healthfirst in early 2012).)  Specifically, Plaintiff declares that he was required to report to Ms. Rani when he arrived and when he left his work site and that Healthfirst tracked his time based on these reports.  (Pl. Decl. ¶ 5.)  Plaintiff also declares that Ms. Rani directed his alleged off-the-clock work.  *(Id.* ¶¶ 6-7.)  These assertions therefore further refute his claim that other Healthfirst Managers were not permitted to readjust work assignments.  *(Id.* ¶ 13.)

Accordingly, Plaintiff has made no factual showing that other Managers performed primarily non-managerial job duties and, as a result, were subject to the common FLSA violation

alleged in the Amended Complaint.  The Court should therefore deny Plaintiff's motion as to Collective Action A

### D.   The Cases Relied on by Plaintiff Do Not Support Granting Conditional Certification on the Record before the Court

The cases cited by Plaintiff do not support granting conditional certification on the record before the Court.  (*See* Pl. Br. at 12-13.)  Unlike here, none of the plaintiffs in these cases (a) admitted that the allegations of the complaint were false; (b) conceded that the employer's formal written policies were FLSA-compliant; or (c) provided a sworn statement that they had no knowledge as to whether any other employees were subject to the alleged FLSA violation. Rather, to meet their burden, plaintiffs in these cases provided some affirmative evidence that other employees were subject to the same allegedly unlawful policy as that alleged in the complaint.  *Cf. Benitez v. Demco of Riverdale, LLC*, No. 14-CV-7074 (CM), 2015 WL 3780019, at *4 (S.D.N.Y. Jun. 15, 2015) (relying on declarations of the named plaintiffs stating that they were "personally familiar" with the fact that other employees were subjected to the same alleged violation); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 633-34 (S.D.N.Y. 2007) (stating that the complaint and plaintiff's declaration "may not have provided sufficient basis for this case to proceed as a representative action," but that there was other evidence in the record that established that other employees were similarly situated to plaintiff); *LeGrand v. Educ. Mgmt. Corp.*, No. 03-CV-9798 (HB)(HBP), 2004 WL 1962076, at *2 (S.D.N.Y. Sept. 2, 2004) (relying on declarations of three plaintiffs stating that employees across the country were not paid for their overtime work).  Given that Plaintiff has failed to provide any affirmative evidence that other Healthfirst employees were subject to the alleged FLSA violations at issue and that his sworn statements make clear that he has no knowledge as to any such violation, he has failed to make the "modest factual showing" necessary to meet his burden on this motion.

## II.    ALTERNATIVELY, TO THE EXTENT THE COURT DOES NOT DENY PLAINTIFF'S MOTION IN ITS ENTIRETY, IT SHOULD PROVIDE A MORE LIMITED NOTICE THAN THAT REQUESTED BY PLAINTIFF

### A.    <u>Notice and Contact Information Should Be Limited to Facilitated Enrollers on Plaintiff's Team and Managers in the Interboro Division</u>

To the extent the Court does not deny Plaintiff's motion in its entirety, we respectfully submit that the Collective Actions should be limited to Facilitated Enrollers on Plaintiff's Team and Managers in the Interboro Division.

Because Facilitated Enrollers and Managers worked away from Healthfirst's offices in the field (Klugman Decl. Ex. F (Kelly Dep.) 15:2-11, 87:1-22 (testifying that Facilitated Enrollers and Managers work in the field; *see also id.* Ex. A (Pl. Dep.) 35:7-16 (testifying that as a Manager he and his department worked in the field), Plaintiff's exposure to other Facilitated Enrollers and Managers was limited.  In addition to his sworn interrogatory response, Plaintiff testified at his deposition that he has no knowledge that the Facilitated Enrollers who were not on his Team performed any uncompensated overtime work.  (Klugman Decl. Ex. B (Pl. Dep.) 211:16-212:18 (testifying that he had no knowledge that Facilitated Enrollers ("reps") on other Teams worked off-the-clock.)   Plaintiff also testified during his deposition that he has no knowledge concerning the job duties of Managers outside of the Interboro Division.  (*Id.* 251:12-252:17 (testifying that he had no knowledge of the job duties of any Manager who did not report up to Vice President Stephanie Wu).)   Nor does Plaintiff identify any Facilitated Enroller on another Team or a Manager outside of the Interboro Division who was subjected to a FLSA violation.  Accordingly, to the extent the Court does not deny Plaintiff's motion in its entirety, the Court should limit Collective Action B to Facilitated Enrollers on Plaintiff's Team and Collective Action A to Managers in the Interboro Division.  *See Santana*, 2013 WL 5951438, at *5 (holding that employees about whom plaintiff had neither "personal or even second-hand

22

knowledge of the employment and compensation practices" were ineligible for notice); *Guaman,* 2013 WL 5745905, at *4 (limiting notice only to workers at restaurants about whom plaintiff submitted evidence and not all workers at restaurants with same owner). [5]

**B.      Plaintiff's Requests to Post Notice Should Be Denied**

The Court should deny Plaintiff's request to post notice of the collective action on Healthfirst's premises.  Where, as here, the only group likely to be reached by such posting are current employees for whom Healthfirst can provide accurate mailing addresses, there is no basis for requiring the posting of notice at Healthfirst's place of business.  *See, e.g., Shajan v. Barolo, Ltd.*, No. 10-CV-1385 (CM), 2010 WL 2218095, at *2 (S.D.N.Y. Jun. 2, 2010) ("Since all current employees will be receiving the notice [via first class mailing], there is no need to require defendants to post the notice in the workplace.").

**C.      The Proposed Consent Form Should Be Revised**

If this Court authorizes the issuance of notice in this case, the Court should order revisions to the proposed Consent to Become a Party Plaintiff ("Consent Form").  Plaintiff's proposed Consent Form, *inter alia*, does not properly define the Collective Actions and incorrectly assumes that all opt-ins would choose to be represented by Plaintiff's counsel, despite the right to retain counsel of their choosing.   Additionally, the header of the document, containing the name of the court in which the case is pending, the full case caption and "Court Authorized Notice of Lawsuit," should be removed.  Such a header "provides a certain specter of authority" and "may imply more court sponsorship than appropriate."  *Hernandez v. Merrill Lynch & Co.,* No. 11-CV-8472 (KBF), 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012) (ordering removal of header containing only the name of the court in which the case was pending

---

[5]  Given that Plaintiff supervised Facilitated Enrollers for nearly all of the FLSA statutory period, his representation of them in this case presents an inherent conflict.

and "Court Authorized Notice").  For the Court's convenience, Healthfirst attaches its proposed revised Consent Form as Exhibit L of the Klugman Declaration.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Conditional Certification.

Dated:  New York, New York
      July 8, 2015

By:     s/ Scott B. Klugman      
      Scott B. Klugman
      Seth L. Levine
      Aaron I. Karp
**LEVINE LEE LLP**
666 Fifth Avenue
New York, New York 10103
Telephone:  (212) 223-4400
Facsimile:  (212) 223-4425
slevine@levinelee.com
sklugman@levinelee.com
akarp@levinelee.com

Andrew Paul Marks
**LITTLER MENDELSON, P.C.**
900 Third Avenue, 7th Floor
New York, New York 10022
Telephone:  (212) 583-9600
Facsimile:  (212) 832-2719
amarks@littler.com

*Attorneys for Defendant*
*HF Management Services, LLC*