# LEVINE LEE LLP

### NEW YORK

666 Fifth Avenue
New York, New York 10103
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Scott B. Klugman**
212 257 4030 direct
sklugman@levinelee.com

July 22, 2015

<u>VIA ECF</u>

The Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Thind v. HF Management Services, LLC*, Civil Docket No. 14-9539 (LGS)

Dear Judge Schofield:

  We respectfully submit this letter on behalf of Defendant HF Management Services, LLC ("Healthfirst") pursuant to Local Rule 37.2 and Sections II.B.2 and III.C.3 of the Court's Individual Rules of Procedures for Civil Cases to request a pre-motion conference to seek dismissal of the claims of Opt-in Plaintiff Bin Yang with prejudice and for costs pursuant to Federal Rule of Civil Procedure 37(d).  As discussed below, Ms. Yang failed to appear on June 22, 2015, for a properly noticed deposition.  In response to Healthfirst's requests to reschedule Ms. Yang's deposition, Plaintiff's counsel advised Healthfirst that Ms. Yang directed him to withdraw her claims from this case.  Plaintiff's counsel, however, has refused to enter into a stipulation dismissing Ms. Yang's claims and has indicated that he would not commit to doing so prior to the close of discovery in two weeks.  In order to avoid the possibility of having to request that the Court re-open discovery in this matter, Healthfirst requests a pre-motion conference to seek dismissal of Ms. Yang's claims with prejudice and for the costs incurred in connection with this application.

  **I.** **Background**

  Ms. Yang filed a consent to join the collective action on March 27, 2015, and designated Plaintiff's counsel, Borrelli & Associates, P.L.L.C., to represent her for all purposes in this action.  (ECF No. 25.)  After conferring with Plaintiff's counsel on Ms. Yang's availability for a deposition, the parties jointly agreed to schedule Ms. Yang's deposition for June 22, 2015.  Following this agreement, Healthfirst served on Plaintiff's counsel a Notice of Deposition for Ms. Yang by Federal Express and electronic mail (the "Deposition Notice") on June 5, 2015.  At Plaintiff's counsel's request, Healthfirst also arranged for a Mandarin translator to be present at her deposition.

On Friday, June 19, 2015, at approximately 4:30 p.m., Plaintiff's counsel advised Healthfirst that Ms. Yang would not be attending her deposition on June 22.  Plaintiff's counsel provided no reason for Ms. Yang's failure to comply with the Deposition Notice.

On June 22, 2015, the day Ms. Yang failed to appear for her deposition, Healthfirst sent Plaintiff's counsel a letter requesting to meet and confer concerning Ms. Yang's non-compliance with the Deposition Notice.  Plaintiff's counsel did not respond to this letter.  On June 24, 2015, Healthfirst emailed Plaintiff's counsel again requesting to meet-and-confer concerning Ms. Yang's deposition.  Plaintiff's counsel responded by email later that day indicating that Ms. Yang would advise him in a few days concerning her intentions with respect to this case.

On June 25, 2015, Plaintiff filed a motion for conditional certification.  (ECF No. 38.)  In his memorandum of law in support of his motion, Plaintiff included the fact that Ms. Yang opted into this case.  (*See* ECF No. 39 at 2.)  Plaintiff did not, however, advise the Court of Ms. Yang's non-appearance for her deposition or that there were questions as to whether she would be remaining in this case.  (*See id.*)

On July 14, 2015, the parties spoke by telephone to discuss Ms. Yang, as well as other scheduling issues.  During the call, Healthfirst advised Plaintiff's counsel that it intended to seek relief from the Court by the end of the week unless Ms. Yang voluntarily dismissed her claims or agreed to appear for a deposition.  Plaintiff's counsel indicated that, by the next day, he would advise Healthfirst whether Ms. Yang was withdrawing from the litigation and, if so, agreed to file an application by July 18 to dismiss her from this case.

On July 15, 2015, Plaintiff's counsel advised Healthfirst that Ms. Yang was withdrawing from this case.  Plaintiff's counsel stated, however, that he would not file an application to dismiss Ms. Yang from the case on or before July 18, stating that he did not have time to prepare such an application.  He stated only that he would file such an application at some unspecified point in time prior to the close of discovery, which is August 5, 2015.

In response, Healthfirst prepared a stipulation of dismissal for Ms. Yang's claims and sent it to Plaintiff's counsel on July 16, 2015.  After Plaintiff's counsel failed to respond to several follow-up emails, Healthfirst advised Plaintiff's counsel that it intended to seek relief from the Court if Plaintiff's counsel did not sign the stipulation on or before July 20, 2015.  On July 20, 2015, Plaintiff's counsel responded by again confirming that Ms. Yang agreed to withdraw from the litigation.  Plaintiff's counsel, however, did not sign the stipulation, provided no explanation for his failure to do so and gave no indication as to when he would sign the stipulation.

After Ms. Yang directed Plaintiff's counsel to withdraw her claims from this case, Plaintiff filed his reply memorandum in support of the motion for conditional certification.  (*See* ECF No. 45.)  Notably, Plaintiff's counsel did not advise the Court in the reply memorandum that Ms. Yang is withdrawing from the case, even though he referenced her status as an opt-in plaintiff in his opening memorandum in support of his motion.

Given Plaintiff's counsel's non-responsiveness and unexplained refusal to stipulate to Ms. Yang's dismissal in a timely manner, Healthfirst has expended unnecessary resources on this issue, including being forced to raise this matter to the Court and requesting leave to move for appropriate relief.  As discovery is scheduled to close in two weeks on August 5, 2015, Healthfirst makes the instant application in an attempt to resolve this issue prior to the close of discovery.

II. Discussion

Federal Rule of Civil Procedure ("Rule") 37(d) offers a range of sanctions up to and including dismissal based on a plaintiff's failure to attend her own deposition. *See, e.g.*, *In re Sumitomo Copper Litig.*, 204 F.R.D 58, 60 (S.D.N.Y. 2001).  Rule 37(d) applies to opt-in plaintiffs in Fair Labor Standards Act ("FLSA") cases. *Morangelli v. Chemed Corp.*, No. 10-CV-00876, 2011 WL 7475, at *1 (E.D.N.Y. Jan. 1, 2011) ("[C]ourts have employed Rule 37(d) to dismiss FLSA plaintiffs who do not attend their depositions.  And the Second Circuit has time and time again affirmed dismissals pursuant to the Rule.") (citations omitted).  Here, Ms. Yang not only failed to appear for her noticed deposition, but has directed her counsel to withdraw her claims from this case.  However, despite Healthfirst's best efforts to reach this result, Plaintiff's counsel has ignored our requests and failed to advise the Court as to the change in circumstances.  Accordingly, the Court should dismiss Ms. Yang's claims with prejudice.

The Court should also order Plaintiff's counsel to pay the legal fees that Healthfirst incurred in connection with this pre-motion letter and any further briefing the Court requires on this issue.  Rule 37(d)(3) provides that the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust."  This Court has construed this provision as entitling an aggrieved party to be compensated for the attorneys' fees incurred in making a motion under Rule 37(d).  *See, e.g.*, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 151 (S.D.N.Y. 2014) (collecting cases).  Here, because Ms. Yang has directed her counsel to withdraw her claims, and he has inexplicably refused to do so, the Court should direct Plaintiff's counsel, as opposed to Ms. Yang, to pay for the legal fees that Healthfirst incurred in connection with this letter and any briefing requested by the Court.

Given that Ms. Yang failed to appear for deposition and the discovery deadline is impending, it is necessary to resolve the status of Ms. Yang now:  Healthfirst wishes to avoid having to request that the Court re-open discovery if Ms. Yang and her counsel reverse course and decide not to withdraw her claims, requiring additional discovery.

III. Conclusion

For the foregoing reasons, we respectfully request that the Court dismiss Ms. Yang's claims with prejudice, or enter an order directing Plaintiff's counsel to sign a stipulation dismissing Ms. Yang's claims with prejudice, and award costs in connection with this application to Healthfirst.  In the alternative, Healthfirst respectfully requests leave to file a motion to dismiss Ms. Yang's claims with prejudice and for costs pursuant to Rule 37(d).

        Respectfully submitted,

        Levine Lee LLP

        s/ Scott B. Klugman
        Scott B. Klugman

cc:  Plaintiff's counsel (via ECF)