UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                  :

KANWARPREET THIND, individually and on  :
behalf of all others similarly situated,          :
                            Plaintiff,   :        14 Civ. 9539 (LGS)

            -against-             :
                                    :        OPINION & ORDER
HEALTHFIRST MANAGEMENT SERVICES,  :
LLC, d/b/a HEALTHFIRST                :
                          Defendant.   :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/15

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Kanwarpreet Thind brings suit against his former employer Defendant Healthfirst

Management Services, LLC ("Healthfirst") on behalf of himself and others similarly situated

alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law (the

"NYLL").  Healthfirst moves to dismiss the operative Amended Complaint in part.  For the

reasons below, the motion is granted in part and denied in part.

## I.        BACKGROUND

        The following is based on allegations in the pleadings, and, as required on the present

motion, the factual allegations are assumed to be true.

        Plaintiff's original complaint was filed on December 3, 2014.  In the original complaint,

Plaintiff brought the action (1) individually, (2) on the behalf of one FLSA Collective of

Healthfirst employees classified as "Managers of Sales," and (3) on behalf of two distinct

putative classes under Rule 23 -- "Class A," which, like the FLSA Collective included the

"Managers of Sales," and "Class B," which included Healthfirst employees classified as

"Facilitated Enrollers."  Appended to the initial complaint was a filing titled "Consent to Join

Collective Action," signed by Plaintiff, which stated in material part,

> I hereby consent to join the lawsuit entitled KANWARPREET THIND, on behalf
> of himself and all those similarly situated v. HEALTHFIRST, et al., at Docket
> No. [BLANK] brought pursuant to [FLSA and the NYLL].  By signing below, I

state that I am currently or was formerly employed by the defendants at some
point during the previous six years.  I was required to work for the defendants in
excess of forty (40) hours per week without being properly compensated for all
hours worked or for overtime or spread of hours compensation in accordance with
state and federal law.[1]

According to the original complaint and the operative Amended Complaint, filed on

February 20, 2015, Healthfirst "operates a healthplan organization sponsored by nationally

recognized hospitals and medical centers."  Healthfirst employed Plaintiff as a Facilitated

Enroller from August 24, 2009 to about January 25, 2012.  From January 2012 until his departure

from Healthfirst in August 2014, Plaintiff's title was Manager of Sales.

The Amended Complaint is identical to the original complaint in all material respects with

one important exception.  Instead of a single FLSA collective, the Amended Complaint brings

suit on behalf of two collectives: Collective A (like Class A) includes all current and former

Healthfirst employees who worked under the title of "Manager of Sales," and Collective B (like

Class B) includes current and former Healthfirst employees who worked under the title of

"Facilitated Enroller."  Plaintiff did not file an additional "consent to join" notice with the

Amended Complaint.  (Dkt. 19).

The Amended Complaint lists six causes of action: (1) unpaid overtime under FLSA; (2)

minimum wage violations under FLSA; (3) unpaid overtime under the NYLL; (4) minimum

wage violations under the NYLL; (5) failure to pay wages in accordance with the agreed terms of

employment under the NYLL; and (6) failure to furnish proper wage statements in violation of

the NYLL.

---

[1] Neither the original complaint nor the Amended Complaint includes a spread of hours claim.

## II.     LEGAL STANDARD

On a motion to dismiss on the merits under Rule 12(b)(6), courts accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party. *See Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014).  To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Federal Rule of Civil Procedure 8 "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

## III.     DISCUSSION

Healthfirst moves to dismiss Collective B; the minimum wage claims; and the fifth cause of action, alleging failure to pay wages.  For the reasons below, the Collective B claims are not dismissed, but the minimum wage claims and the fifth cause of action are dismissed.

### A.   Collective B

The motion to dismiss Collective B from this action is denied.

As an initial matter, Healthfirst's argument that the law is unsettled as to whether Plaintiff may bring what it calls a "dual capacity claim" on behalf of himself and others similarly situated under FLSA is rejected.  Healthfirst's sparse authority for this proposition consists of one case from the Western District of Tennessee, and an out-of-circuit court that followed it.  *See Faust v. Comcast Cable Commc'ns Mgm.t, LLC*, No. 10 Civ. 2336, 2013 WL 5587291, at *7 (D. Md. Oct. 9, 2013); *see also Frye v. Baptist Mem'l Hosp., Inc.,* No. 07-2708, 2011 WL 1595458, at *5

3

(W.D. Tenn. Apr. 27, 2011).  Neither of those cases is controlling here.

In a similar vein, relying on *Frye*, Healthfirst argues that even if such "dual capacity" claims were permitted, the Amended Complaint does not sufficiently allege that Plaintiff brings suit individually and on behalf of others similarly situated.  *See* 2011 WL 1595458, at \*5.  To the contrary, the Amended Complaint explicitly states that Plaintiff brings suit "on behalf of himself and all others similarly situated."  The Amended Complaint's use of the words "on behalf of himself," instead of "individually" is immaterial.

Healthfirst also argues that the FLSA claims as to Collective B do not fall within the applicable statute of limitations.  This argument is rejected.  There are two components to the timely filing of a FLSA action -- the filing of the complaint and written notice.  Each is discussed in turn.

### a.   Timing of Complaint

"FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for 'a cause of action arising out of a willful violation.'"  *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) (quoting 29 U.S.C. § 255(a)).  Construing all facts in Plaintiff's favor as required on this motion, the Amended Complaint sufficiently alleges willful violations of the FLSA, and accordingly, the three-year statute of limitations applies at this point in the litigation.  If necessary, the limitations period can be challenged again once the evidence is developed on willfulness.

Next, "[t]he cause of action for FLSA . . . claims accrues on the next regular payday following the work period when services are rendered."  *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) (citing 29 C.F.R. § 790.21(b) (2012)).  Plaintiff ceased employment as a Facilitated Enroller on January 25, 2012 and was paid on a

biweekly basis.  In order to be timely, Plaintiff's claims on behalf of Collective B must have been filed within three years of the next regular payday following the work period when he last worked as a Facilitated Enroller, or the claim must relate back to the original filing.  The Amended Complaint does not allege the date of the next regular payday after Plaintiff's last day as a Facilitated Enroller.  However, because the Collective B claims relate back to the original complaint, they are timely.

As both parties agree, Rule 15(c)(1)(C) governs whether the amendment to add Collective B FLSA claims relates back to the initial complaint.  The Second Circuit's decision in *Arneil v. Ramsey*, 550 F.2d 774, 782-83 (2d Cir. 1977), *overruled on other grounds by Crown, Cork, & Seal Co. v. Parker*, 462 U.S. 345 (1983), controls the relation back of amendments seeking to expand a class of plaintiffs.  *See Dumont v. Litton Loan Servicing, LP,* No. 12 Civ. 2677, 2014 WL 815244, at *16 (S.D.N.Y. Mar. 3, 2014) (collecting cases).  Relation back is satisfied where "commencement of the class action adequately notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment" such that "[w]ithin the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation."  *Arneil*, 550 F.2d at 782-83 (quoting *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554-55 (1974)).  Collective B merely duplicates Class B, which was pleaded in the original complaint.  Accordingly, Healthfirst had adequate notice of the substantive claims (which remain unchanged) and the generic identities of potential plaintiffs when the original complaint was filed within the applicable statute of limitations.  However, that does not end the analysis.

5

### b. Written Notice

29 U.S.C. § 216 provides that "[n]o employee shall be a party plaintiff to any [collective]

action unless he gives his consent in writing to become such a party and such consent is filed in

the court in which such action is brought."  This provision "requires an employee with a FLSA

claim to affirmatively opt-in to any collective action."  *Sutherland v. Ernst & Young LLP*, 726

F.3d 290, 296 (2d Cir. 2013).  "[T]he statute of limitations period continues to run with respect to

each potential plaintiff's collective action claim until that plaintiff files the written consent form,"

and "signed consents do not relate back to the original filing date of the complaint."[2]  *Lee v. ABC*

*Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006).  This is true even in the case of plaintiffs

named in a timely-filed complaint.  *See Davis v. Lenox Hill Hosp.*, No. 03 Civ. 3746, 2004 WL

1926086, at *8 (S.D.N.Y. Aug. 31, 2004).

Healthfirst argues that Plaintiff was required to file a new consent form to join Collective

B.  The argument is rejected.  The Eleventh Circuit's decision in *Prickett v. DeKalb County*, 349

F.3d 1294 (11th Cir. 2003), is instructive.  In that case, "

> the district court . . . [had] ruled that § 216(b) requires opt-in plaintiffs to submit
> new consent forms, i.e., that they opt  in again, in order to be considered as
> plaintiffs in regard to any FLSA claim which was not in the complaint as it stood
> at the time they originally joined.  The [district] court's thinking was that opt-in
> plaintiffs do not join the action, but instead join specific claims within the action
> at the time they consent to become a plaintiff.

---

[2] The relevant statutory provision, 29 U.S.C. § 256, states:
> [A] collective . . . action instituted under the [FLSA] shall be considered to be
> commenced in the case of any individual claimant -- (a) on the date when the
> complaint is filed, if he is specifically named as a party plaintiff in the complaint
> *and* his written consent to become a party plaintiff is filed on such date in the
> court in which the action is brought, *or* (b) if such written consent was not so filed
> or if his name did not so appear--on the subsequent date on which such written
> consent is filed in the court in which the action was commenced." (emphases
> added).

*Prickett*, 349 F.3d at 1296-97.  The Eleventh Circuit rejected that argument, which is Healthfirst's

argument here, and held that the district court's "conclusion is not supported by the language of

the statute, nor is it supported by any holding of this circuit or any other federal appeals court."

*Id.* at 1297.

Further, as in *Prickett*, the language of Plaintiff's initial consent to join form does not

limit Plaintiff's consent to any particular collective, and includes claims under FLSA for

minimum wage and overtime -- both of which are substantive FLSA claims brought on behalf of

Collective B.

Finally, Healthfirst's reliance on *Albritton v. Cagle's, Inc.*, 508 F.3d 1012 (11th Cir.

2007), is unavailing.  In that case, the Eleventh Circuit held that "the consents the plaintiffs had

filed to join [a previous] litigation in 2002 were limited to that litigation, and they do not carry

over to the two present lawsuits which were filed in 2005."  *Albritton*, 508 F.3d at 1019.  Here,

the consent was not filed in a new litigation, but in the same action.

For all these reasons, Plaintiff's FLSA claims on behalf of Collective B are timely, and

Defendant's motion to dismiss Collective B is denied.

**B.  Minimum Wage Claims**

Plaintiff's minimum wage claims under both FLSA and the NYLL are dismissed as

contrary to the law in this Circuit.

Plaintiff argues that his "minimum wage claim is based on the fact that Defendants

required him to work past the forty-hour overtime threshold but failed to pay him for any rate of

pay . . . for this time worked."  "While Plaintiff may state a claim for a failure to pay overtime for

the hours worked in excess of 40 hours a week, he does not necessarily state a claim for failure to

pay minimum wage for those hours."  *Cruz v. AAA Carting & Rubbish Removal, Inc.*, No. 13 Civ.

8498, 2015 WL 4393204, at *7 (S.D.N.Y. July 16, 2015).  "An employee cannot state a claim for a minimum wage violation 'unless his average hourly wage falls below the federal minimum wage.'"  *Johnson v. Equinox Holdings, Inc.*, No. 13 Civ. 6313, 2014 WL 3058438, at *3 (S.D.N.Y. July 2, 2014) (quoting *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)).  The average hourly wage is calculated "by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.

Here, Plaintiff does not dispute that his average hourly salary was always in excess of both the federal and state minimum wage.  Instead, he contends that, because there is no evidence of an explicit agreement that the salary covered overtime pay, he has adequately alleged that he was not paid the minimum wage for his work past the 40-hour threshold and therefore has stated a minimum wage violation.  However, as the cases relied on by Plaintiff reveal, this is a valid theory for an overtime claim -- which survives -- and not a minimum wage claim.  *See Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133, 2014 WL 2200393, at *4 (May 27, 2014) (recommending that plaintiff be denied any minimum wage recovery, but recommending overtime recovery), *report and recommendation adopted*, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014); *see also Perry v. City of New York*, No. 13 CIV. 1015, 2013 WL 6641893, at *1 (S.D.N.Y. Dec. 17, 2013) ("Plaintiffs seek . . . to recover unpaid overtime compensation."); *Amaya v. Superior Tile & Granite Corp.*, No. 10 Civ. 4525, 2012 WL 130425, at *1 (S.D.N.Y. Jan. 17, 2012) ("Plaintiffs . . . allege that they were employed by Defendants and were not paid overtime compensation as required by the FLSA and the Labor Law."); *Giles v. City of New York*, 41 F. Supp. 2d 308, 309 (S.D.N.Y. 1999) ("The plaintiffs, a class of employees of the defendant, the City of New York[], brought this action to recover unpaid overtime compensation under [FLSA].").

Similarly, the out-of-circuit case, *Norceide v. Cambridge Health Alliance*, 814 F. Supp. 2d 17, 24 (D. Mass. 2011), is inapposite as it explicitly rejects the Second Circuit rule. Additionally, *Marin v. Apple-Metro, Inc.*, No. 12 Civ. 5274, 2014 WL 7271591, at *3 (E.D.N.Y. Dec. 18, 2014), is also inapposite because in that case Plaintiff alleged that she "was underpaid for all of the hours." Finally, Plaintiff's reliance on *Benitez v. Demco of Riverdale, LLC*, No. 14 Civ. 7074, 2015 WL 803069, at *2 (S.D.N.Y. Feb. 19, 2015), is unpersuasive. Even though the court in that case echoes the analysis Plaintiff advances here, it did so without any citations to other minimum wage cases, and one citation to a case alleging only overtime claims. *See Id.* at *2 (citing *Amaya*, 2012 WL 130425, at *6-9).

### C. Failure to Pay According to Agreed Terms of Payment

Plaintiff's Fifth Cause of Action is dismissed. The Amended Complaint alleges, in relevant part, "NYLL § 190, 191 and 663(1) require . . . employers pay wages to their employees in accordance with the agreed terms of employment," and that Healthfirst failed to do so. Under this cause of action, the Amended Complaint states, "Plaintiff and Rule 23 Plaintiffs are entitled to recover, at their regular rate of pay, for all hours that they worked for Defendant but for which Defendant did not compensate them."

None of the statutory sections the Amended Complaint cites support this cause of action. First, Plaintiff concedes that NYLL § 190 is merely a "definition section" and does not create a cause of action. Second, § 663 authorizes a civil action for unpaid wages in accordance with the NYLL and corresponding regulations, but does not create a cause of action for breach of an employment agreement. *See Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 422-23 (S.D.N.Y. 2013); *Jara v. Strong Steel Door, Inc.*, 20 Misc. 3d 1135(A), 2008 WL 3823769, at *12 (N.Y. Sup. Ct. Aug. 15, 2008). To the extent that Plaintiff's § 663 claim seeks relief for

unpaid wages, whether minimum wage or overtime, it is dismissed as duplicative.  Third, "Labor

Law § 191 by its terms only involves the timeliness of wage payments, and does not appear to

afford to plaintiffs any substantive entitlement to a *particular* wage."  *Myers v. Hertz Corp.*, 624

F.3d 537, 545 (2d Cir. 2010); *see also Myers,* at 624 F.3d at 537 n.1 ("[P]laintiffs' [claim] does

not allege a frequency of payment violation . . . . [T]he gravamen of plaintiffs' complaint is that

the sums paid were not equal to what plaintiffs claim they were entitled to receive.  To the extent

that prevailing wages are sought to be recovered, Labor Law § 191 is an inappropriate vehicle for

such recovery." (quoting *Jara*, 2008 WL 3823769, at *12 )).  Accordingly, the fifth cause of

action is dismissed.

## IV.        CONCLUSION

         For these reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in

part.  Plaintiff's second, fourth and fifth causes of action are dismissed.  The following causes of

action survive:

- The first cause of action for unpaid overtime under FLSA on behalf of both Collective A

    (Managers of Sales) and Collective B (Facilitated Enrollers);

- The third cause of action for unpaid overtime under the NYLL; and

- The sixth cause of action for failure to furnish proper wage statements under the NYLL.

    The Clerk of Court is directed to close the motion at Dkt. No. 22.

         SO ORDERED.

Dated: July 29, 2015
         New York, New York

                                              **LORNA G. SCHOFIELD**
                                       **UNITED STATES DISTRICT JUDGE**