# LEVINE LEE LLP

## NEW YORK

666 Fifth Avenue
New York, New York 10103
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Scott B. Klugman**
212 257 4030 direct
sklugman@levinelee.com

August 11, 2015

<u>VIA ECF</u>

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

> Re:     *Thind v. HF Management Services, LLC*, Civil Docket No. 14-9539 (LGS)

Dear Judge Schofield:

Defendant HF Management Services, LLC ("Healthfirst") respectfully submits this letter pursuant to the Court's August 5, 2015 Order (ECF No. 57) to address the reason for its supplemental production of documents on August 3 and 4, 2015 (the "Supplemental Production").  As discussed below, the reason for the Supplemental Production, as well as another production of documents that Healthfirst made today (the "Second Supplemental Production"), was a recently-discovered flaw during the deduplication processing of Healthfirst's emails.

On April 28, 2015 and May 21, 2015, Healthfirst produced more than 200,000 pages of documents (the "Initial Productions") in response to Plaintiff's First Request for the Production of Documents.  Healthfirst believed that, in the Initial Productions, it had produced all non-privileged, responsive emails that were sent or received by Mr. Thind, based on a search of reasonable scope.

However, on August 2, 2015, Healthfirst came across several emails that should have been, but were not, included in the Initial Productions.  Healthfirst immediately began investigating the reason for the omission.  Upon investigation, Healthfirst determined that the deduplication process used in the initial collection of emails for review and production had excluded some emails that were not exact duplicates.

Deduplication of emails is a common practice in the production of electronically-stored information in discovery, as emails are frequently sent to numerous recipients which thereby creates multiple electronically-stored copies of the same email.  Specifically, after identifying the cause of the omission, Healthfirst discovered that the software program used in the storage of its archived emails had, for reasons that are still unclear, removed some non-duplicate emails during the deduplication process prior to the Initial Productions.

The Supplemental Production of approximately 14,000 documents included the non-privileged, responsive emails that may not have been produced in the Initial Productions, which were identified in a preliminary review.  After making the Supplemental Production, Healthfirst has endeavored to re-export all of the affected emails without any deduplication being performed by its archiving software.  Instead, only Healthfirst's e-discovery vendor performed deduplication on the re-exported documents.  Based on the re-export, Healthfirst today made the Second Supplemental Production of approximately 20,000 documents.

Healthfirst notes that numerous emails in its Supplemental and Second Supplemental Productions are duplicates of those produced in the Initial Productions, as confirmed by a brief review. Nevertheless, in an abundance of caution, Healthfirst has erred on the side of overinclusiveness in making the Supplemental and Second Supplemental Productions.  In addition, all of Healthfirst's productions have included metadata, which enables Plaintiff to compare the emails in all production sets.

Healthfirst continues to review the matter to determine that it has met its discovery obligations. In the event that Healthfirst discovers any additional responsive, non-privileged emails that have not been previously produced, it will produce them promptly.

We thank the Court and Plaintiff for your patience and courtesy in this matter.

Respectfully Submitted,

s/ Scott B. Klugman
Scott B. Klugman

cc:      Counsel for Plaintiff (via ECF)

2