# LEVINE LEE LLP

### NEW YORK

666 Fifth Avenue
New York, New York 10103
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Scott B. Klugman**
212 257 4030 direct
sklugman@levinelee.com

October 6, 2015

**VIA ECF**

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Thind v. HF Management Services, LLC*, Civil Docket No. 14-9539 (LGS)

Dear Judge Schofield:

      We respectfully submit this letter on behalf of Defendant HF Management Services, LLC ("Healthfirst") pursuant to Local Rule 37.2, and Sections II.B.2 and III.C.3 of Your Honor's Individual Rules to request a pre-motion conference to seek leave to file a motion to compel Plaintiff Kanwarpreet Thind ("Plaintiff") to produce unredacted copies of all consent to join forms executed by Opt-in Plaintiffs (the "Consent Forms").  Plaintiff unilaterally redacted the Consent Forms prior to filing them with the Court and has refused to provide Healthfirst with fully unredacted copies.  The redacted information includes the Opt-in Plaintiffs' dates of employment with Healthfirst and other information that could be used to identify them.  Pursuant to Local Rule 37.2 and Section III.C.3 of Your Honor's Individual Rules, the parties have conferred in good faith, but have been unable to resolve the dispute.

      **I.**    **Background**

      Plaintiff attached to his motion for conditional certification a proposed Court Authorized Notice of Lawsuit, which attached a proposed consent to join form.  (ECF No. 40-6.)  The Court granted Plaintiff's motion for conditional certification and specifically ordered that Plaintiff use the form of notice discussed with the Court, including Plaintiff's proposed consent to join form.  (ECF No. 55.)  The consent to join form approved by the Court required each Opt-in Plaintiff to provide, *inter alia*, the following information:  (1) address; (2) telephone number; (3) email address; (4) start date; and (5) end date (the "Redacted Information").  (ECF No. 40-6 at 4.)  Plaintiff did not produce any of the Consent

Forms to Healthfirst, but only filed them with Court.  Plaintiff redacted all of the Redacted Information before filing the Consent Forms with Court.[1]

On September 24, 2015, Healthfirst requested that Plaintiff produce unredacted Consent Forms.  Plaintiff refused to do so.  While Plaintiff ultimately indicated during the meet-and-confer process that he would agree to produce Consent Forms on which some of the Redacted Information was not redacted—specifically, the Opt-in Plaintiffs' dates of employment at Healthfirst—he refused to produce fully unredacted copies of the Consent Forms.  Because Healthfirst is entitled to these documents and because there is no support for Plaintiff's position that he may redact the Consent Forms prior to producing them to Healthfirst, Healthfirst respectfully requests the Court's intervention.  To the extent that Plaintiff has confidentiality concerns, Healthfirst has no objection to Plaintiff's designation of the unredacted Consent Forms as "Confidential" under the Protective Order entered in this case, as Healthfirst has advised Plaintiff.  (*See* ECF No. 33.)

## II.  The Court Should Compel Plaintiff to Produce Unredacted Consent Forms

There is no basis for Plaintiff's position that he is entitled to redact the Consent Forms prior to producing them to Healthfirst.  Under the Fair Labor Standards Act ("FLSA"), an individual must file a valid consent form prior to becoming a party to a collective action, and the consent form serves as the commencement of the action as to each individual for statute of limitations purposes.  *See* 29 U.S.C. §§ 216, 256.  Thus, the Consent Forms are the evidence that the Opt-in Plaintiffs properly joined this case.

In addition, the Consent Forms are independently discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1) because they are "relevant to the subject matter involved in the action" and "reasonably calculated to lead to the discovery of admissible evidence."  The Consent Forms satisfy this standard because they include the Opt-in Plaintiffs' statements concerning their dates of employment with Healthfirst.  Although Plaintiff ultimately agreed to provide the Consent Forms with the dates of employment unredacted, he has continued to insist that he is entitled to redact the remainder of the Redacted Information, including the Opt-in Plaintiffs' addresses and phone numbers.  But such information is presumptively relevant.  Indeed, Rule 26(a)(1) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information."  Fed. R. Civ. P. 26(a)(1).  Here, that information is particularly important because it likely will assist Healthfirst in identifying the Opt-in Plaintiffs, especially those Opt-in Plaintiffs whose names are not identical to those on the list of potential collective action members that Healthfirst provided to Plaintiff.

The Court should also preclude Plaintiff from unilaterally redacting the Consent Forms because the Court approved them as part of its Order granting Plaintiff's motion for conditional certification.  (*See* ECF No. 55 (ordering that "Plaintiff's counsel shall use the form of notice discussed at the [July 30, 2015] conference.").)  As a result, the Court should not permit Plaintiff to "unilaterally alter the Court's Order by redacting portions of the Consent to Join Form."  *See Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2010 WL 2573974, at *4 (S.D. Fla. June 24, 2010) (requiring Plaintiff to produce

---

[1]  Plaintiff's filing of redacted Consent Forms without obtaining leave of Court violates the Protective Order in this case (ECF No. 33 at ¶ 15) and Rule I.C.3 of the Court's Individual Rules of Procedures for Civil Cases.  In addition, Federal Rule of Civil Procedure 5.2 does not require redaction of any of the Redacted Information.

unredacted copies of consent to join forms in a FLSA case that, unlike those at issue here, included the opt-in plaintiffs' social security numbers).

\* \* \*

For the foregoing reasons, Healthfirst requests a pre-motion conference to seek leave to file a motion to compel Plaintiff to produce unredacted copies of all Consent Forms executed by Opt-in Plaintiffs.

                    Respectfully submitted,

                    Levine Lee LLP

                    /s/ Scott B. Klugman
                    Scott B. Klugman

cc:      Counsel for Plaintiff (via ECF)