December 7, 2015

**Via ECF**

The Honorable Lorna G. Schofield
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Thind v. HF Management Services, LLC*, Civil Docket No. 14-9539 (LGS)

Dear Judge Schofield:

    Pursuant to paragraph IV(a) of the Fourth Amended Scheduling Order (ECF No. 231), the parties jointly submit the following status letter "explaining what written discovery has taken place and what written discovery remains," indicating "whether a conference is needed based on the amount of written discovery production to date" and indicating "whether there is a need for a pre-motion conference for the Court to resolve any disputed issues, including those resulting from the discussions described in Section III.a."

    In sum, given that Plaintiff's production of discovery responses from Opt-in Plaintiffs has proceeded more slowly than expected, both parties agree that they will not be able to complete discovery by February 29, 2016, the deadline set in the current schedule. Both parties also agree, and hereby respectfully request, that the Court delay holding a conference on the schedule or other discovery matters until after the submission of the next joint status letter on January 11, 2016. At that point, the parties expect to have a better sense of how much time is needed to complete discovery, and Defendant expects to have a better sense of whether it needs to seek relief from the Court based on any Opt-in Plaintiff's failure to respond to its discovery requests.

    **I.**    **"What written discovery has taken place and what written discovery remains."**

    Since the distribution of Court-authorized notice on August 28, 2015, 144 individuals have opted into this conditionally certified collective action. The parties are currently in the Opt-in discovery period of this FLSA action, which opened on September 24, 2015 (*see* ECF No. 135) and is scheduled to close on February 29, 2016 (*see* ECF No. 231).

    Defendant served discovery requests on Opt-in Plaintiffs on October 6, 2015. Plaintiff served discovery requests related to Opt-in Plaintiffs on October 26. Pursuant to Section II.d of the Fourth Amended Scheduling Order, dated November 3, 2015:

> Beginning immediately, and on a rolling basis, subject to any objections, Plaintiff shall produce discovery in response to Defendant's Discovery Requests. Plaintiff shall make a good-faith effort to produce discovery for a significant number of Opt-in Plaintiffs by November 30, 2015.

On November 30, Plaintiff served on Defendant the complete discovery production for six Opt-in Plaintiffs, covering four Facilitated Enrollers and two Managers. Plaintiff also served partial discovery productions for 23 Opt-in Plaintiffs, covering 20 Facilitated Enrollers, two Managers and one individual

who held both positions during the statutory period.  Plaintiff's remaining written discovery includes (1) completion of its discovery production for the 23 Opt-in Plaintiffs for whom it made partial productions and (2) the production of discovery responses for the remaining 115 Opt-in Plaintiffs for whom it has not produced any discovery.

Pursuant to Section II.e of the Fourth Amended Scheduling Order:

> Subject to any objections, Defendant, after receipt of an Opt-in Plaintiff's complete discovery production, shall produce reciprocal discovery for that Opt-in Plaintiff in response to Plaintiff's Discovery Requests on a rolling basis.

Defendant is currently preparing its discovery production for the six Opt-in Plaintiffs who have served complete discovery responses and expects to make reciprocal productions on a rolling basis.  Defendant has also started to gather materials for the 23 Opt-in Plaintiffs from whom it has received partial productions.  Defendant's remaining discovery includes production of reciprocal discovery for any additional Opt-in Plaintiff from whom it receives complete discovery responses.

### II.  "Whether a conference is needed based on the amount of written discovery production to date."

The parties believe that the Court should delay holding a conference until after the next joint status letter is submitted on January 11, 2016.

As noted above, Plaintiff's production of discovery has proceeded more slowly than expected.  Although it is unclear how many completed responses Plaintiff will be able to obtain over the next month, especially given the holidays, Plaintiff is hoping to have provided complete discovery for approximately 50 Opt-in Plaintiffs by the date that the next joint status letter is due.  While Defendant has concerns about the pace of Opt-in discovery, in light of the season, Defendant is willing to delay seeking any relief until after the filing of the next joint status letter.

Accordingly, while both parties believe that the current schedule will not be met under any circumstances, the parties respectfully request that the Court postpone hearing from the parties regarding a proposed new schedule and holding a conference to discuss the pace of discovery until after the submission of the next joint status letter.  At that point, the parties expect to have a better sense of the date by which they will be able to complete discovery.

### III.  "Whether there is a need for a pre-motion conference for the Court to resolve any disputed issues, including those resulting from the discussions described in Section III.a."

Section III.a of the Fourth Amended Scheduling Order states:

> Prior to submission of the status letter described in Section IV.a, and based on the nature of the production made by Plaintiff as described in Section II.d, the parties shall confer in good to faith to determine whether they can reach agreement concerning (1) any outstanding issues relating to written discovery; and (2) an appropriate program for the depositions of Opt-in Plaintiffs. The parties shall report the status of these discussions to the Court in the Status Letter described in Section IV.a.

At present, the parties have not identified any disputed legal issues concerning written discovery. In addition, given that that written discovery is proceeding more slowly than expected and that it is presently unclear how many Opt-in Plaintiffs will provide discovery responses, the parties feel that it is premature to discuss further an appropriate program for depositions of Opt-in Plaintiffs. Accordingly, the parties respectfully request that the Court permit them to defer concluding their discussions concerning a program for depositions in this case at this time.

By: _s/ Samuel Veytsman_  
    Samuel Veytsman  
    Michael J. Borrelli  
    Alexander T. Coleman  
    Borrelli & Associates, P.L.L.C.  
    1010 Northern Blvd., Suite 328  
    Great Neck, New York 11021  
    Tel: (516) 248-5550  
    Fax: (516) 248-6027  
    Email: sve@employmentlawyernewyork.com  
           mjb@employmentlawyernewyork.com  
           atc@employmentlawyernewyork.com  

*Attorneys for Plaintiff*

By: _s/ Scott B. Klugman_  
    Scott B. Klugman  
    Seth L. Levine  
    Aaron I. Karp  
    Levine Lee LLP  
    666 Fifth Avenue  
    New York, New York 10103  
    Tel: (212) 223-4400  
    Fax: (212) 223-4425  
    Email: sklugman@levinelee.com  
           slevine@levinelee.com  
           akarp@levinelee.com  

*Attorneys for Defendant*