January 11, 2015

**Via ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/13/2016
```

The Honorable Lorna G. Schofield
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    ***Thind v. HF Management Services, LLC***, **Civil Docket No. 14-9539 (LGS)**

Dear Judge Schofield:

    Pursuant to Section IV(b) of the Fourth Amended Scheduling Order (ECF No. 231) (the "Scheduling Order"), the parties jointly submit the following status letter "explaining what discovery has taken place, what discovery remains, and how the parties are acting diligently to meet the Opt-in Plaintiff Discovery deadline." The parties also write to update the Court on various outstanding issues identified in the previous joint status letter submitted on December 7, 2015 (ECF No. 234) (the "December 7 Letter").

    As discussed below, Plaintiff's production of discovery responses from Opt-in Plaintiffs has continued to proceed more slowly than expected. The parties agree that due to the pace of Plaintiff's production, they will not be able to meet the current discovery deadline. Thus, the parties request a conference to discuss an extension of the discovery deadline.

    In addition, it is presently unclear whether the Court will need to hold a pre-motion conference to address a request by Defendant to compel discovery from any Opt-in Plaintiffs who have not fully responded to Defendant's discovery requests or risk dismissal from this action. Plaintiff's counsel advised that he would be willing to withdraw as counsel for some non-responsive Opt-in Plaintiffs within the next few weeks, but is still considering Defendant's request to not oppose Defendant's motion to dismiss all non-responsive Opt-in Plaintiffs by a reasonable date to be agreed-upon or ordered by the Court. The parties will continue to discuss this issue over the next week to see if they can reach agreement. If they cannot, Defendant will likely request a pre-motion conference to compel Opt-in Plaintiffs to provide complete discovery responses by a reasonable deadline set by the Court or risk dismissal from this action.

    **I.**    **Progress of Discovery**

    Since the distribution of Court-authorized notice on August 28, 2015, 144 individuals have opted into this conditionally certified FLSA collective action. The parties are currently in the Opt-in discovery period of this FLSA action, which opened on September 24, 2015 (*see* ECF No. 135) and is scheduled to close on February 29, 2016 (*see* ECF No. 231).

    Defendant served discovery requests on Opt-in Plaintiffs on October 6, 2015. Plaintiff served discovery requests related to Opt-in Plaintiffs on October 26. Pursuant to Section II(d) of the Scheduling Order, dated November 3, 2015:

> Beginning immediately, and on a rolling basis, subject to any objections, Plaintiff shall produce discovery in response to Defendant's Discovery Requests. Plaintiff shall make a good-faith effort to produce discovery for a significant number of Opt-in Plaintiffs by November 30, 2015.

On November 30, Plaintiff served on Defendant the complete discovery production for six Opt-in Plaintiffs, covering four Facilitated Enrollers and two Managers. Plaintiff also served partial discovery productions for 23 Opt-in Plaintiffs, covering 20 Facilitated Enrollers, two Managers and one individual who held both positions during the statutory period. In the December 7 Letter, Plaintiff stated that it was "hoping to have provided complete discovery for approximately 50 Opt-in Plaintiffs by the date that the next joint status letter is due."

Plaintiff has produced no additional discovery since November 30, 2015. On January 11, 2016, Plaintiff advised Defendant that, on or before January 15, 2016, he expects to provide complete interrogatory responses to Defendant for a total of 44 additional Opt-in Plaintiffs, including the Opt-in Plaintiffs for whom Plaintiff has previously produced partial discovery responses. In addition, Plaintiff advised Defendant that, on or before January 15, 2016, it expects to produce documents in response to Defendant's requests for production on behalf of approximately five of the 44 additional Opt-in Plaintiffs. At this point, Plaintiff is unable to provide a date by which it will produce responsive documents, if any, for the other Opt-in Plaintiffs who have responded to Defendant's interrogatories. Plaintiff's remaining written discovery is the same as was reported in the December 7 Letter, and includes (1) completion of its discovery production for the 23 Opt-in Plaintiffs for whom it made partial productions and (2) the production of discovery responses for the remaining 115 Opt-in Plaintiffs for whom it has not produced any discovery, other than from the Opt-in Plaintiffs who Plaintiff will agree to voluntarily dismiss from this case.

> Pursuant to Section II(e) of the Scheduling Order:
>
> Subject to any objections, Defendant, after receipt of an Opt-in Plaintiff's complete discovery production, shall produce reciprocal discovery for that Opt-in Plaintiff in response to Plaintiff's Discovery Requests on a rolling basis.

On December 22, 2015, Defendant produced reciprocal discovery for the six Opt-in Plaintiffs who had served complete discovery responses. This discovery was comprised of over 500,000 pages of additional document discovery and supplemental interrogatory responses for the six Opt-in Plaintiffs who have served complete discovery responses. Defendant's remaining discovery includes production of reciprocal discovery for any additional Opt-in Plaintiff from whom it receives complete discovery responses.

### II. Program for Depositions of Opt-in Plaintiffs

Pursuant to Section III(a) of the Scheduling Order, the parties were to report in the December 7 Letter whether they were able to reach agreement concerning "an appropriate program for the depositions of Opt-in Plaintiffs." In that letter, the parties advised the Court that because written discovery was proceeding more slowly than expected, and because it was presently unclear how many Opt-in Plaintiffs will provide discovery responses, the parties felt that it is premature to discuss further an appropriate program for depositions of Opt-in Plaintiffs.

That situation has not changed since the December 7 letter.  The parties continue to feel that concluding their discussions of a deposition program will be premature until the parties determine how many of the Opt-in Plaintiffs will respond to Defendant's written discovery requests.

### III. Requests for Conferences

In the December 7 Letter, the parties requested that the Court postpone hearing from the parties whether any of two conferences were required:  (1) a conference based on the amount of written discovery production to date and (2) a pre-motion conference for the Court to resolve any disputed issues.

Given the pace of the Opt-in Plaintiffs' response to Defendant's discovery requests, both sides agree that they will not be able to complete discovery by the current deadline and request a conference to discuss that issue with the Court.

In addition, it is presently unclear whether the Court will need to hold a pre-motion conference to address a request by Defendant to compel discovery from non-responsive Opt-in Plaintiffs. Defendant requested that Plaintiff not oppose a motion to dismiss any Opt-in Plaintiff who fails to fully respond to discovery by a reasonable date.  While Plaintiff indicated that it would agree to withdraw as counsel for an unspecified number of non-responsive Opt-in Plaintiffs within the next few weeks, Plaintiff, at this point, was unwilling to take a position on whether it would agree to not oppose a motion to dismiss all Opt-in Plaintiffs who fail to fully respond to discovery by a reasonable date in the future.  The parties will continue to discuss this issue over the next week to see if they can reach agreement.  If they cannot, Defendant will likely request a pre-motion conference to compel Opt-in Plaintiffs to provide complete discovery responses by a reasonable deadline set by the Court or risk dismissal from this action.

| By: _s/ Samuel Veytsman_____ | By: _s/ Scott B. Klugman_____ |
|---|---|
| Samuel Veytsman | Scott B. Klugman |
| Michael J. Borrelli | Seth L. Levine |
| Alexander T. Coleman | Aaron I. Karp |
| Borrelli & Associates, P.L.L.C. | Levine Lee LLP |
| 1010 Northern Blvd., Suite 328 | 666 Fifth Avenue |
| Great Neck, New York 11021 | New York, New York 10103 |
| Tel:  (516) 248-5550 | Tel:  (212) 223-4400 |
| Fax:  (516) 248-6027 | Fax:  (212) 223-4425 |
| Email:  sve@employmentlawyernewyork.com | Email:  sklugman@levinelee.com |
|    mjb@employmentlawyernewyork.com |    slevine@levinelee.com |
|    atc@employmentlawyernewyork.com |    akarp@levinelee.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

APPLICATION GRANTED.  A conference will be held on January 21, 2016, at 10:30 a.m. to discuss the above underlined discovery issues.  The parties shall come prepared with a realistic timeline to complete discovery and a proposal for how to proceed with the non-responsive Opt-in Plaintiffs.

Dated:  January 13, 2016
    New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE