# LEVINE LEE LLP

### NEW YORK

666 Fifth Avenue
New York, New York 10103
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Scott B. Klugman**
212 257 4030 direct
sklugman@levinelee.com

January 20, 2016

<u>VIA ECF</u>

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Thind v. HF Management Services, LLC*, Civil Docket No. 14-9539 (LGS)

Dear Judge Schofield:

    We respectfully submit this letter on behalf of Defendant HF Management Services, LLC ("Healthfirst") to advise the Court as to Healthfirst's position on one of the issues that the Court ordered the parties to address at the conference scheduled for January 21, 2016, namely, whether the Opt-in Plaintiffs who fail to fully respond to Healthfirst's discovery requests should remain in this case. (*See* ECF No. 236.)

    To date, Healthfirst has received complete discovery responses from 16 of the 144 Opt-in Plaintiffs and partial discovery from an additional 31 Opt-In Plaintiffs. For the reasons set forth below, it is Healthfirst's position that the Court should issue an order pursuant to Federal Rules of Civil Procedure ("Rule") 37(a)(3)(B) and (b)(2)(A) compelling the Opt-in Plaintiffs to fully respond to Healthfirst's discovery requests on or before February 12, 2016, or other deadline set by the Court, or risk dismissal from this action with prejudice. Plaintiff has advised Healthfirst that it would be willing to consent to the dismissal of the Opt-in Plaintiffs who fail to respond to Healthfirst's discovery requests, provided that the deadline for responding is set at February 29, 2016, and the dismissal is without prejudice.

    **I.**    **Background**

    Since the distribution of Court-authorized notice on August 28, 2015, 144 individuals have opted into this conditionally certified FLSA collective action. Healthfirst served its First Set of Interrogatories and First Set of Document Requests to Opt-in Plaintiffs on October 6, 2015 (collectively, the "First Opt-in Discovery Requests"). Plaintiff has not indicated that it would refuse to answer or refuse to produce documents in response to any of the requests in the First Opt-in Discovery Requests.

    After Healthfirst served the First Opt-in Discovery Requests, the Court ordered the parties to file a proposed plan and schedule for the remainder of discovery on or before November 2, 2015. (ECF No. 221.) Pursuant to this Order, the parties filed a joint proposed plan on November 2, 2015. (ECF Nos.

230, 230-1.)  The plan approved by the Court (ECF No. 231), required Plaintiff to produce discovery "beginning immediately, and on a rolling basis."  (*See* ECF No. 230-1, Section II(d).)  Plaintiff also agreed to "make a good-faith effort to produce discovery for a significant number of Opt-in Plaintiffs by November 30, 2015."  (*Id.*)

Plaintiff did not produce discovery throughout November on a rolling basis.  In fact, Plaintiff did not produce any discovery until November 30, when he served the complete discovery production for six Opt-in Plaintiffs, comprised of verified interrogatory responses and a representation that these Opt-in Plaintiffs possessed no responsive documents.  Plaintiff also produced verified interrogatory responses on behalf of three Opt-in Plaintiffs who he indicated may have some responsive documents, but did not produce any responsive documents on behalf of these individuals.

As ordered by the Court, on December 7, the parties filed a joint letter regarding the status of discovery.  (*See* ECF No. 234.)  In that letter, the parties noted their agreement that they would not be able to complete discovery by the deadline set by the Court because Plaintiff's production from Opt-in Plaintiffs had proceeded more slowly than expected.  (*Id.* at 1.)  In the letter, Plaintiff represented that he was "hoping to have provided complete discovery for approximately 50 Opt-in Plaintiffs by [January 11, 2016,] the date that the next joint status letter is due."  (*Id.* at 2.)  Plaintiff, however, produced no additional discovery by the submission of the January 11, 2016 joint status letter.  (ECF No. 235).

On January 19, 2016, Plaintiff produced discovery on behalf of 38 additional Opt-in Plaintiffs.  Plaintiff's discovery was comprised of verified interrogatory responses and a total of approximately 50 pages of documents.  Plaintiff subsequently advised Healthfirst that its production to date included complete discovery responses on behalf of 16 Opt-in Plaintiffs and partial discovery responses on behalf of 31 Opt-in Plaintiffs who were still investigating whether they possessed any responsive documents.

## II.     The Court Should Compel Discovery from Any Opt-in Plaintiffs who Have Failed to Fully Respond to Healthfirst's Discovery Requests

As per the standard practice in this District, Healthfirst requests that the Court issue an order compelling discovery from any Opt-in Plaintiffs who have failed to fully respond to Healthfirst's discovery requests or risk dismissal from this action.  *See, e.g.*, *Colella v. New York City Transit Auth.*, No. 12-CV-6041 (GBD) (MHD), 2014 WL 7967835, at *3-5 (S.D.N.Y. Dec. 2, 2014) ("*Colella I*"), *report and recommendation adopted in part*, 2015 WL 906168 (S.D.N.Y. Mar. 3, 2015) ("*Colella II*"); *Ruiz v. Citibank*, No. 10-CV-5950 (KPF) (RLE), 2014 WL 4635575, at *2-4 (S.D.N.Y. Aug. 19, 2014).

Rule 37(a)(3)(B) permits the Court to compel discovery from a party who fails to respond to discovery requests.  Rule 37(b)(2)(A) permits the Court to dismiss an action in whole or in part where a party "fails to obey an order to provide or permit discovery."  Courts apply the following factors in determining whether dismissal is warranted as a sanction under this rule:  (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.  *Colella I*, 2014 WL 7967835, at *3; *Ruiz*, 2014 WL 4635575, at *2.  Applying these factors, this Court has, on multiple instances, dismissed with prejudice the FLSA claims of the opt-in plaintiffs who failed to respond to the defendant's discovery requests after the issuance of an order to compel.  *Colella II*, 2015 WL 906168, at *3; *Ruiz*, 2014 WL 4635575, at *3-4.

Accordingly, Healthfirst respectfully requests that the Court issue an order compelling the Opt-in Plaintiffs to fully respond to Healthfirst's discovery requests on or before February 12, 2016, or other deadline set by the Court, or risk dismissal from this action with prejudice.

                                              Respectfully submitted,

                                              Levine Lee LLP

                                              s/ Scott B. Klugman
                                              Scott B. Klugman

cc:       Counsel for all parties (via ECF)