```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/9/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KANWARPREET THIND, individually and on                      :
behalf of all others similarly situated,                    :
                                                            :
                              Plaintiff,                    :   14 Civ. 9539 (LGS)
               -against-                                    :
                                                            :   **OPINION AND ORDER**
HEALTHFIRST MANAGEMENT SERVICES,                            :
LLC, d/b/a HEALTHFIRST,                                     :
                              Defendant.                    :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      This case arises from Defendant Healthfirst Management Services, LLC's ("Healthfirst") alleged violations of the Fair Labor Standards Act ("FLSA"). Plaintiff Kanwarpreet Thind, acting individually and on behalf of a number of opt-in plaintiffs, obtained conditional certification of two FLSA collectives, A and B. Defendant moves to decertify Collective B. Plaintiff cross-moves to amend his Amended Complaint (the "Complaint") to divide Collective B into two sub-groups and for final certification of the new Collective B. For the reasons explained below, Defendant's motion is granted and Plaintiff's motion is granted in part and denied in part.

**I.  BACKGROUND**

      Plaintiff Kanwarpreet Thind worked for Defendant Healthfirst as a Facilitated Enroller from August 24, 2009, to January 24, 2012, and as a Manager for Sales from January 25, 2012, to August 21, 2014. Healthfirst's Employee Handbook contains a written policy that non-exempt employees may not work more than their scheduled work hours without authorization from their manager. The handbook further states that non-exempt employees are to be paid one and one-half times their regular pay for any time worked in excess of forty hours per week.

Thind alleges that when he was a Facilitated Enroller, Healthfirst required him to punch out after eight hours of work and continue working off the clock in order to meet productivity objectives. As a result, he worked over forty hours each week without receiving overtime pay. Thind further alleges that as a Manager for Sales, Defendant intentionally misclassified him as an exempt employee and paid him a flat salary, which did not cover any of the thirty to forty overtime hours that he worked each week.

The Court conditionally certified two FLSA collectives based on these allegations and supporting affidavits. Collective A comprises current and former Healthfirst employees who worked for Defendant as Managers for Sales in the Facilitated Enrollment Department in the three years before the filing of the Complaint without receiving sufficient overtime compensation. Collective B comprises current and former Healthfirst employees who worked as Facilitated Enrollers in the three years before the filing of the Complaint without receiving sufficient overtime compensation.

Following the conditional certification of the collectives, approximately 120 individuals opted into Collective B. Healthfirst served interrogatories on these opt-in plaintiffs asking them to identify every person who ever directed them to work off the clock. Seventy individuals responded to the interrogatories, and their responses were mixed. Forty-eight opt-in plaintiffs stated that no one directed them to work off the clock. Sixteen opt-in plaintiffs named one or more supervisors who had directed them to work off the clock. Five opt-in plaintiffs did not identify a supervisor, but stated that they were told to meet their productivity requirements even though they were not permitted to work past their allotted hours. One opt-in plaintiff could not recall if she had been directed to work off the clock.

Healthfirst deposed Thind and several opt-in plaintiffs. At his deposition, Thind testified

that when he was a Facilitated Enroller he was told to "work after hours." He also testified that he was told that if he worked off the clock and processed more applications, he could be promoted later.

## II.   STANDARD

### A.   Decertification of a Collective

FLSA section 216(b) authorizes collective actions to recover damages for unpaid wages where all employees are "similarly situated." 29 U.S.C. § 216(b). The Second Circuit has endorsed a two-step process for certifying collective actions under FLSA. At step one, conditional certification, if the named plaintiff makes "a modest factual showing that they and others together were victims of a common policy or plan that violated the law," the district court permits a notice inviting potential opt-in plaintiffs to join the action. At step two, final certification, "with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).

An action may be decertified if the record at step two reveals that the opt-in plaintiffs are not similarly situated to the named plaintiffs. *Myers*, 624 F.3d at 555. This FLSA step two analysis is "considerably less stringent" than the requirements for class certification under Federal Rule of Civil Procedure 23. *See, e.g.*, *Hernandez v. Fresh Diet, Inc.*, 12 Civ. 4339, 2014 WL 5039431, at *8 (S.D.N.Y. Sept. 24, 2014); *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 65 (E.D.N.Y. 2016). In determining whether to decertify a FLSA collective action, courts in this District generally consider the "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff;

and (3) fairness and procedural considerations counseling for or against [collective action treatment]." *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 0160, 2016 WL 3221148, at *7 (S.D.N.Y. June 9, 2016); *see also, e.g.*, *Zivali v. AT & T Mobility, LLC*, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011).

When a defendant moves for decertification, the burden is on the named plaintiff to show by a preponderance of the evidence that the opt-in plaintiffs are similarly situated. *Elfoulki v. Brannons Sandwich Shop, LLC*, No. 14 Civ. 5964, 2016 WL 1736203, at *2 (S.D.N.Y. May 2, 2016).

**B.     Amending a Complaint**

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007).

"Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.' Fed. R. Civ. P. 15(a), 16(b)." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).  To show good cause, a movant must demonstrate diligence before filing his motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (granting leave when "deadline cannot reasonably be met despite the diligence of the party seeking the extension." (internal quotation marks omitted)).  While the movant's "diligence" is the "primary consideration," the Court may also inquire whether the amendment will significantly prejudice

the nonmoving party.  *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

A court may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Holmes v. Grubman,* 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy*, 482 F.3d at 200); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) (discussing the circumstances in which leave may be denied).  The standard for assessing futility changes depending on the stage of the litigation.  *See, e.g.*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2010).  Where significant discovery has occurred, the Court is not limited to the pleadings in assessing the futility of Plaintiff's proposed amendments.  *See, e.g.*, *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, 15 Civ. 3256, 2016 WL 6083956, at *6-7 (S.D.N.Y. Oct. 17, 2016).

### III. DISCUSSION

#### A. Decertification of Collective B

As conditionally certified, Collective B is made up of all current and former Healthfirst employees who worked as Facilitated Enrollers in the three years before the filing of the Complaint without receiving sufficient overtime compensation.  In light of the discovery that has already occurred in this case, Collective B is subject to decertification under the three-prong test applied in this District.

First, the individual opt-in plaintiffs have disparate factual and employment circumstances.  *See, e.g.*, *Jacob*, 2016 WL 3221148, at *7.  While Thind testified that he was expressly told to work off the clock, a majority of the opt-in plaintiffs indicated that they were never explicitly directed to do so.  Given the factual differences among the opt-in plaintiffs, Thind cannot demonstrate that Healthfirst employed a single, uniform policy of explicitly directing Facilitated Enrollers to work off the clock in violation of its clear written policy.  The

opt-in plaintiffs fall into two discrete groups -- those who were explicitly told to work off the clock and those who were not. They therefore are not similarly situated for purposes of moving forward as one collective. *See Zivali*, 784 F. Supp. 2d at 459 (to avoid decertification, facially lawful policies must be so "consistently violated . . . that it would be possible to generalize across the [collective of] opt-in plaintiffs").

Second, Defendants intend to raise individualized defenses as to each of the opt-in plaintiffs. *See, e.g.*, *Jacob*, 2016 WL 3221148, at *7. Given that a majority of opt-in plaintiffs indicated that they were not expressly told to work off the clock, Healthfirst's defenses will turn on the individualized employment circumstances of each of these opt-in plaintiffs. The individualized nature of these defenses counsels in favor of decertification. *See Zivali*, 784 F. Supp. 2d at 467-68 (in absence of company-wide policy, defenses would be "highly individual" to each plaintiff).

Third, procedural considerations dictate that the collective be decertified. *See, e.g.*, *Jacob*, 2016 WL 3221148, at *7. Where the conditionally certified collective is not similarly situated, resolution of claims involving that collective are not efficient. *See Zivali*, 784 F. Supp. 2d at 469. Accordingly, all three factors favor the decertification of Collective B.

Plaintiff opposes Healthfirst's decertification motion, arguing that any issues identified in Defendant's motion will be fixed via an amendment to the Complaint. In the alternative, Plaintiff argues that the motion to decertify is premature because discovery has not concluded. These arguments are unavailing. First, as explained above, the current Collective B is not a viable collective. Thus, decertification is appropriate. *See, e.g.*, *Myers*, 624 F.3d at 555.

Second, contrary to Plaintiff's alternative argument, a defendant may move for decertification of a collective action prior to the close of discovery. FLSA does not demand that

defendants wait for the close of discovery to file a motion for decertification.  Motions for final certification or decertification take place "with the benefit of additional factual development" to ensure that the plaintiffs who actually opt into the action are sufficiently similar to warrant collective treatment.  *See Glatt*, 811 F.3d at 540.  Depending on the factual record, a motion for decertification may be decided prior to the close of discovery.  *See, e.g.*, *Shabazz v. Morgan Funding Corp.*, 269 F.R.D. 245, 251 (S.D.N.Y. 2010) ("after discovery is largely complete, and usually precipitated by a motion for decertification by the defendant, the second stage inquiry occurs"); *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 363 (E.D.N.Y. 2007) ("A defendant can move at a later date to decertify the class if information learned through discovery should reveal that the class is not similarly situated.").

Based on the significant discovery that has already occurred in this case, Defendant has demonstrated that decertification of Collective B is warranted.  Consequently, Defendant's motion to decertify Collective B is granted.

### B.     Amending the Complaint and Final Certification of Collective B

Plaintiff moves to amend his Complaint in order to remedy the problems identified in Defendant's decertification motion.  Plaintiff seeks to divide Collective B into two sub-collectives, B1 and B2.  Collective B1 would comprise all opt-in Facilitated Enrollers who were expressly told to work off the clock.  Collective B2 would comprise all opt-in Facilitated Enrollers who worked off the clock without express instruction from Healthfirst managers.  Plaintiff also seeks final certification of these proposed sub-collectives.

Where, as here, a scheduling order is in place, courts must balance the lenient standard under Rule 15(a), which provides that leave to amend "shall be freely given," against the "requirement under Rule 16(b) that the Court's scheduling order shall not be modified except

upon a showing of good cause." *Grochowski*, 318 F.3d at 86 (internal quotation marks and citations omitted).

### 1. Collective B1

Plaintiff has shown good cause to amend the Complaint to replace Collective B with Collective B1 -- Facilitated Enrollers who, like Plaintiff, were expressly told to work off the clock. Plaintiff seeks to amend the Complaint to conform to new evidence regarding the composition of the opt-in plaintiffs. Plaintiff timely filed his motion in accordance with the deadline provided by Court Order.

Defendant's arguments opposing amendment of the Complaint are unavailing as to Collective B1. First, Defendant argues that the motion for leave to amend should be denied because the new proposed Collective B is not subject to collective proof. However, all of the opt-in plaintiffs in Collective B1 allege the same FLSA violation based on receiving an explicit direction to work off the clock despite Healthfirst's written policy.

Second, Defendant argues that Thind disqualified himself from acting as lead plaintiff by testifying that he worked off the clock to obtain a promotion. Defendant ignores Thind's testimony that he also was told to work off the clock, which is sufficient for him to represent the proposed Collective B1. *See Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 643-49 (S.D.N.Y. 2013) (finding employees with similar, but not identical, circumstances to be similarly situated under FLSA); *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 404 (S.D.N.Y. 2012) (rejecting argument that different motivations for working unpaid overtime meant that plaintiffs were not similarly situated); *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *2 (S.D.N.Y. Feb. 19, 2008) (differing motivations for performing volunteer work did not render a proposed FLSA collective dissimilar).

Lastly, Defendant argues that Plaintiff's motion to amend is in bad faith due to discrepancies between the proposed Second Amended Complaint and information revealed in discovery. However, Plaintiff indicates that he was attempting to comply with his understanding of the Court's direction to propose a narrow amendment of the definition of Collective B rather than significant revisions to the proposed Second Amended Complaint. Nothing in the record suggests that Plaintiff's motion was made in bad faith. The motion for leave to amend the Complaint is therefore granted as to allegations concerning Collective B1.

### 2. Collective B2

Plaintiff's motion to amend the Complaint to include Collective B2 is denied as futile. The establishment of productivity requirements and requiring pre-approval for overtime on penalty of discipline are not per se FLSA violations. *See Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 289-90 (S.D.N.Y. 2015) ("Setting production targets is a perfectly acceptable employment practice, as are "customary management admonitions to supervisors to watch and maintain control of work assignments in order to avoid unnecessary overtime."). In order to prove a violation, the B2 plaintiffs would need to establish that Healthfirst had "actual or constructive knowledge" that they were working overtime without pay. *Kuebel v. Black & Decker*, 643 F.3d 352, 361 (2d Cir. 2011). While the members of proposed Collective B1 could demonstrate this knowledge with evidence that they were explicitly instructed to work off the clock, the members of Collective B2 would need to establish that Healthfirst knew that each of them individually was working overtime without pay despite not expressly instructing them to do so. This inquiry is necessarily individualized. Healthfirst's defenses also would be individualized. Adjudicating the claims of Collective B2 would require roughly seventy mini-trials, which defeats the purpose of collective proof. Consequently, neither conditional nor final certification of Collective B2 is

9

appropriate.  *See, e.g., Zivali*, 784 F. Supp. 2d at 469.  Plaintiff's motion to amend is denied as to Collective B2.

### 3. Final Certification of Collective B1

As Plaintiff has not yet submitted a Second Amended Complaint that is consistent with this Opinion, Plaintiff's motion for final certification of the new Collective B is denied as premature.  Plaintiff may submit a motion for final certification following the submission of his Second Amended Complaint.  The parties may incorporate by reference the arguments they have already made when they submit briefing on the final certification of Collective B1.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to decertify Collective B is GRANTED.  Plaintiff's motion is GRANTED as to amending the Complaint to include Collective B1 and DENIED as to amending the Complaint to include Collective B2 and final certification.  The claims of the Collective B2 opt-in plaintiffs are dismissed without prejudice.  Plaintiff may file a Second Amended Complaint that is consistent with this Opinion and the information that has come out in discovery, and may file a motion for final certification of the new Collective B1 following the submission of the Second Amended Complaint.

The Clerk of Court is respectfully directed to close the motions at Docket No. 254 and Docket No. 259.  A scheduling order will be issued following this Opinion.

Dated: December 9, 2016
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE