# LEVINE LEE LLP

## NEW YORK

650 Fifth Avenue, 13th Floor
New York, New York 10019
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Scott B. Klugman**
212 257 4030 direct
sklugman@levinelee.com

February 8, 2017

<u>Via ECF</u>

Honorable Lorna G. Schofield
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Thind v. HF Management Services, LLC*, **Civil Docket No. 14-9539 (LGS)**

Dear Judge Schofield:

      We respectfully submit this letter on behalf of Defendant HF Management Services, LLC ("Healthfirst") pursuant to Section III.A.1 of the Court's Individual Rules to request a pre-motion conference to seek leave to file a motion to disqualify Plaintiff's counsel, the law firm of Borrelli & Associates P.L.L.C. (the "Borrelli firm"), due to a conflict of interest. As Healthfirst advised the Court during the last conference (Oct. 19, 2016 Tr. at 23-24), discovery has established that the Borrelli firm represents multiple clients in this action with interests directly adverse to each other. Among other things, individuals who joined the Facilitated Enroller collective action ("Opt-in FEs") accused individuals who joined the Manager collective action ("Opt-in Managers") of engaging in the unlawful conduct underlying their claims (*i.e.*, directing them to work off-the-clock). The accused Opt-in Managers have denied engaging in such conduct. This conflict would result in the Borrelli firm having to choose between clients: either zealously advocate on behalf of the FEs and thereby take positions contrary to the interests of its Manager clients, who claim that they lacked actual managerial authority, or refrain from doing so to the detriment of their FE clients. The Borrelli firm therefore has an actual conflict of interest that requires its disqualification from continuing to represent plaintiff and opt-in plaintiffs in this case.

      Based on the Borrelli firm's statement to Healthfirst that it intends to file a Second Amended Complaint in accordance with the Court's Opinion and Order dated December 9, 2016, the Borrelli firm's representation of clients with directly adverse interests in this case will continue. Prior to making this application, Healthfirst raised this issue with the Borrelli firm on several occasions, and the Borrelli firm indicated that it does not intend to withdraw as counsel. Healthfirst therefore makes this application now to prevent the Borrelli firm's conflict from impeding the remainder of this case.

**I.      Background**

Plaintiff Kanwarpreet Thind ("Plaintiff"), represented by the Borrelli firm, brought this action as a putative class/collective action on behalf of two groups of Healthfirst employees alleging that Healthfirst violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff brought suit on behalf of Healthfirst Managers alleging that Healthfirst misclassified Managers as exempt employees and failed to pay for overtime work. (ECF No. 19 ¶¶ 2, 11.) Plaintiff also brought suit on behalf of Healthfirst FEs, alleging that while Healthfirst properly classified FEs as non-exempt, it violated the FLSA and NYLL by directing them to work off-the-clock without compensation. (*Id.*)

On July 31, 2015, the Court conditionally certified both collectives. (ECF No. 55.) Approximately 144 opt-in plaintiffs filed consents to join this action, and the Borrelli firm represents Plaintiff and all opt-in plaintiffs in this action. (*See* ECF No. 246 at 1.) After taking written discovery, Healthfirst moved to decertify the FE collective action because the great majority of Opt-in FEs attested in interrogatory responses or deposition testimony that they were not directed to work off-the-clock, contrary to the allegations in the complaint. (ECF No. 255.) The Opt-in FEs opposed the motion and, alternatively, sought leave to file an amended complaint that subdivided the FE collective into two subcollectives, one of which included FEs who were not directed to work off-the-clock. (ECF No. 260.) The Court granted Healthfirst's motion to decertify and granted the Opt-in FEs' motion in part, allowing the Borrelli firm to file an amended complaint on behalf of only the small minority of Opt-in FEs who attested that they were directed to work off-the-clock, referred to as "Collective B1". (ECF No. 274.)

The remaining Opt-in FEs' verified interrogatory responses establish that the Borrelli firm has an actual conflict of interest that prevents it from continuing as counsel. Among other things, a number of the Opt-in FEs in Collective B1 identified Opt-in Managers in Collective A as the Healthfirst officials who directed them to work off-the-clock. At the same time, the accused Opt-in Managers denied in sworn interrogatory responses that they ever directed Healthfirst employees to work off-the-clock. For example, Opt-in FE Celenita Alicea attested that Opt-in Manager Blanca Vasquez-Cuzco directed her to work off-the-clock. But Ms. Vasquez-Cuzco attested that she never directed anyone to work off-the-clock. Similarly, Opt-in FE Esmeralda Cintron swears that Opt-in Manager Iraida Besson directed her to work off-the-clock. Ms. Besson attested that she never directed anyone to work off-the-clock. Because the Borrelli firm represents parties in this case with adverse interests and, among other things, the Borrelli firm will be forced to choose which of its clients to impeach, the Borrelli firm has an actual conflict that should result in its disqualification in this matter.

**II.     Discussion**

The Court's authority to disqualify an attorney stems from its inherent supervisory power to preserve the integrity of the adversary process. *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). For conflicts involving dual representation of clients, the applicable rule varies based on whether the joint representation is concurrent or successive. *Id.* at 133; *see also Merck Eprova AG v. ProThera*, *Inc.*, 670 F. Supp. 2d 201, 208 (S.D.N.Y. 2009). Where, as here, the conflict arises from the simultaneous representation of clients, the strictest standard, known as the "per se" rule applies. *See Merck Eprova*, 670 F. Supp. 2d at 208. Under the per se rule, it is "prima facie improper" for an attorney to represent simultaneously two clients with directly adverse interests. *Hempstead Video*, 409 F.3d at 133 (citing *Cinema 5, Ltd v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2d Cir. 1976)); *see also HLP Props., LLC v. Consolidated Edison Co. of N.Y., Inc.*, 14-CV-01383 (LGS), 2014 WL 5285926, at *3 (S.D.N.Y. Oct. 16, 2014); *Merck Eprova*, 670 F. Supp. 2d at 208. In such instances, the

attorney should be disqualified unless he can meet the "heavy burden" of showing "at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation." *Cinema 5*, 528 F.2d at 1387; *see also, e.g.*, *Sidor v. Zuhoski*, 261 A.D.2d 529, 530 (N.Y. App. Div. 1999) ("an attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one after an actual conflict of interest has arisen because continued representation of either or both parties would result in a violation of the ethical rule requiring an attorney to preserve a client's confidences or the rule requiring an attorney to represent a client zealously.") (alteration in original) (citation and internal quotation marks omitted).

The Opt-in FEs' and Managers' sworn statements conclusively demonstrate that the Borrelli firm simultaneously represents clients with adverse interests. As noted above, a number of the Opt-in FEs attested that the Opt-in Managers directed them to work off-the-clock. Conversely, the relevant Opt-in Managers denied, in sworn statements, that they directed any FE to work off-the-clock. Thus, the Borrelli firm's clients have adverse interests, and such representation is prohibited by federal case law as well as the New York Rules of Professional Conduct ("RPC"). *See* RPC 1.7 (prohibiting representation of a client where, *inter alia*, the lawyer will represent different interests).

Nor can the Borrelli firm show that there will be no actual or apparent conflict in loyalties. Given the Opt-in Managers' sworn statements, they are witnesses against the Opt-in FEs, providing additional evidence to refute the Opt-in FEs' claim that they worked off-the clock. Conversely, the FEs' testimony that they were directed by their managers to work off-the-clock refutes the allegation underlying the Opt-in Managers' FLSA claims that they never exercised actual managerial authority. As a result of the conflict, the Borrelli firm is necessarily forced to choose between clients: either zealously advocate on behalf of the FEs and thereby take positions contrary to the interests of its Manager clients, including, but not limited to, impeaching them through cross examination or otherwise, or refrain from doing so to the detriment of their FE clients. Under identical circumstances, other courts have held that there is an unwaivable conflict of interest. *See*, *e.g.*, *McCauley v. Family Dollar, Inc.*, Civ. No. 3:10-CV-363-S, 2010 U.S. Dist. LEXIS 116636 (W.D. Ky. Oct. 29, 2010) (disqualifying attorney from representing hourly employees in one unpaid-overtime class action and those employees' managers in a separate misclassification class action); *Ellerd v. Cty. of Los Angeles*, No. CV 08-4289 CAS (FFMX), 2009 WL 982077, at *5 (C.D. Cal. Apr. 9, 2009) (denying conditional certification of FLSA action in part because "the Court cannot conclude that plaintiffs' counsel can adequately represent both the social workers and the supervisors" in a suit in which social workers alleged unpaid overtime).

Accordingly, given that the Borrelli firm represents two groups of clients in this case with conflicting interests, the Court should allow Healthfirst to file a motion seeking to disqualify the Borrelli firm from acting as counsel for Plaintiff or opt-in plaintiffs in this case.

    Respectfully submitted,

    Levine Lee LLP

    s/ Scott B. Klugman
    Scott B. Klugman
    Seth L. Levine

cc:  Counsel for Plaintiff (via ECF)