# LEVINE LEE LLP

### NEW YORK

650 Fifth Avenue
New York, New York 10019
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Scott B. Klugman**
212 257 4030 direct
sklugman@levinelee.com

July 31, 2017

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Thind v. HF Management Services, LLC*, **Civil Docket No. 14-9539 (LGS)**
               *Ortiz v. HF Management Services, LLC*, **Civil Docket No. 17-4560 (LGS)**

Dear Judge Schofield:

      We respectfully submit this letter on behalf of Defendant HF Management Services, LLC ("Healthfirst") to request that the Court strike the Third Amended Complaints filed in these actions on July 28, 2017, without leave of the Court or prior notice to or consent of Healthfirst. These complaints have been filed in violation of both Federal Rule of Civil Procedure ("Rule") 15 and this Court's June 15, 2017 Order (the "June 15 Order") that authorized only the filing of the Second Amended Complaints, but not the right to make any subsequent amendment. (*Thind v. HF Management Services, LLC*, Civil Docket No. 14-9539 (LGS) ("*Thind*") ECF No. 313.) Alternatively, pursuant to Section III.A.1 of the Court's Individual Rules, Healthfirst requests a pre-motion conference to seek leave to file motions to strike the Third Amended Complaints.

      **I.**    **Background**

      These related cases purport to allege collective claims under the Fair Labor Standards Act ("FLSA") on behalf of two groups of Healthfirst current and former employees—Facilitated Enrollers ("FEs") and Managers. These cases originally started as one case in a complaint filed by Plaintiff Kanwarpreet Thind on December 3, 2014. (*Thind*, ECF No. 1.) On February 20, 2015, Thind filed an Amended Complaint. (*Id.*, ECF No. 19.) In response to Healthfirst's motion to decertify the FE collective, Thind filed a motion seeking leave to file a second amended complaint. (*Id.*, ECF No. 259.)

      On December 9, 2016, the Court granted Healthfirst's motion to decertify the FE collective and partially granted Thind's motion to file a second amended complaint. (*Id.*, ECF No. 274.) The Court, however, did not accept the proposed second amended complaint attached to Thind's motion, which, *inter alia*, contained allegations that Thind had disavowed and other discrepancies between it and the information revealed in discovery. (*Id.* at 9-10.) The Court instead required the filing of a new second

amended complaint that "is consistent with [the Court's] Opinion and the information that has come out in discovery." (*Id.* at 10.)

Following this decision, counsel for Thind and all Opt-in Plaintiffs withdrew from this case, and the two collectives have been separately represented by two new law firms.  (*Thind*, ECF Nos. 290, 294, 296.)  In the June 15 Order and an Order dated May 18, 2017, the Court granted new counsels' request that each collective proceed as a separate action, and the Court further ordered each collective to file an amended complaint by June 16, 2017.  (*Id.*, ECF Nos. 308, 313.)  On June 16, 2017, Thind filed a Second Amended Complaint in *Thind* on behalf of the Manager collective (*id.*, ECF No. 314), and new lead plaintiff Juana Ortiz filed a Second Amended Complaint in a new case as ordered by the Court on behalf of the FE collective (*Ortiz v. HF Management Services, LLC*, Civil Docket No. 17-4560 (LGS) ("*Ortiz*") ECF No. 1).[1]  The Court's Orders provided no authorization for the filing of any subsequent amendment to the Second Amended Complaints filed on June 16, 2017.  (*Thind*, ECF Nos. 308, 313.)

On July 7, Healthfirst moved to dismiss both Second Amended Complaints on the grounds that neither complied with the Court's December 9, 2016 Order regarding the permitted scope of the amended pleadings.  (*See Thind*, ECF Nos. 320-22; *Ortiz*, ECF Nos. 12-14.)  As shown in Healthfirst's motions, in the 31-month history of this matter, Plaintiffs have filed five pleadings, including the Second Amended Complaints, that have been legally deficient, factually untrue or violative of an unambiguous Court order.  Given that the Court's December 9, 2016 ruling on the motion to amend made clear that it would not continue to excuse the inclusion of false allegations in the pleadings, Healthfirst asserted that the Court should not grant Plaintiffs further leave to file another round of amended pleadings. Healthfirst therefore moved for the dismissal of these cases without prejudice, which would allow the remaining FEs and Managers whose claims have not been dismissed from this action to file individual actions.

On July 14, 2017, the Court entered identical, stipulated scheduling orders requiring Plaintiffs in both actions to file oppositions to Healthfirst's motion to dismiss by August 8, 2017, and requiring Healthfirst to reply by September 1, 2017.  (*Thind*, ECF No. 324; *Ortiz*, ECF No. 16.)  Those stipulated scheduling orders did not contemplate the filing of any further amended pleadings.

On July 28, 2017, without first obtaining leave of Court or contacting Healthfirst, Plaintiffs in both actions filed Third Amended Complaints.  (*Thind*, ECF No. 325; *Ortiz*, ECF No. 20.)

## II.   Discussion

The Court should summarily strike Plaintiffs' Third Amended Complaints because they violate Rule 15(a) and the June 15 Order.  Rule 15(a) provides that a party may file an amended complaint only once as a matter of course, and thereafter may do so "only with the opposing party's written consent or the court's leave."  In the latter situation, "[c]ourts in this district routinely reject pleadings filed without leave of court" and without the defendant's consent. *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99-

---

[1]   Due to administrative issues, Plaintiffs in both actions were required to refile their Second Amended Complaints.  In filing his Second Amended Complaint, Thind initially identified the wrong defendant. (*See Thind*, June 19, 2017 Notice to Attorney Regarding Deficient Pleading.)  The Clerk's Office rejected Ortiz's Second Amended Complaint and the Court granted her leave to file it, but issued a subsequent order setting a deadline for refiling due to Ortiz's delay in doing so.  (*Ortiz*, June 19, 2017 Notice to Attorney Regarding Deficient Pleading; ECF No. 8.)

CV-11490 (RCC)(FM), 2001 WL 21253, at *5 (S.D.N.Y. Jan. 9, 2001); *see also Ping Tou Bian v. Taylor*, 23 F. App'x 75, 76-77 (2d Cir. 2001) (summary order) (affirming district court's dismissal of action in which it did not consider claims asserted in amended complaint filed without leave of court or written consent of the defendant); *Cummings v. Adidas USA*, No. 08-CV-9860 (SAS), 2009 WL 3270888, at *1 (S.D.N.Y. Oct. 5, 2009); *BPW Rhythmic Records, L.L.C. v. CDNOW, Inc.*, No. 99-CV-11299 (LAK), 2000 WL 1512620, at *1 (S.D.N.Y. Oct. 12, 2000); *Holton v. Weeden*, No. 98-CV-2667 (WK), 1999 WL 292702, at *1 (S.D.N.Y. May 7, 1999) (in ruling on motion to dismiss, refusing to consider unauthorized complaint and basing holding only on properly filed complaint).  Prior to filing their Third Amended Complaints, Plaintiffs obtained neither leave from the Court nor Healthfirst's consent.  Both pleadings therefore violate Rule 15(a).

Plaintiffs' filings also violate the Court's June 15 Order, which authorized Plaintiffs only to file Second Amended Complaints by June 16, 2017.  (*Thind*, ECF No. 313.)  The Court's Order did not authorize any additional amendments of the complaints after these filings.  (*Id*.)

Given Plaintiffs' failure to obtain Court permission or Healthfirst's consent prior to these filings, the Court should summarily strike these complaints.  Pursuant to the parties' stipulated proposed schedule, the Court ordered Plaintiffs to respond to Healthfirst's motion to dismiss the Second Amended Complaints by August 8, 2017.  If Plaintiffs will not defend the Second Amended Complaints—and the filing of the Third Amended Complaints effectively concedes that they cannot—then the proper remedy is dismissal of those complaints and the closing of this action.  The Second Amended Complaints were filed more than eight months after the Court's December 9, 2017 Order, granting partial leave to amend, and over two months after new counsel entered appearances.  To date, Healthfirst has been required to respond to five previous pleadings that include allegations that are inconsistent with Plaintiffs' own sworn statements and/or this Court's unambiguous orders.  There can be no good cause that would allow Plaintiffs to file yet another motion for leave to amend.

Therefore, Healthfirst respectfully requests that the Court strike the Third Amended Complaints, or alternatively, hold a pre-motion conference on this matter.

    Respectfully submitted,

    Levine Lee LLP

    S/ Scott B. Klugman
    Scott B. Klugman
    Seth L. Levine

cc:  Counsel for Plaintiffs (via ECF)