UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KANWARPREET THIND, on behalf of himself and all others similarly-situated,<br><br>          Plaintiff,<br><br>          -against-<br><br>HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST,<br><br>          Defendants. | DOCKET NO.: 14-CV-9539 (LGS) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

STEVENSON MARINO LLP
Justin R. Marino
J.R. Stevenson
*Attorneys for Plaintiffs*
75 Maiden Lane Suite 402
New York, New York 10038
Tel: (212) 939-7227
Fax: (212) 531-6129
Email: jmarino@stevensonmarino.com
Email: jrs@stevensonmarino.com

*Table of Contents*

**I.**     **PRELIMINARY STATEMENT** ...................................................................................1

**II.**    **ARGUMENT**................................................................................................................2

    **A.**     **THE TWO CASES DEFENDANT CITES ARE INAPPOSITE AND DO NOT SUPPORT THE RELIEF SOUGHT.** ................................2

    **B.**     **THE ALLEGED FALSE ALLEGATIONS PURPORTEDLY WORTHY OF DISMISSAL** ........................................................................3

    **C.**     **EVEN IF DEFENDANT'S DID SATISFY THEIR BURDEN, PLAINTIFF SHOULD BE ENTITLED TO FILE AN AMENDED COMPLAINT BECAUSE DISMISSAL WOULD RESULT IN PREJUDICE TO PLAINTIFF, NOT THE DEFENDANT** ......................7

**III.**   **CONCLUSION** ...........................................................................................................8

I.      **<u>PRELIMINARY STATEMENT</u>**

This office represents the named Plaintiff Kanwarpreet Thind ("Plaintiff") and opt-in Plaintiffs consisting of former Sales Managers of Defendant.[1] Plaintiff alleges on behalf of himself and all others similarly situated that he was misclassified as exempt as a Sales Manager. In particular, while Plaintiff and the putative collective/class members may have engaged in certain managerial responsibilities, they neither had the requisite discretion and control, nor the requisite involvement in hiring or firing to satisfy the executive exemption. Accordingly, Plaintiff and the putative collective/class members were misclassified as exempt and entitled to overtime for all hours worked over forty in a workweek.

Defendant's motion to dismiss the Second Amended Complaint (hereinafter, "SAC" or "Complaint", dkt. 314), is based on purported distinctions between allegations in the Complaint and Plaintiff's own deposition testimony. Defendant's challenges to the allegations, as explained in detail below, are either unfounded, based on grammatical interpretations, or not supported based on the complete record.

Moreover, even if Defendant's arguments were credible (which they are not), there is no basis to grant the drastic relief Defendant seeks. Dismissing the Complaint would severely prejudice the putative class members and the opt-in Plaintiffs, as their statute of limitations would arguably no longer be tolled and Defendant would effectively eliminate almost three years of liability. Moreover, the court system itself would be burdened by a dismissal, as there would be at least thirteen new complaints filed by each opt-in, as opposed to one in this Action. Accordingly,

---

[1] This office represents the following former Sales Managers that have elected to join this lawsuit: (i) Alex Bastidas; (ii) Ada Wan Ying Cheung; (iii) Andre Marescot; (iv) Blanca Vasquez-Cuzco; (v) Carol Damman; (vi) Edwin Jeffers; (vii) Ira Lucas; (viii) Iraida Besson; (ix) Jermaine Coles; (x) Julia Puba; (xi) Kayode Lott; (xii) Stefanie Rodriguez; (xiii) Rafael Batista.

even if the Court found there were contradictions between select allegations in Plaintiff's Complaint versus prior discovery, the Court should permit Plaintiff to amend its Complaint – or at worst, strike such allegations.

## II.   ARGUMENT

### A.   The Two Cases Defendant Cites Are Inapposite And Do Not Support The Relief Sought.

Notably, Defendant does not move to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), which requires dismissal only if it "fail[s] to state a claim upon which relief can be granted." Further, Defendant has not claimed that Plaintiff failed to state a claim for relief. Rather, Defendant's eighteen-page motion cites only *two* cases. *See* Defendant's Motion, p. 13 (citing *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012 (summary order); *Bravo v. Est. Burger One LLC*, 12-cv-9044, 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013)). The two cases, however, are cited only *once* each and, even then, only in passing. *See* Defendant's Motion, p. 13. A review of these cases, for which Defendant's motion relies exclusively, reveals a Court has authority to dismiss an amended complaint if the amended complaint exceeds the scope of leave granted by the Court. *See Palm Beach Strategic Income, LP,* 457 F. App'x at 43; *Bravo,* 2013 WL 5549495, at *5.

The decisions in *Palm Beach* and *Bravo*, however, are inapposite to the facts here. Specifically, the court in *Palm Beach* granted plaintiff leave to file an amended complaint to cure plaintiff's failure to establish standing. *See Palm Beach Strategic Income, LP,* 457 F. App'x at 42. In response, plaintiff's amended complaint added a new agreement, and made assertions that contradicted all prior pleadings. *Id.* As a result, the Court rejected the amended complaint and ultimately rendered a decision dismissing the previously-filed complaint pursuant to Rule 12(b)(6). *Id*. at 42-43.

In *Bravo,* the Court authorized leave to file an amended complaint, but only to add 'new plaintiffs" and expressly warned plaintiffs not to file new claims. *Bravo,* 2013 WL 5549495, at *3. Despite the Court's repeated warnings that no new claims could be added, Plaintiff filed an amended complaint with new plaintiffs and new claims. *Id.* In response, the Court dismissed the new claims, but declined to dismiss the entire complaint. *Id*. at *3-9.

Here, Plaintiff added no new claims and no new facts. Rather, Plaintiff merely repeated the claims previously asserted in the original complaint so as to avoid any claim by Defendant that they were prejudiced in having to defending new claims or facts almost three years after the commencement of the action. Thus, the decision in *Bravo* is entirely distinguishable. Moreover, the Complaint does not contradict any prior pleadings, as was the case in *Palm Beach.* Rather, out of 327 pages of Plaintiff's deposition, Defendant cites to a handful of citations in an effort to pick apart a few allegations. This type of gamesmanship was never intended or supported by the foregoing case law. Moreover, the alleged contradictions cited by Defendant are simply not supported by the Record. Thus, the foregoing cases are distinguishable and do not support the relief requested.

### B.     The Alleged False Allegations Purportedly Worthy Of Dismissal.

Defendant seeks drastic recourse – to dismiss the Complaint in entirety based on a few select allegations. Defendant seeks this relief and characterizes the motion itself as if the undersigned counsel was aware of, previously agreed to, and intentionally disregarded the issues raised herein. *See* Defendant's Motion, (Dkt. 321) p. 15 ("Thind acknowledged that numerous allegations in the then operative Amended Complaint were false and promised to remove them should the Court so require."); p. 16 ("[Y]et Thind inexplicably again includes these same false factual allegations in the Manager SAC"). As noted below, Defendant's challenges to the

allegations are either unfounded, based on grammatical interpretations, or not supported based on the complete record.

For example, Defendant references certain allegations that require no modification. Defendant proclaims that "Thind does not have a good faith basis to include allegations concerning the hours that he worked during his last full week of employment at Healthfirst . . . given his testimony that he did not recall the specific hours or days that he worked during his last month at Healthfirst." *See* Defendant's Motion, p. 16 (*comparing* SAC, ¶ 33, *with* Marino Decl. Ex. 1, Thind Dep. ¶¶ 260:7-261:21). Upon closer inspection, Thind alleged in the Complaint specific dates and times that he worked in August 2014. Defendant, during cross-examination, questioned Thind as to whether he knew, sitting during the deposition almost a year later on June 19, 2015, the specific dates and times he worked in August 2014. Based on Thind's inability to recall during the deposition the specific dates and times worked, Defendant's counsel takes the giant logical leap that such allegation must not have originally been made with knowledge or good faith. *See* Defendant's Motion, p. 16. Even worse, Defendant omits the relevant testimony from Thind on this very point. Specifically, Thind testified that he knew at the time the Complaint was drafted that the information was correct. *See* Marino Decl. Ex. 1, Thind, Dep., ¶¶ 260:21-261:4 ("Q. Do you remember at that time [i.e., when the Complaint was drafted] how many hours you worked that day? A. Yes, I did. Q. You don't remember now? A. It's been seven or eight months . . . . But the hours I put there, they are correct, yes."). Ironically, it is Defendant who claims Thind acted without good faith while simultaneously omitting the full and complete testimony regarding the relevant portions of Thind's testimony to strengthen Defendant's argument.

Additionally, Defendant relies on leading questions and Defendant's counsel's own grammatical interpretation to allege the falsity of paragraph 32 of the Complaint. Paragraph 32

states: "Throughout Plaintiffs entire period of employment as a "Manager for Sales," the Defendant required Plaintiff to work, and Plaintiff did in fact work, between seventy and eighty hours per week, seven days a week, all for Defendant's benefit." *See* Complaint, ¶ 32. The foregoing allegation can be read to mean, as originally intended, that Thind worked as many as 70-80 hours per week during his employment. In other words, not that Thind averaged 70-80 hours per week *every* week, rather only that from the beginning of his time as a manager through the cessation of his employment, he had occasion to work as many as 70-80 hours. Defendant's counsel through leading questions, however, redefined the paragraph for Plaintiff and then asked whether it was true.

> Q. This paragraph says that you worked between 70 and 80 hours per week seven days a week during the time you were employed as a manager. Is that what this paragraph says?
> A. Not all the time. There were times that I worked 70 to 80 hours. Originally when I come, I come up to 50 or 60.
> Q. This paragraph says that you worked 70 to 80 all the time in substance.
> A. Not all the time.
> Q. This paragraph is false, correct?
> A. Yes.
> Q. This paragraph represents to the court that you worked more hours than you in fact actually worked, according to your testimony.
> A. My hours varied. Like I said, 50 to 60, can be 70 to 80, I'm not good with my memory. So I could have more hours.

*See* Marino Decl. Ex. 1, Thind, Dep., ¶¶ 302:18:303:15 (underline added). While the paragraph admittedly could have been drafted more clearly, the paragraph is substantially true. Defendant's counsel's own statement of that paragraph's interpretation is not evidence. Moreover, at no point during his deposition, was Plaintiff asked to explain the paragraph's meaning without first being provided with Defendant's interpretation. Accordingly, Plaintiff's honest deposition testimony merely confirms that Defendant's interpretation of the allegation was false.

Defendant's other challenged citations reflect why any future summary judgment motion will necessarily raise issues of material facts. For example, Defendant's final remaining grievances

5

focus on paragraphs 30 and 31, where Plaintiff alleges his lack of "independent authority," inability to "direct" the work of employees, and ability to "readjust work assignments" in accordance with his superior's guidelines. The essence of these allegations strikes the core of some of the factors used to consider the executive exemption – i.e., discretion and control and meaningful authority over subordinates, as opposed to regurgitating orders and following strict policies and procedures. Plaintiff repeatedly testified that he had to follow orders and his authority was limited. *See* Marino Decl. Ex. 1, Thind Dep. ¶ 48:2-3 ("A. Agenda was prepared by my director and my VP, Stephanie Wu"), ¶ 50:18-19 ("A. My role was to bring the message to them from the company."), ¶ 51:9-11 (he received messages from the training department and repeated them to the team), ¶¶ 215:24-216:2-3 ("Q. Did you comply with that portion of the policy to make your reps obtain approval before working overtime? A. I tried many times, and I was told no."); ¶¶ 216:24-217:5 ("Did you comply with that portion of the policy? A. I tried sometimes approving it, but I was being pulled over and being yelled at in a meeting and told them not to do that."). Thus, while Defendant refers to select portions of Plaintiff's deposition testimony to undercut allegations in paragraphs 30 and 31, the foregoing citations support the veracity of same. *Compare* Defendant's Motion, p. 31 ("'managers' were only permitted to readjust work assignments in accordance with their vice president's guidelines"), *with* Marino Decl. Ex. 1, Thind Dep. ¶ 156:24-17 ("I put [the schedule] in the system, yes, and send it for approval to Hannah"; "They direct me for this rep to put in to this place, to this place, and I follow the orders, yes.").

The foregoing allegations coupled with Plaintiff's deposition testimony (as in any misclassification case), corroborate nothing more than contrasting views on particular tasks and duties. The fact that there are conflicts of interpretation of facts, neither requires, as is the case here, an elimination of the allegation, nor does it justify striking the Complaint or a dismissal of

Action. While Plaintiff is willing to amend the Complaint in an effort to minimize any perceived ambiguity (and specifically requests leave should the Court determine revisions are necessary), Plaintiff contends that the allegations are neither in conflict with the Court's prior order, nor do the allegations directly contradict the evidentiary record in this case as a whole.

### C. EVEN IF DEFENDANT'S DID SATISFY THEIR BURDEN, PLAINTIFF SHOULD BE ENTITLED TO FILE AN AMENDED COMPLAINT BECAUSE DISMISSAL WOULD RESULT IN PREJUDICE TO PLAINTIFF, NOT THE DEFENDANT

Defendant's requested relief to dismiss the Complaint is effectively the nuclear option, as it would result in extreme prejudice to the Court, Plaintiff, and the putative class/collective. Defendant actually invites a dismissal of the Complaint so it can have over a dozen separate litigations involving the very same issue which the Court can now swiftly resolve on a single class motion. Thus, the interest of conserving judicial resources would be negatively impacted by a dismissal. Moreover, a dismissal would severely prejudice the opt-in plaintiffs and the putative class, as their respective statute of limitations would arguably expire upon the cessation of this case. Thus, granting Defendant's request relief would eliminate almost three years of the statute of limitations for the claims raised herein on behalf of the putative class/collective members.

In contrast to the significant prejudice to the court system, Plaintiff, and the putative class/collective members, Defendant suffers no prejudice as a result of the purported inconsistencies in the Complaint. Indeed, if Defendant wanted to move forward with litigation in order to reach an ultimate resolution, Defendant could have consented to the filing of a Third Amended Complaint to avoid the time and expense of motion practice. Instead, Defendant moved forward with this motion to dismiss.

Even if the Court were to conclude that select paragraphs are ambiguous or misleading (which Plaintiff disputes) based on the evidentiary record and declines to grant leave to amend, then Plaintiff requests the Court only strike the offending paragraphs.

## III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss and, to the extent the Court requires, Plaintiff also requests leave to file a Third Amended Complaint in an effort to eliminate any further ambiguity, and grant such other relief that the Court deems just and proper.

Dated: New York, New York
August 8, 2017

Stevenson Marino LLP
Attorneys for Plaintiffs

By: /s/ Justin R. Marino          .
    Justin R. Marino

75 Maiden Lane, Suite 402
New York, New York 10038
Tel: (212) 939-7227
Fax: (212) 531-6129
Email: jmarino@stevensonmarino.com
Email: jrs@stevensonmarino.com