UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KANWARPREET THIND, on behalf of himself :
and all others similarly situated,                          :
                                        Plaintiff,          :
                -against-                                   :
                                                            :
HF MANAGEMENT SERVICES, LLC, d/b/a :
HEALTHFIRST,                                                :
                                        Defendant.          :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/8/2017

14 Civ. 9539 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Named Plaintiff Kanwarpreet Thind, on behalf of himself and others similarly situated, sued Defendant HF Management Services ("Defendant" or "Healthfirst") for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendant moves to dismiss the Second Amended Complaint (the "Complaint") based on Named Plaintiff's alleged failure to comply with this Court's December 9, 2016, Order granting leave to amend the Amended Complaint under specific conditions. Named Plaintiff opposes the motion, or in the alternative, seeks leave to file a third amended complaint. Defendant's motion is denied.

I.      BACKGROUND

    A.      Procedural History

Named Plaintiff initiated this putative collective and class action on December 3, 2014. He filed the First Amended Complaint on February 20, 2015 (the "FAC"). The FAC alleged that Named Plaintiff worked for Healthfirst as a Facilitated Enroller ("FE") from August 24, 2009, to January 24, 2012, and as a Manager for Sales ("Manager") from January 25, 2012, to August 21, 2014. The FAC alleged six causes of action based on alleged violations of FLSA and NYLL. In an Opinion and Order dated July 29, 2015, the Court dismissed the FAC's causes of action based

on Healthfirst's alleged failure to pay the minimum wage and to pay wages in accordance with the agreed terms of employment under NYLL.

On July 31, 2015, the Court granted Named Plaintiff's motion for conditional certification of two FLSA collectives -- Collective A and Collective B -- as to the FAC's FLSA overtime claim only. Collective A included all current and former Healthfirst employees who worked as Managers in the Facilitated Enrollment Department in the three years before the filing of the initial complaint and who did not receive overtime pay. Collective B included all current and former Healthfirst employees who worked as FEs in the three years before the filing of the initial complaint and who did not receive overtime pay.

On May 12, 2016, Defendant moved to decertify Collective B, arguing that Named Plaintiff and the Opt-In Plaintiffs were not similarly situated. Named Plaintiff opposed the decertification motion, cross-moved for leave to file what now is the operative pleading and for final certification of a redefined Collective B consisting of Collective B1 and Collective B2. Proposed Collective B1 included all current and former Healthfirst employees who worked as FEs, worked off-the-clock with express instruction from managers and did not receive overtime pay. Proposed Collective B2 included all current and former Healthfirst employees who worked as FEs, worked off-the-clock without express instruction from managers and did not receive overtime pay.

In an Opinion and Order dated December 9, 2016 (the "December 9 Opinion"), the Court decertified Collective B, holding that "Thind cannot demonstrate that Healthfirst employed a single, uniform policy of explicitly directing Facilitated Enrollers to work off the clock in violation of its clear written policy." The Court identified "two discrete groups" of opt-in plaintiffs -- "those who were explicitly told to work off the clock and those who were not."

Based on this observation, the Court granted in part Named Plaintiff's cross-motion for leave to amend, allowing Named Plaintiff to file an amended complaint replacing Collective B with the above-described Collective B1.  The Court denied Named Plaintiff's motion to amend with respect to Collective B2, explaining that "to prove a violation [of FLSA], the B2 plaintiffs would need to establish that Healthfirst had 'actual or constructive knowledge' that they were working without pay," which would require individualized inquiry.  The December 9 Opinion stated, "Plaintiff may file a Second Amended Complaint that is consistent with this Opinion and the information that has come out in discovery . . . ."

On June 19, 2017, Named Plaintiff filed the Complaint, the operative pleading on this motion.  On July 7, 2017, Defendant moved to dismiss the Complaint, alleging that the Complaint exceeds the scope of the December 9 Opinion because it includes allegations that are inconsistent with or contrary to what has come out in discovery.

      **B.    Factual History**

The Complaint alleges that Named Plaintiff was employed by Healthfirst as a Manager from January 25, 2012, to August 21, 2014.  In this position, Named Plaintiff "compil[ed] weekly reports, review[ed] applications from medical providers, and operat[ed] multiple events in the community to generate more business for Healthfirst."  Named Plaintiff's work as a Manager was supervised by a Healthfirst vice president, and Named Plaintiff did not "exercise any independent authority" with respect to those Healthfirst employees whom he managed.

During Named Plaintiff's employment as a Manager at Healthfirst, Healthfirst required Named Plaintiff to work, and Plaintiff did work, in excess of forty hours per week.  Named Plaintiff was compensated for all hours worked, including those in excess of forty hours per week, at his regular rate of pay.  For example, during Named Plaintiff's last full week as a

Healthfirst Manager and employee, August 11, 2014, to August 17, 2014, Plaintiff worked approximately seventy-and-a-half hours and was compensated at his regular rate of pay. The Complaint further alleges that Defendant intentionally misclassified Named Plaintiff as an exempt employee, paying him a flat salary that only covered Named Plaintiff's first forty hours worked per week. Lastly, the Complaint alleges that Healthfirst failed to furnish Named Plaintiff with accurate and/or complete wage statements on each payday as required by law.

Named Plaintiff was deposed in this case on June 19, 2015. During his deposition, Named Plaintiff stated that the allegation in the FAC that he worked seventy to eighty hours per week, every week, as a Healthfirst Manager was inaccurate. He clarified that he sometimes worked seventy to eighty hours per week, but on average, worked fifty to sixty hours per week. Named Plaintiff also stated that the allegation in the FAC regarding his work schedule for the week of August 11, 2014, his last full week as a Healthfirst employee, was correct, although, at the time of his deposition, he could not recall specific days or hours that he worked during that week. Named Plaintiff also was asked about the nature and scope of his responsibilities as a Healthfirst Manager. He explained that his role largely consisted of delivering messages and training from upper management and setting employees' work schedules, subject to upper management approval.

## II. STANDARD

The Second Circuit has recognized that "[d]istrict courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order); *see also Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044, 2012 WL

5549495, at *5 (S.D.N.Y. Oct. 8, 2013) (dismissing claims newly added to an amended complaint where those claims exceeded the scope of the court's leave). "The power to dismiss claims that exceed a leave to amend stems from the Court's inherent authority." *Bravo*, 2012 WL 5549495, at *5 (citing cases).

### III. DISCUSSION

Defendant argues that the Complaint should be dismissed because it includes allegations that Named Plaintiff disavowed in his June 19, 2015, deposition testimony, and therefore, it exceeds the scope of the Court's leave to file an amended complaint. Specifically, Defendant argues that Named Plaintiff admitted the falsity of three allegations in the Complaint: (1) that Named Plaintiff worked "between seventy and eight hours per week, seven days a week"; (2) that Named Plaintiff worked on specific days and times from August 11, 2014, to August 17, 2014; and (3) that Named Plaintiff did not "exercise any independent authority . . . [or] direct the work of any other employees." Defendant's motion is denied as none of the Complaint's alleged falsities is so egregious or material as to justify dismissing the Complaint.

The Complaint alleges that Named Plaintiff worked as a Healthfirst Manager from January 25, 2012, to August 21, 2014, and that he worked "between seventy and eighty hours per week, seven days a week" in this role. Although -- as Named Plaintiff clarified in his deposition -- the Complaint exaggerates the number of overtime hours that Named Plaintiff actually worked, nothing in his deposition contradicts or materially changes the Complaint's central allegation that he regularly worked overtime hours and did not receive overtime pay. Named Plaintiff consistently testified that he "average[d] 50 to 60" hours per week. To the extent that Defendant implies that these statements constitute an admission that Named Plaintiff did not work any overtime hours, Defendant mischaracterizes Named Plaintiff's testimony.

5

Defendant's argument that the Complaint's allegations regarding Named Plaintiff's August 11, 2014, through August 17, 2014, work schedule are false (or that they lack a "good faith" basis) also fails.  Named Plaintiff testified that, although he could not remember his schedule for August 11, 2014, he remembered it at the time that he filed the initial complaint (almost a year earlier).  Named Plaintiff testified, "It's been seven or eight months, and I gave the hours that I put [in] the last month of Healthfirst.  But the hours I put there, they are correct, yes."  Defendant's motion omits entirely this portion of Named Plaintiff's testimony, which undercuts, if not directly controverts, Defendant's claim that Named Plaintiff "lacked a good faith basis" for this allegation.  Named Plaintiff believed the statement to be true at the time that he filed the initial complaint; Defendants suggest no reason to believe that subsequent discovery revealed this information to be unreliable or false.

Lastly, Named Plaintiff's testimony regarding the nature and scope of his role as a Healthfirst Manager is compatible with the Complaint's allegation that Named Plaintiff did not "exercise independent authority."  Named Plaintiff testified that he was responsible for supervising eight to seventeen Healthfirst employees; but he also repeatedly stated that his authority was circumscribed narrowly.  For example, Named Plaintiff testified that, when he conducted team meetings, he was given an agenda from upper management; and when he led training exercises, his "role was to bring the message to [his trainees] from the company" (*e.g.*, to play a video).  Named Plaintiff further stated that he prepared a monthly schedule for the FEs whom he managed, but that the schedule was subject to upper management's approval and was sometimes changed.  Named Plaintiff further explained that he needed permission from upper management to permit those whom he supervised to work overtime, and that his requests for such permission often were denied.  That Named Plaintiff confirmed that the job description on

6

his resume is accurate (and perhaps overstated) does not negate the allegations in the Complaint regarding his role as a Healthfirst Manager.

To the extent that the Complaint exceeds the scope of the Court's leave to amend by including the challenged allegations, the transgression is minor and the Court will not dismiss on this ground.  *Cf. Bravo*, 2013 WL 5549495, at *5 (dismissing newly asserted claims on behalf of a new class in an amended complaint where the amended complaint exceeded the scope of the court's order granting leave to amend); *Pagan v. N.Y. State Div. of Parole*, No. 98 Civ. 5840, 2002 WL 398862 (S.D.N.Y. Mar. 13, 2002) (dismissing newly asserted state law claims in amended complaint where the court granted leave to replead only plaintiff's § 1981 and NYSHRL causes of action).

## IV.   CONCLUSION

Defendant's motion to dismiss the Complaint is DENIED, and Defendant's motion for oral argument is DENIED as moot.  The Clerk of Court is directed to close the motion at Docket No. 320.

Dated: December 8, 2017
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**