## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "Agreement") is made and entered into by and among Kanwarpreet Thind ("Plaintiff") and HF Management Services, LLC ("Healthfirst").

**WHEREAS,** on December 3, 2014, Kanwarpreet Thind commenced an action in the United States District Court for the Southern District of New York against HF Management Services, LLC, Healthfirst PHSP, Inc. and Healthfirst Inc., on behalf of himself and all others similarly situated for violations of the federal Fair Labor Standards Act as well as the New York state Labor Law and "any other claim(s) that can be inferred from the facts set forth" therein, which action was assigned Case No. 1:14-cv-09539 (the "Action"); and

**WHEREAS,** on various dates between March 27, 2015 and October 19, 2015, Ada Wan Ying Cheung, Alex Bastidas, Andre Marescot, Blanca Vasquez-Cuzco, Carol Dammann, Edwin Jeffers, Ira Lucas, Iraida Besson, Jermaine Coles, Julia Puma, Kayode Lott, Rafael Batista, Stefanie Rodriguez and Bruce Lieberman filed consents to join the action against Healthfirst; and

**WHEREAS,** Healthfirst seeks to resolve the claims of opt-in Plaintiffs Ada Wan Ying Cheung, Alex Bastidas, Andre Marescot, Blanca Vasquez-Cuzco, Carol Dammann, Edwin Jeffers, Ira Lucas, Iraida Besson, Jermaine Coles, Julia Puma, Kayode Lott, Rafael Batista, Stefanie Rodriguez and Bruce Lieberman, and Plaintiff Thind (collectively, the "Plaintiffs")

**WHEREAS,** on April 11, 2018, the parties attended a settlement conference before Magistrate Judge Netburn who assisted the parties in reaching an amicable and equitable resolution of the Plaintiffs' claims; and

**WHEREAS,** Plaintiff and Healthfirst desire to memorialize the resolution of their settlement and to fully and finally resolve and settle in full all claims that Plaintiffs have, had, or

may have against Healthfirst, including, but not limited to, all claims and issues that were or could have been raised in the Action;

**NOW, THEREFORE,** Plaintiff and Healthfirst, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. Settlement Payment: In consideration for Plaintiff entering into this Agreement and in full and complete satisfaction of all of Plaintiff's actual and potential claims against Releasees (as defined below), Healthfirst shall pay Plaintiff the gross sum of $28,316.94 (hereinafter the "Settlement Payment"). Healthfirst shall cause the Settlement Payment to be received by Stevenson Marino LLP at 75 Maiden Lane, Suite 402, New York, NY 10038 within thirty (30) days after an order has been entered by the Court dismissing Plaintiff's claims with prejudice.

2. Distribution of Payment: The Settlement Payment shall ultimately be paid as follows:

   a. the gross amount of $3,495.73 payable to "Kanwarpreet Thind," less normal and ordinary payroll deductions required by law, for which Plaintiff will be issued an IRS Form w-2, representing payment for any and all alleged unpaid wages;

   b. the gross amount of $13,495.73 payable to "Kanwarpreet Thind," which represents payment for alleged liquidated damages, penalties, retaliation, and interest incurred by Plaintiff under the New York Labor Law and the FLSA, for which Plaintiff will be issued an IRS Form 1099-MISC in accordance with IRS regulations. Plaintiff agrees to pay all federal, state or local taxes that may become due as a result of this payment;

   c. the gross amount of $2,829.76 payable to "Borrelli & Associates, P.L.L.C." which represents payment for out-of-pocket expenses incurred in connection with the prosecution of this matter for which Borrelli & Associates, P.L.L.C. will be issued an IRS Form 1099-MISC in accordance with IRS regulations;

   d. The gross amount of $8,495.73 payable to "Stevenson Marino LLP", which represents Plaintiff's attorneys' fees incurred for the claims in this Action, for which an IRS Form 1099-MISC will be issued in accordance with IRS regulations to Stevenson Marino LLP.

 Plaintiff agrees and affirms that the payments described in this Paragraph shall constitute the entire consideration owed to Plaintiff, including payment for liquidated damages and attorneys' fees and costs, and that neither he/she nor his/her present or prior legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any claim released by this Agreement.

 3. <u>Voluntary Dismissal with Prejudice</u>: Plaintiff hereby authorizes and directs Stevenson Marino LLP, upon execution of this Agreement, to execute any and all documents necessary to effectuate the dismissal of the Action with prejudice. Plaintiff understands and agrees that Healthfirst will not pay any portion of the Settlement Payment unless and until all Plaintiffs execute a Settlement Agreement in a form substantially similar to this Agreement and the Court dismisses this Action with prejudice as to all Plaintiffs. If all Plaintiffs fail to execute their respective settlement agreement, then the Parties agree to seek permission to reopen the litigation and continue litigation. Consideration to Plaintiff only arises where valid, settlement checks are issued to Plaintiff and received by Plaintiff's counsel as described above. Additionally, the parties shall collectively file a joint motion for approval of the settlement and dismissal of the action with

prejudice. Defendant's counsel acknowledges that the consideration paid herein is the result of an arm's length negotiation and shall not, therefore, oppose the amount of such payments in the motion for approval or subsequent fee application.

    a.    <u>Release of All Claims</u>: Plaintiff, on behalf of himself or herself, and any person or entity allegedly acting by, for or through Plaintiff, and HF Management Services, LLC, Healthfirst PHSP, Inc. and Healthfirst Inc. (hereafter "Healthfirst") on behalf of themselves and any person or entity acting allegedly acting by, for or through Healthfirst, hereby release each other from any and all charges, causes of action, complaints, claims, judgments and liabilities, known or unknown, in law or in equity, that either at any time had, claimed to have, may have or claim to have, arising out of Plaintiff's employment or separation of employment with Healthfirst, including, but not limited to, claims for compensation and penalties under federal and state wage laws.

        i.    Plaintiff represents that, other than the Action, he/she currently does not have pending with any court, government agency or other tribunal, any action, complaint, charge, grievance or arbitration against Healthfirst that concern the claims raised in the Action or the claims released herein.

        ii.    Except as provided in subparagraph (d) below, Plaintiff waives any right to become, and promises not to voluntarily become, a member of any class in a case in which any claim or claims are asserted against Healthfirst involving any act or event encompassed by the release contained in this Agreement.

        iii.    This release does not affect or limit: (1) claims that may arise after the date Plaintiff signs this Agreement; or (2) Plaintiff's right to

enforce the terms of this Agreement.

4. <u>No Admission of Liability</u>: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Healthfirst under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff or any other person has asserted, could have asserted or may assert in connection with Plaintiff's, or any other person's, relationship with Healthfirst. Healthfirst has consistently denied, and continues to deny, each and every allegation of wrongdoing made by Plaintiff, and is entering into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

5. <u>Confidentiality</u>: To the extent allowed by applicable law and in recognition of the fact that this Agreement is a public record filed on the docket with the Court, the parties agree that no party shall voluntarily disclose any provision of this Agreement or its contents. The parties agree to keep confidential and not to disclose the terms of this Agreement and the sums and benefits paid as consideration thereof, to any person or organization including, but not limited to, a statement, written or oral, to any person seeking to bring legal action against Healthfirst, or any newspaper, magazine, radio, television station, website or other electronic media, except as required by law or specified herein. Nothing contained herein shall prevent disclosure for reasonable business and personal needs including situations involving public benefits, financial aid, bank loans, creditworthiness, tax preparation, and legal assistance.

6. <u>No Further Claims:</u> Plaintiffs and Healthfirst acknowledge that they have no further claims, damages, or losses against each other, and that any and all claims that they may have had against each other are resolved by this Agreement. Plaintiff warrants and represents that he/she has not assigned or transferred to any third party any right to recovery for any claim or potential claim that otherwise would be released pursuant to the terms of this Agreement.

5

7. <u>Applicable Law and Interpretation</u>: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York. In the event that Plaintiff or Healthfirst breaches any provision of this Agreement, they agree that the non-breaching party may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, Plaintiff and Healthfirst agree that the Court shall have the authority to modify, alter, or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Plaintiff and Healthfirst agree to execute a binding replacement release(s). Plaintiff and Healthfirst agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

8. <u>Complete Agreement</u>: This Agreement sets forth the entire agreement among the parties regarding the subject matter. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement. This Agreement may be executed in counterparts.

9. <u>Joint Participation in Preparation of Agreement</u>: Plaintiff and Healthfirst participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and revise this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the parties jointly prepared this

Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

10. <u>Neutral Reference</u>: If a reference from Healthfirst is required in order for Plaintiff to obtain new employment, Plaintiff should activate their account with The WorkNumber by calling 800-367-2884 and speaking with a customer service representative. Thereafter, Plaintiff shall direct all prospective employers to contact the WorkNumber through the website (www.theworknumber.com) or by telephone (800-367-5690) using employer code 18059.

11. <u>Competency to Waive Claims</u>: At the time of considering or executing this Agreement, Plaintiff acknowledges that s/he was not affected or impaired by illness, use of alcohol, drugs or other substances, or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waive any and all Claims.

12. <u>Voluntary Agreement</u>: Plaintiff agrees and affirms that:

    a. S/he has carefully read and fully understand all of the provisions of this Agreement;

    b. S/he has been given at least twenty-one (21) days within which to consider her/his rights and obligations under this Agreement, and that s/he has signed on the date indicated below after concluding that this Agreement is satisfactory to him/her;

    c. S/he was advised and is advised to consult with an attorney prior to executing this Agreement, has in fact consulted with Stevenson Marino LLP and has received answers to any questions s/he may have had;

    d. Other than payment of consideration, no promise or representation has been made by any of the Releasees or by anyone acting on their behalf to induce this Agreement, and s/he has not been forced or pressured in any way to sign this Agreement;

e. S/he is, through this Agreement, releasing all of the Releasees from any and all claims arising out of events occurring prior to the execution of this Agreement that s/he may have against any of the Releasees in exchange for the payments described herein; and

f. S/he knowingly and voluntarily agrees to all of the terms set forth in this Agreement and intends to be legally bound by them.

**WHEREFORE,** the undersigned subscribe to this Agreement, as of the date(s) set forth below opposite their respective signatures.

Dated: _____          HF MANAGEMENT SERVICES, LLC

                                                            By:_____

                                                            Its:_____

Dated: _July 5th, 2018_          _/s/ Kanwarpreet Thind_
                                                            Kanwarpreet Thind

    e.  S/he is, through this Agreement, releasing all of the Releasees from any and all claims arising out of events occurring prior to the execution of this Agreement that s/he may have against any of the Releasees in exchange for the payments described herein; and

    f.  S/he knowingly and voluntarily agrees to all of the terms set forth in this Agreement and intends to be legally bound by them.

**WHEREFORE,** the undersigned subscribe to this Agreement, as of the date(s) set forth below opposite their respective signatures.

Dated: _____    HF MANAGEMENT SERVICES, LLC

                  By: _____

                  Its: V.P. Deputy General Counsel

Dated: _____

                  Kanwarpreet Thind